Thomas W. Stilley, OSB No. 88316 (tom@sussmanshank.com)
Howard M. Levine, OSB No. 80073 (howard@sussmanshank.com)
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
    Of Attorneys for Debtor

Steven M. Hedberg, OSB No. 84244 (shedberg@perkinscoie.com)
Douglas R. Pahl, OSB No. 95047 (dpahl@perkinscoie.com)
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: (503) 727-2000
Facsimile: (503) 727-2222
    Of Attorneys for Committee of Parishioners

CLERK, U.S BANKRUPTCY COURT
DISTRICT OF OREGON

MAY 1 6 2005

LODGED_____ REC'D _____
PAID_____ DOCKETED_____

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON, and successors, a corporation sole, dba the ARCHDIOCESE OF PORTLAND IN OREGON<br><br>        Debtor. | NO. 04-37154-elp11 |
| TORT CLAIMANTS COMMITTEE,<br><br>        Plaintiff,<br><br>v.<br><br>ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON, and successors, a corporation sole, dba the ARCHDIOCESE OF PORTLAND IN OREGON,<br><br>        Defendant. | Adversary Proceeding No. 04-3292-elp<br><br>**PROPOSED CLASS STRUCTURE**<br>**(Debtor and Committee of Parishioners)** |

PAGE    1-  PROPOSED CLASS STRUCTURE (Debtor and Committee of Parishioners)

[54319-0001/PA051330.054]

The Roman Catholic Archbishop of Portland in Oregon, and successors, a corporation sole (the "Debtor") and the Committee of Catholic Parishes, Parishioners and Interested Parties in the Archdiocese of Portland in Oregon (the "Committee of Parishioners"), intervenor in the above-captioned adversary proceeding (the "Adversary Proceeding"), pursuant to the Court's April 20, 2005 request, hereby jointly submit the proposed class structure for organization and representation of parishes and parishioners set forth below:

1.    Class:  The Amended Complaint would name one class consisting of two subclasses pursuant to Bankruptcy Rule 7023(b)(1) and/or (b)(2).  The first subclass would include collectively each of the 124 parishes in the territory of the Archdiocese.  The second subclass would include collectively all present and future Catholic parishioners in the territory of the Archdiocese.

2.    Class Representatives:  The class representatives for the parishioner subclass would be the following individuals who are parishioners in the Archdiocese and are members of the Steering Committee of the Committee of Parishioners: ____, _____, _____ (the "Parishioner Class Representatives").  The class representatives for the parish subclass would be the following parishes (as represented by their respective pastor): _____ (as represented by _____), _____ (as represented by _____) and _____ (as represented by _____) (the "Parish Class Representatives").  The Parishioner Class Representatives and the Parish Class Representatives are collectively referred to as the "Class Representatives".

3.    Counsel:  Perkins Coie LLP would serve as counsel to both subclasses, whose interests are not in conflict.

4.    Representation:  The organizational structure of the Committee of Parishioners, including the Amended and Restated Formation Agreement (the "Formation Agreement"), would remain in place.  The Class Representatives would be authorized to represent the interests of all class members in relation to matters at issue in the Adversary Proceeding.  The Class Representatives would not represent class members in relation to claims, if any, that may be

PAGE    2-   PROPOSED CLASS STRUCTURE (Debtor and Committee of Parishioners)

[54319-0001/PA051330.054]

made by or against them individually (e.g., specific claims against parishes by tort claimants). Litigation could either proceed to judgment (and possible appeal) or the Court could approve a settlement. The Court would only approve a settlement in the Adversary Proceeding following such notice and opportunity to be heard as required by the Bankruptcy Code under which any affected party would have the opportunity to object.

5.    Expenses: The expenses of the Class Representatives, including costs and fees related to the retention of professionals, shall be entitled to administrative expense priority pursuant to 11 U.S.C. § 503. The Committee of Parishioners shall continue to ask that each parish participate in funding the costs of litigation by contributing a monthly amount equal to no less than the product of $50,000 and each parish's percentage of the total value of all parishes' Archdiocesan offertory for the 2002-2003 year. Any sums not paid on a monthly basis by the parishes as described above shall be the responsibility of the Debtor and paid in the same manner as other professionals in this bankruptcy case. Professionals retained by the Class Representatives shall file fee applications in the same manner as other professionals employed in the bankruptcy case.

6.    Limitation of Liability: The order establishing the above-referenced classes and naming the Class Representatives would specifically provide that each Class Representative and the Class Representatives as a group would be acting solely in their capacities as Class Representatives and would have no liability for any actions taken by them arising out of or relating to their service as Class Representatives unless any action or inaction would rise to the level of intentional misconduct or constitute gross negligence. The order establishing the above-referenced classes and the Class Representatives would specifically provide that each Class Representative and the Class Representatives as a group would be acting solely in their capacities as Class Representatives and would have no liability or obligation to fund expenses, legal or otherwise, arising out of or relating to the class representation. While the Class Representatives acknowledge that their ultimate liability may be limited as set forth above,

PAGE    3-  PROPOSED CLASS STRUCTURE (Debtor and Committee of Parishioners)

[54319-0001/PA051330.054]

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

nonetheless the costs associated with possible litigation arising out of their service as class representatives would likely impose a significant financial burden on any individual Class Representative. The Class Representatives may, in conjunction with their appointment, seek authority from the Court to purchase appropriate indemnity insurance, the premiums for which would be allowed class representative expenses.

Absent the foregoing, counsel for the Committee of Parishioners and the Steering Committee for the Committee of Parishioners have been unable to identify any party willing or able to act as a Class Representative.

7.    Rule 7023 is satisfied: Under Rule 7023(a), a class "may sue or be sued" if four threshold requirements are satisfied: (1) *numerosity* – the class must be so numerous that joinder of all members is impracticable; (2) *commonality* – there must be questions of law or fact common to the class; (3) *typicality* – the claims or defenses of the representative parties must be typical of the claims or defenses of the class; and (4) *adequacy of representation* – the representative parties must fairly and adequately protect the interests of the class.

In this proceeding, numerosity is satisfied for both the parish subclass as well as the parishioner subclass. The requirement of numerosity is easily met in the subclass of more than 300,000 parishioners in western Oregon. Numerosity is also satisfied for the subclass of 124 parishes. *See, e.g., Cox v. American Cast Iron Pipe Co.,* 784 F.2d 1546, 1553 (11th Cir. 1986), *cert. denied,* 479 U.S. 883 (1986) (generally fewer than 21 is inadequate and more than 40 is adequate for numerosity); *Tietz v. Bowen,* 695 F.Supp. 441, 445 (N.D. Cal. 1987) (numerosity satisfied with class of 27).

The commonality requirement is met for both subclasses. This proceeding involves similar questions of law or fact for members of the parish and parishioner subclasses. *See, e.g., Baby Neal ex rel. Kanter v. Casey,* 43 F.3d 48, 56 (3rd Cir. 1994) (individualized circumstances of child members of class did not defeat commonality); *Patrykus v. Gomilla,* 121 F.R.D. 357, 361 (N.D. Ill. 1988 (difference in treatment or damages do not defeat commonality).

PAGE    4-  PROPOSED CLASS STRUCTURE (Debtor and Committee of Parishioners)

[54319-0001/PA051330.054]

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

Although the following in no way constitutes an admission, one issue of potential divergence that has been identified involves parishes at which instances of abuse were alleged to have occurred ("Claim Parishes"), as compared with parishes at which no instances of abuse have been alleged ("No-Claim Parishes"). If parish properties are determined not to be property of the estate, it may be argued that the property of Claim Parishes is at increased risk in subsequent litigation that may be advanced by tort claimants. The Committee of Parishioners believes it needs to disclose this issue and takes no position on its merits. The Archdiocese believes that there is little or no risk of increased exposure to the No-Claim parishes under these circumstances. This issue of the potential of increased liability to the No-Claim parishes has been an issue addressed by the members of the Committee of Parishioners, which contains both Claim Parishes and No-Claim Parishes and associated parishioners. Despite this potential divergence, the members of the Committee of Parishioners have been unanimous in their view that parish properties are not property of the bankruptcy estate. Further, each parish member of the Committee of Parishioners has executed a formal conflict waiver in anticipation of this issue. The commonality requirement, therefore, is met despite this hypothetical strategic difference.

Finally, typicality and adequacy of representation are met for each subclass through the Class Representatives. The Committee has demonstrated its ability to organize its parish and parishioner members and advocate on their behalf before the Court. The present Committee structure will facilitate the continuation of that representation on terms that are likely acceptable to the members of both subclasses, including both existing members as well as those who have thus far elected not to participate. It is not subject to serious dispute that the members of the Steering Committee of the Committee of Parishioners – both parishes and parishioners – possess claims and defenses that are typical of the proposed class members. Nor should it be disputed that the Class Representatives, acting pursuant to the structure of the Committee of Parishioners will, if given access to appropriate financial resources, fairly and adequately represent the interests of the subclass members.

PAGE    5-  PROPOSED CLASS STRUCTURE (Debtor and Committee of Parishioners)

[54319-0001/PA051330.054]

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

8.  Notice: Pursuant to Bankr. R. 7023(c)(2)(a), "the court may direct appropriate notice to the class." Notice of the creation of the proposed class and its structure would be provided to: (1) all parishes by direct notice to all parish pastors, and (2) to all Catholic parishioners in the territory of the Archdiocese through postings at parishes and schools in the Archdiocese and the inclusion of notices in parish and school bulletins, and such other notices as the Court may require. The Committee of Parishioners would use reasonable efforts to meet with each parish and members of the parish community through their Administrative or Pastoral Councils to discuss the proposed class and structure and other issues related to the Adversary Proceeding. The notice would include at least the following information: (1) A description of the Adversary Proceeding, and matters at issue in the Adversary Proceeding; (2) the procedural posture of the Adversary Proceeding in the bankruptcy case; (3) possible outcomes of the Adversary Proceeding; (4) a description of the classes and class members; (5) a description of the proposed Class Representatives, their backgrounds and additional information reasonably necessary to demonstrate that they are capable of representing the interests of the class; and (6) a detailed description of the potential divergence between Claim Parishes and No-Claim Parishes discussed above. The notice should instruct putative class members that, unless objections are filed, following court approval, class members will be found to have consented to and delegated to this Court and the Class Representatives the resolution of any existing or future conflicts of interest regarding the structure proposed in the notice.

9.  Modifications to Class Structure: Bankruptcy Rule 7023 provides the Court with substantial flexibility in determining how best to organize the parties and issues presented in a class context. Under Bankr. R. 7023(c)(4), once a court approves an initial class structure, it retains the authority to modify the structure as changes become appropriate. Pursuant to Bankr. R. 7023(c)(4), the Court retains the authority to make further divisions to the class structure proposed above: "When appropriate . . . a class may be divided into subclasses and each subclass

PAGE  6-  PROPOSED CLASS STRUCTURE (Debtor and Committee of Parishioners)

[54319-0001/PA051330.054]

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

treated as a class. . . ." The evolution of the legal or factual issues in a case may dictate that a

///

///

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

class should be divided into one or more subclasses. After the initial structure is established, it may be useful for the Court to exercise such authority in this proceeding.

DATED: May 16, 2005.

**SUSSMAN SHANK** LLP

By _____
Thomas W. Stilley, OSB No. 88316
Howard M. Levine, OSB No. 80073

Of Attorneys for the Debtor

**PERKINS COIE** LLP

By _____
Steven M. Hedberg, OSB No. 84244
Douglas R. Pahl, OSB No. 95047

Of Attorneys for Committee of Parishioners

PAGE    8- PROPOSED CLASS STRUCTURE (Debtor and Committee of Parishioners)

[54319-0001/PA051330.054]

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222