CLERK U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

NOV 1 5 2004

LODGED_____REC'D____
PAID_____DOCKETED____
AFTER 4:30 P.M.

1   Thomas W. Stilley, OSB No. 88316
    William N. Stiles, OSB No. 65123
2   Susan S. Ford, OSB No. 84220
    SUSSMAN SHANK LLP
3   1000 SW Broadway, Suite 1400
    Portland, OR 97205-3089
4   Telephone: (503) 227-1111
    Facsimile: (503) 248-0130
5   E-Mail:     tom@sussmanshank.com
                bills@sussmanshank.com
6               susanf@sussmanshank.com

7          Attorneys for Debtor and Debtor-In-Possession

8            IN THE UNITED STATES BANKRUPTCY COURT

9                     DISTRICT OF OREGON

10  In re:                          )   Case No. 04-37154-elp11
                                    )
11  **ROMAN CATHOLIC ARCHBISHOP OF**    )   DEBTOR'S AMENDED MOTION FOR
    **PORTLAND IN OREGON, AND**         )   AN ORDER (1) FIXING A BAR DATE
12  **SUCCESSORS, A CORPORATION**       )   FOR FILING PROOFS OF CLAIM, AND
    **SOLE**, dba the **ARCHDIOCESE OF**    )   (2) APPROVING A PROOF OF CLAIM
13  **PORTLAND IN OREGON,**             )   FORM, BAR DATE NOTICES, ACTUAL
                                    )   NOTICE PROCEDURE, AND MAILING
14                  Debtor.          )   AND MEDIA NOTICE PROGRAM
                                    )
15                                  )
                                    )
16  _____ )

17         Pursuant to FRBP 3003 (c)(3), Roman Catholic Archbishop of Portland in

18  Oregon, and successors, a corporation sole, dba the Archdiocese of Portland in

19  Oregon, the debtor and debtor-in-possession ("**Debtor**"), moves the Court for an order

20  (1) fixing a bar date for filing proofs of claim, and (2) approving a proof of claim form, bar

22  date notices, actual notice procedures, and mailing and media notice program (the

23  "**Motion**"). This Motion is supported by the Declarations of Kevin B. McGovern, Ph.D

24  (the "**McGovern Declaration**"), Paulette Furness (the "**Furness Declaration**"), Jennifer

25  **Page 1 of 21** - DEBTOR'S AMENDED MOTION FOR AN ORDER (1) FIXING A BAR
26  DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING A PROOF OF
    CLAIM FORM, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
    MAILING AND MEDIA NOTICE PROGRAM

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

Case 04-37154-tmb11   Doc 603   Filed 11/15/04

Mercer (the "***Mercer Declaration***"), M.P. Bud Bunce (the "***Bunce Declaration***") filed herewith.

## I.    Jurisdiction

1.     This Court has jurisdiction to consider this matter pursuant to 28 USC §§ 157 and 1334. This is a core proceeding pursuant to 28 USC § 157(b). Venue is proper before this Court pursuant to 28 USC §§ 1408 and 1409.

## II.   Background

2.     On July 6, 2004 (the "***Petition Date***") Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Pursuant to §§ 1107 and 1108[1] the Debtor continues to operate and manage its property as a debtor-in-possession. No trustee or examiner has been requested or appointed in this case.

## III.  Overview

3.     There were approximately 60 tort claims pending against the Debtor on the Petition Date which were in various stages of litigation and discovery. Certain cases had been scheduled for trial; in others, no discovery had yet been accomplished. In addition, attorneys for certain of the existing claimants have advised the Debtor they have other clients who have not yet asserted claims. The Debtor has reviewed and is continuing to review its records to determine whether there may be other persons who have made allegations of sexual misconduct which might result in a claim, but have never asserted a claim based on such conduct. In addition, the Debtor anticipates there may be potential claimants that no one currently involved in this Chapter 11 proceeding is aware of. Furness Declaration, ¶ 6.

---

[1] All section references are to Title 11 of the United States Code (the "Bankruptcy Code") unless noted otherwise.

**Page 2 of 21** - DEBTOR'S AMENDED MOTION FOR AN ORDER (1) FIXING A BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING A PROOF OF CLAIM FORM, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND MAILING AND MEDIA NOTICE PROGRAM

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

1    4.    Because the issue of the Debtor's liability for tort claims dominates this
2    Chapter 11 case, it is critical to define the scope and extent of such liability as the
3    predicate for the formulation and negotiation of a plan of reorganization.    For this
4    reason, the Debtor now seeks to begin the process of defining the scope of its liability
5    for such claims.  The logical first step in that process is to set a bar date for all claims,
6    including tort claims, and to obtain through a special proof of claim form the information
7    needed to begin to undertake the legal and factual analysis of liability for the tort claims.

8    5.    To understand some of the key issues that the Debtor expects to arise in
9    the course of such analysis, the Debtor briefly describes, in Section IV of this Motion,
10   the history of its involvement with the prepetition litigation involving the tort claims.

11   6.    In Section V of this Motion, the Debtor discusses what constitutes a claim
12   under the Bankruptcy Code and requests that the Court set a deadline for holders of all
13   claims, including claims resulting from childhood sexual misconduct, to file such claims
14   against the Debtor.  This recognizes the broad definition of "claim" under § 101(5) of the
15   Bankruptcy Code.  Additionally, the Debtor requests that the Court set a special claims
16   bar date that will be approximately 90 days after the first media publication of the notice
17   of such bar date, a time frame designed to allow more than adequate time for potential
18   claimants and their attorneys to be notified of such deadline and then to complete and
19   return their claim forms.

20   7.    Section VI of this Motion addresses the proposed proof of claim form that
21   the Debtor is requesting the Court to direct be used by holders of all claims.    It
22   discusses the development of the proposed form by the Debtor and its professionals
23   and the purpose for requesting claimants to supply various items of information.

24

25

26   **Page 3 of 21** - DEBTOR'S AMENDED MOTION FOR AN ORDER (1) FIXING A BAR
     DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING A PROOF OF
     CLAIM FORM, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
     MAILING AND MEDIA NOTICE PROGRAM

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

Case 04-37154-tmb11    Doc 603    Filed 11/15/04

1        8.     Section VII of this Motion describes the consequences of failing to file a

2    timely proof of claim and requests that the Court order that any holder of a claim who

3    fails to timely file a claim in accordance with the procedures set forth in the Motion

4    (except for minors and those persons with "repressed memory" who have no knowledge

5    of the wrongful conduct resulting in their claim)[2] shall not be treated as a creditor with

6    respect to such claim for the purposes of voting and distribution, and such claims will be

7    subject to discharge upon confirmation of a plan. Given the easily determinable scope

8    of what constitutes a tort claim, based on the definition utilized by the Debtor herein, the

9    Debtor believes that such request is consistent with the treatment routinely accorded

10   holders of other types of claims in Chapter 11 cases.

11        9.     Section VIII of this motion describes the Debtor's proposal for appointment

12   of Future Claimants Representative to represent the interest of the "repressed memory"

13   creditors and those persons who are currently minors who have not disclosed to a

14   parent or guardian that they have been subjected to acts of sexual misconduct.

15       10.    Finally, in Section IX of this Motion, the Debtor discusses the extensive

16   mailing and publication procedures the Debtor proposes to use to provide notice of the

17   claims bar date to actual and potential claimants. As more fully described in such

18   section, because the Debtor does not have, and does not have access to, the

19   addresses of all claimants in pending and certain settled litigation matters, and those

20   potential claimants who are represented by counsel but whose counsel have not yet

21   asserted claims on behalf of such clients, the Debtor has developed a process to

22   provide actual notice to the attorneys for such claimants, with safeguards built in to send

23   information about the claims bar date to the claimants if such attorneys request or if

24

25   [2] Debtor reserves the right to challenge the validity of the "repressed memory" theory in a later "Daubert" type
proceeding.

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

1    they advise the Debtor that they do not, or no longer, represent such claimants. The
2    Debtor has developed a mailing and media notice program to provide notice of the
3    claims bar date to unknown, potential claimants.

4        11.    As more fully discussed in the following sections of this Motion, the Debtor
5    believes that it has developed a fair and reasonable process that will enable it to obtain
6    the information necessary to determine in a rational fashion the real scope of its liability
7    for the tort claims.  Indeed, the Debtor has taken great pains to develop a balanced
8    process that recognizes the critical nature of the information requested to permit the
9    orderly administration of the Chapter 11 case and, at the same time, does not impose
10   any undue or unreasonable burden upon the holders of tort claims or their attorneys.

11       12.    On November 11, 2004 at a media presentation called for by the Tort
12   Claimants Committee, Debtor first learned of the "Victim Outreach Plan" that the
13   Committee contends will be required to meet due process requirements.  To date, the
14   Committee has proposed only this media strategy; it has not proposed a bar date, a
15   claim form, a publication notice, or any other forms or procedures.  Furness Declaration,
16   ¶ 14.   The Debtor believes that the "Victim Outreach Plan" proposed by the Tort
17   Claimants Committee is unreasonable and unnecessary.  As explained in the Debtor's
18   memorandum accompanying this motion, it is based on a misinterpretation of
19   bankruptcy law concerning claims bar requirements.

20       13.    The "Victim Outreach Plan" also fails to recognize the substantial efforts
21   made by the Debtor to reach out to victims of child abuse by its personnel. The safety of
22   children entrusted to its care has long been an important priority for the Archdiocese of
23   Portland. The Archdiocese has taken significant measures in preventing, reporting, and

24

25

26   **Page 5 of 21** - DEBTOR'S AMENDED MOTION FOR AN ORDER (1) FIXING A BAR
     DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING A PROOF OF
     CLAIM FORM, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
     MAILING AND MEDIA NOTICE PROGRAM

Case 04-37154-tmb11    Doc 603    Filed 11/15/04

1 responding to concerns of child abuse and to victims of abuse by its personnel. These
2 measures are set forth in detail in the Furness Declaration.

3 **IV.    History of Prepetition Litigation**

4 14.    Since December 1999, the Debtor has been involved in litigation and
5 claims brought by more than 200 persons alleging sexual misconduct, said to have
6 occurred between 1940 and 1986, by clergy and others claimed to be agents of the
7 Debtor. The Debtor has contributed substantially to settlement of these claims. Since
8 February 2001, various insurers have refused to honor their contractual obligations to
9 Debtor; insurance has paid only a portion of the costs. Furness Declaration, ¶ 4.

10 15.    In July 2004, there were approximately 60 claims still pending against the
11 Debtor. Two cases were scheduled for trial beginning July 6, 2004.  The Debtor hoped
12 to settle these claims prior to trial as it had done in so many other cases.  It became
13 clear to the Debtor that these claims could not be settled for amounts it considered
14 reasonable, given the other claims pending.   The Debtor considered filing for
15 Chapter 11 protection in bankruptcy as the fairest and most equitable way to ensure
16 reasonable compensation for all claimants and the continuation of its religious mission
17 and ministries.

18 16.    One of the principal reasons for seeking relief under Chapter 11 was to
19 enable the Debtor to use the Chapter 11 process to address in a comprehensive
20 manner all tort claims asserted against it in one forum, determine the extent of the
21 Debtor's liability with respect thereto, and address such claims and all other claims
22 against the Debtor in a fair and equitable manner. Furness Declaration, ¶ 7.  The
23 Debtor now seeks to begin this process by (i) establishing a deadline for holders of
24 claims (as hereinafter defined) to file proof of such claims against the Debtor, (ii) setting

25
26

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

Case 04-37154-tmb11    Doc 603    Filed 11/15/04

1 forth the information required to be furnished by such claimants, and (iii) implementing a
2 comprehensive notification program designed to ensure that notice of such deadline
3 reaches the appropriate persons.

4 **V.    The Bar Date**

5        17.    On July 30, 2004, the Debtor filed with the Court its Schedules of Assets
6 and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and
7 Statements of Financial Affairs, (collectively, together with any amendments thereto,
8 the "***Schedules***").  On October 12, 2004, the Debtor amended its Schedules to list
9 additional creditors and other persons who might have a claim against the Debtor.  The
10 Debtor has also undertaken an investigation of its records to determine if there are
11 others who have not asserted claims against the Debtor but have made allegations of
12 conduct which could potentially result in such persons asserting a claim against the
13 Debtor.

14        18.    Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure
15 ("***Bankruptcy Rules***") provides that the Court shall fix the time within which proofs of
16 claim must be filed in a Chapter 11 case pursuant to § 501 of the Bankruptcy Code.
17 Moreover, Bankruptcy Rule 3003(c)(2) provides that a creditor whose claim is not
18 scheduled or whose claim is scheduled as disputed, contingent, or unliquidated must
19 file a proof of claim.  Except for those claims that were settled prior to the Petition Date,
20 the Debtor has scheduled all known Tort Claims as disputed, contingent, and
21 unliquidated.

22        19.    By this Motion, the Debtor requests, *inter alia*, that the Court establish
23 April 29, 2005, at 5:00 p.m., Prevailing Pacific Time, as the last date and time (the
24 "***Claims Bar Date***") by which proofs of claim against the Debtor must be filed by the

25
26 **Page 7 of 21** - DEBTOR'S AMENDED MOTION FOR AN ORDER (1) FIXING A BAR
DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING A PROOF OF
CLAIM FORM, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
MAILING AND MEDIA NOTICE PROGRAM

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

Case 04-37154-tmb11    Doc 603    Filed 11/15/04

1 holders thereof. The term **"Claim"** as used herein incorporates the definition of a claim
2 under the Bankruptcy Code as:

3 (a) right to payment, whether or not such right is reduced to judgment,
4 liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed,
5 legal, equitable, secured, or unsecured; or

6 (b) right to an equitable remedy for breach of performance if such
7 breach gives rise to a right to payment, whether or not such right to an equitable remedy
8 is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed,
9 secured, or unsecured.

10 Included within this definition are **"Tort Claims"** which the Debtor has defined for
11 purposes of this Motion to mean any claim, demand, suit, cause of action, proceeding,
12 or any other rights or asserted right to payment against the Debtor, based upon or in
13 any manner arising from or related to any tortious act or acts, including, but not limited
14 to, personal injury, wrongful death, assault, battery, negligence, intentional infliction of
15 emotional distress, defamation, conversion, child abuse as defined in
16 ORS 419B.005(1)(a)), or any sexual misconduct with a person which is alleged to be
17 inappropriate or nonconsensual, including, without limitation, any of the offenses
18 defined in ORS Chapter 163 (all such tortious acts being collectively referred to as
19 "**Tortious Misconduct**"), including, without limitation, (a) the processing, adjustment,
20 defense, settlement, payment, negotiation, or handling of any claims, demands, suits,
21 proceedings or causes of action based upon or relating in any way to such act or acts of
22 Tortious Misconduct; (b) the failure to warn, disclose, or provide information concerning
23 the risk that any person or persons might, or have the propensity to, engage in Tortious
24 Misconduct; (c) the failure to take remedial action with respect to alleged, suspected, or

25
26 **Page 8 of 21** - DEBTOR'S AMENDED MOTION FOR AN ORDER (1) FIXING A BAR
DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING A PROOF OF
CLAIM FORM, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
MAILING AND MEDIA NOTICE PROGRAM

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

Case 04-37154-tmb11    Doc 603    Filed 11/15/04

1 known Tortious Misconduct; and (d) the actions or inactions of any person or entity
2 involving Tortious Misconduct, including, without limitation; (i) claims for negligence,
3 wrongful death, or personal injuries, including emotional distress; (ii) claims for vicarious
4 liability; (iii) claims for damages, including but not limited to, punitive or exemplary
5 damages; (iv) claims for attorneys' fees and other expenses, fees or costs; (v) claims for
6 any possible economic loss or loss of consortium; (vi) claims for damage to reputation;
7 (vii) claims for any legal or equitable remedy; and (viii) claims of any person or entity
8 against whom any Claim, demand, proceeding, suit or cause of action based upon or in
9 any manner arising from or relating to any of the matters enumerated or described
10 above has been, is, or may be asserted. The Debtor believes this definition is broad
11 enough to encompass any claims that have been or could be asserted by any person or
12 entity against the Debtor arising out of, or related to, any acts of Tortious Misconduct by
13 any priest, representative, agent, volunteer, or employee of the Debtor which occurred
14 prior to the Petition Date.

15      20. Fixing of the proposed Claims Bar Date will enable the Debtor to begin to
16 analyze its liability with respect to all Claims in an appropriate, timely, and efficient
17 manner. Based upon the procedures set forth below, the proposed Claims Bar Date will
18 give holders of all Claims, including Tort Claims, ample opportunity to file proofs of
19 claim, and no one will be prejudiced by the setting of such date.

20      21. Pursuant to the proposed order annexed hereto as Exhibit 1 (the "***Claims***
21 ***Bar Date Order***"), the Debtor requests that each holder of a Claim be required to file its
22 Claim by either (i) delivering in person, by courier service or by first-class mail, an
23 original written proof of such Claim which shall be in the form of the Proof of Claim Form

24

25
26 **Page 9 of 21** - DEBTOR'S AMENDED MOTION FOR AN ORDER (1) FIXING A BAR
DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING A PROOF OF
CLAIM FORM, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
MAILING AND MEDIA NOTICE PROGRAM

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

Case 04-37154-tmb11   Doc 603   Filed 11/15/04

1   (as defined below) so as to be received on or before the Claims Bar Date by Bankruptcy
2   Management Corporation (the "*Debtor's Claims Agent*").

3       22.    The Debtor respectfully requests that the Court, in the proposed Claims
4   Bar Date Order, provide that the Debtor's Claims Agent *not* be required to accept proofs
5   of claim sent by facsimile or telecopy transmission and that proofs of claim are deemed
6   timely filed only if such claims are *actually received* by the Debtor's Claims Agent in
7   person, by courier service, or by first-class mail on or before the Claims Bar Date.

8       23.    Pursuant to the proposed Claims Bar Date Order, *only* persons whose
9   Claims have been paid in full are not required to file a proof of claim on or before the
10  Claims Bar Date.  Any person who settled a Claim against the Debtor before the
11  Petition Date, but has not yet been paid or fully paid on account of such claim, must still
12  file a proof of claim on account of his or her Claim.

13  **VI.    Proof of Claim Form**

14      24.    This Court commented that the Proof of Claim Form previously submitted
15  by the Debtor was too detailed.  Accordingly, the Debtor has revised this form.  The
16  proposed amended Proof of Claim Form submitted by the Debtor is intended to elicit
17  only the specific information the Debtor and its insurers need to begin the analysis of
18  the Debtor's potential liability for Tort Claims, and ultimately to resolve issues in this
19  case that are key to the reorganization plan process and the Debtor's successful
20  emergence from Chapter 11. Furness Declaration, ¶ 8.  The proposed proof of Proof of
21  Claim Form also includes those questions and information provided in the Official Proof
22  of Claim Form 10 which is regularly filed in Chapter 11 by general commercial creditors.
23  A copy of the proposed Proof of Claim Form is annexed hereto as Exhibit 2 (the "*Proof
24  of Claim Form*").

25
26  **Page 10 of 21** - DEBTOR'S AMENDED MOTION FOR AN ORDER (1) FIXING A
    BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING A PROOF OF
    CLAIM FORM, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
    MAILING AND MEDIA NOTICE PROGRAM

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

Case 04-37154-tmb11    Doc 603    Filed 11/15/04

1    25.    The Proof of Claim Form requests the following types of basic information:

2    (i) identifying information to enable the Debtor and others to locate the claimant;

3    (ii) information about the persons involved, the timing, and the nature of the claim; and

4    (iii) information about professionals and others the claimant consulted with about the

5    injury and the Claim. In combination, this information will provide a basis for addressing

6    some of the key issues that will ultimately put a fair value on the Debtor's liability for Tort

7    Claims. Furness Declaration, ¶8.

8    26.    The Debtor requests that the Court approve the proposed Proof of Claim

9    Form and direct that it be utilized in connection with the filing of all Claims. The Debtor

10    further requests that the Court order as follows:

11    • The failure of any holder of a Tort Claim to use the Proof of Claim Form shall
         result in the Claim of such claimant being deemed invalid as improperly filed

12       and of no force and effect, pursuant to Bankruptcy Rule 3003(c).

13    • If any Tort Claim that is filed on or before the Claims Bar Date is deemed
         invalid as improperly filed because it was not filed on the Proof of Claim Form,

14       then the holder of such Claim shall be entitled to cure such omission by filing,
         within the period of the later of (i) ten (10) business days from receipt of

15       notice by the Debtor that such Claim has been deemed an improperly filed
         Claim and (ii) the Claims Bar Date, a claim on the Proof of Claim Form.

16

17    • Any Tort Claim that is filed on the Proof of Claim Form but fails to provide the
         information requested therein is subject to disallowance upon further order of

18       the Court if such information is not provided within a period of the later of
         (i) ten (10) business days after receipt of notice by the Debtor that the

19       required information is missing and (ii) the Claims Bar Date.

20    27.    Notably, in developing the Proof of Claim Form, the Debtor was mindful of

21    the need for balance between a debtor's desire to know all the facts underlying a

22    potential claim and the claimant's interest in providing Debtor the minimum amount of

23    information necessary to support his or her claim. As a result, the Debtor tried to limit

24    the information requested in the Proof of Claim Form to the minimum of what the Debtor

25    **Page 11 of 21** - DEBTOR'S AMENDED MOTION FOR AN ORDER (1) FIXING A

26    BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING A PROOF OF
      CLAIM FORM, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
      MAILING AND MEDIA NOTICE PROGRAM

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

Case 04-37154-tmb11    Doc 603    Filed 11/15/04

1    initially needed from a claimant asserting a claim against the Debtor in this case.

2    Furness Declaration, ¶ 9.

3         28.    The Debtor respectfully submits that use of the Proof of Claim Form is

4    necessary and appropriate in this case. It is well recognized that proof of claim forms

5    that deviate from Official Proof of Claim Form 10 may be used when special

6    circumstances exist. *See In re I.G. Services Ltd.*, 244 BR 377, 384 (Bankr WD Tex

7    2000) (citing *In re A.H. Robins*, 862 F2d 1092 (4th Cir 1988)). While Bankruptcy

8    Rule 3001(a) provides that "[a] proof of claim shall conform substantially to the

9    appropriate Official Form," Bankruptcy Rule 9009 authorizes appropriate and

10    necessary alterations in the Official Forms:

11

12        The Official Forms prescribed by the Judicial Conference of the United
States shall be observed and used *with alterations as may be appropriate.*
13        *Forms may be combined and their contents rearranged to permit
economies in their use.* The Director of the Administrative Office of the
14        United States Courts may issue additional forms for use under the Code.
The forms shall be construed to be consistent with these rules and the
15        Code.

16    (Emphasis added).

17         29.    Special circumstances clearly exist here – the information being requested

18    is critical to any reasonable assertion of a sexual misconduct claim against the Debtor,

19    and this issue is the lynchpin of the Debtor's Chapter 11 case. The proposed form

20    provides a rational, uniform, and expeditious means to obtain the basic information that

21    any claimant should provide in order to justify a claim and participate in this case.

22    Indeed, the Debtor would expect that the requested information would be readily

23    available because it is an integral prerequisite to any legitimate claim that could be

24    asserted against the Debtor.

25

26    **Page 12 of 21** - DEBTOR'S AMENDED MOTION FOR AN ORDER (1) FIXING A
BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING A PROOF OF
CLAIM FORM, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
MAILING AND MEDIA NOTICE PROGRAM

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

Case 04-37154-tmb11    Doc 603    Filed 11/15/04

1    30.    Moreover, in both *In re LTV Steel Company Inc.*, Case No. 86-B-11273
2    (BRL) (Bankr SDNY), and *A.H. Robins*, bankruptcy courts have recognized that
3    substantial alteration to Official Proof of Claim Form 10 may be necessary when dealing
4    with tort claims. Indeed, in *LTV*, the court approved the use of a detailed questionnaire,
5    characterizing the inquiries as seeking "appropriate information so that [the claims] meet
6    the minimum requirements of Sections 501 and 502 of the Bankruptcy Code and
7    Article 3 of the Bankruptcy Rules." *LTV*, Case No. 86-B-11273 (Bankr SDNY May 2,
8    1989). In *A.H. Robins*, the Fourth Circuit held that a detailed questionnaire requesting
9    information relating to the claimant's I.U.D. claims was an indispensable part of the
10   claims process, and not simply part of the discovery process. *A.H. Robins*, 862 F2d
11   1096. The Proof of Claim Form proposed here asks the claimant to answer only a few
12   basic questions regarding the timing, participants, location, and nature of the claim.
13   Accordingly, the Debtor respectfully requests that the Court approve the Debtor's
14   proposed Proof of Claim Form.

15   31.    The Debtor proposes that the Proof of Claim Form be filed with the
16   Debtor's Claims Agent, Bankruptcy Management Corporation ("BMC"), and that the
17   name of all claimants filing a claim for childhood sexual misconduct be kept confidential.
18   The Debtor's Claims Agent will work with the clerks office to develop a procedure for
19   keeping such proof of claim confidential, and absent a court order, only the Debtor, the
20   Debtor's insurers, the claimant, and the claimant's attorney will have access to such
21   proof of claim. If a claimant completes Section B of the Proof of Claim Form, the
22   Debtor's Claims Agent will segregate such proof of claim from those proofs of claim in
23   which Section B is not completed, and shall keep the Section B proofs of claim
24   confidential pursuant to the procedures developed with the clerk's office. Although the

25
26   **Page 13 of 21** - DEBTOR'S AMENDED MOTION FOR AN ORDER (1) FIXING A
     BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING A PROOF OF
     CLAIM FORM, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
     MAILING AND MEDIA NOTICE PROGRAM

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

Case 04-37154-tmb11    Doc 603    Filed 11/15/04

1    proofs of claim will be kept confidential, this will not prevent the Debtor, the Debtor's
2    insurers, and their respective attorneys from utilizing the information contained therein,
3    including the claimant's name, in conducting their respective investigations into the facts
4    and circumstances surrounding the claim.

5    **VII.    Consequences of Failure to File a Proof of Claim Form**

6           32.    Pursuant to Bankruptcy Rule 3003(c)(2), the Debtor proposes that any
7    holder of a Claim against the Debtor who is required, but fails, to file proof of such claim
8    in accordance with the Claims Bar Date Order on or before the Claims Bar Date shall
9    not be counted as a creditor for voting or distribution purposes under any plan of
10   reorganization, and that such Claim is subject to discharge upon confirmation of a plan.
11   The only exception to this filing requirement should be for minors and those persons
12   who establish "repressed memory" as a valid basis for failure to file a claim.    An
13   example of this narrow exception would be a minor who has been abused but has not
14   told his or her parents or another adult about the abuse.  Another example would be an
15   adult who has blocked memory of all occurrences of the abuse but who later
16   remembers the abuse after confirmation of a plan.  Although such claims qualify as
17   current claims under the Bankruptcy Code definition of a claim, the Debtor recognizes
18   that any notice to these claimants will likely prove to be insufficient.    The Debtor
19   proposes to deal with these claims in the bankruptcy case through both publication
20   notice and appointment of a "future claimants representative."  Use of the term "future
21   claimants" for these creditors should not be confused with a claim which accrues in the
22   future.  The claims exist now.  Use of the term "future claimants" simply means that
23   these creditors may assert their claims in the future.

24   **VIII.   Notice Procedures**

25
26   **Page 14 of 21** - DEBTOR'S AMENDED MOTION FOR AN ORDER (1) FIXING A
     BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING A PROOF OF
     CLAIM FORM, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
     MAILING AND MEDIA NOTICE PROGRAM

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

Case 04-37154-tmb11    Doc 603    Filed 11/15/04

1    33.    Pursuant to the proposed Claims Bar Date Order and Bankruptcy Rule

2    2002(a)(7), the Debtor proposes to use a two-fold widespread notice program that will

3    provide actual or publication notice to all known and potential creditors.

4    **A.    Actual Notice of the Claims Bar Date Order.**

5    Actual notice of the Claims Bar Date will be sent: (1) to all known creditors, (2) to

6    the attorneys for all known tort creditors, (3) to all households (approximately 80,000) on

7    the current mailing lists for the 124 parishes and 24 missions within the Archdiocese,

8    (4) to all known potential claimants whose identities and addresses the Debtor has

9    ascertained from review of its files. The Debtor will also ask all attorneys who have

10   represented or are representing clients with claims of childhood sexual misconduct to

11   submit to the Debtor the name and address of any person he or she believes may be a

12   potential claimant.

13   i.    Some of the pending tort claims are set forth in lawsuits that

14   have not progressed to the level at which the Debtor has the name and address of each

15   plaintiff, or have not been brought to the Debtor's attention by the claimant's attorney.

16   Accordingly, with respect to many of the claims pending as of the Petition Date, the

17   Debtor has the names and addresses of the attorneys for the claimants but does not

18   have the addresses of the individual claimants. Furness Declaration, ¶ 10.

19   ii.    Accordingly, for purposes of providing actual notice to all

20   persons or entities who have commenced judicial, administrative, or other actions or

21   proceedings (including settlement proceedings) or otherwise initiated an action against

22   the Debtor asserting a Claim that has not been settled or has been settled but not paid

23   or fully paid, the Debtor proposes to mail to unrepresented claimants and to the

24   attorneys for represented claimants (i) the Claims Bar Date Order, (ii) a notice of the

25

26   **Page 15 of 21** - DEBTOR'S AMENDED MOTION FOR AN ORDER (1) FIXING A
     BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING A PROOF OF
     CLAIM FORM, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
     MAILING AND MEDIA NOTICE PROGRAM

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

Case 04-37154-tmb11    Doc 603    Filed 11/15/04

**1**    Claims Bar Date substantially in the form attached hereto as Exhibit 3 (the "***Claims Bar***

**2**    ***Date Notice***"), and (iii) a number of copies of the Proof of Claim Form equal to the

**3**    estimated number of claimants represented by a law firm or attorney.

**4**                iii.      The Claims Bar Date Notice contains special instructions to

**5**    such law firms and attorneys. It will list, in an exhibit to the notice, all holders of Claims

**6**    who, the Debtor believes, are represented by such attorney or law firm. Such attorney

**7**    or law firm will be required to examine such list and, within ten (10) business days after

**8**    receipt of the Claims Bar Date Notice, return a copy of such list to the Debtor's Claims

**9**    Agent with notations showing any claimants that the attorney or law firm does not

**10**    represent or no longer represents (and the address of such claimant, if known).

**11**    Moreover, the Claims Bar Date Notice instructs attorneys or law firms to advise the

**12**    Debtor's Claims Agent, within ten (10) business days after receipt of the Claims Bar

**13**    Date Notice, of any claimants (including addresses) to whom the attorneys or law firms

**14**    want the Debtor's Claims Agent to send directly the Claims Bar Date Notice and a Proof

**15**    of Claim Form. The Debtor's Claims Agent will mail the claims materials directly to such

**16**    claimants within ten (10) business days after receipt of such information.

**17**                iv.      To assist any attorneys or law firms who wish to send copies

**18**    of the Claims Bar Date Notice and/or the Proof of Claim Form directly to any of their

**19**    clients, the Debtor's Claims Agent will, at the request of such attorneys or law firms to

**20**    the Debtor's Claims Agent, provide them with extra copies of the Claims Bar Date

**21**    Notice and/or a Proof of Claim Form, together with postage-paid envelopes for the

**22**    mailing. These procedures are designed to assist attorneys in getting any required

**23**    information to the underlying holders of Claims so that the Proof of Claim Forms can be

**24**    completed and returned in a timely fashion.

**25**

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

1                  v.     In addition to the information specifically relating to

2 attorneys' duties regarding claims, the proposed Claims Bar Date Notice informs the

3 parties of the Claims Bar Date and contains detailed information regarding who must file

4 a proof of claim, the procedures for filing a proof of claim, and the consequences of

5 failing to timely file a proof of claim. The Debtor respectfully requests that the Court

6 approve the form and use of the Claims Bar Date Notice in substantially the form

7 annexed hereto as Exhibit 3.

8   **IX.**    **Publication Notice**

9        34.    The Debtor has determined that it would be in the best interest of its

10 estate also to give notice by publication to those potential claimants who are unknown

11 or not reasonably ascertainable by the Debtor, as well as those who may be known to

12 the Debtor but whose addresses are unknown to the Debtor. The Debtor has

13 developed a special "plain English" notice that the Debtor proposes to use in a

14 comprehensive, broad-based mailing and media notice program. Furness Declaration,

15 ¶ 11. Pursuant to Bankruptcy Rule 2002(1), the Debtor requests authority to use such

16 notice which is substantially in the form attached as Exhibit A to the Mailing and Media

17 Notice Program (the "***Publication Notice***") described below .

18        35.    The Debtor has developed a broad-based direct mailing and media notice

19 program designed to provide notice to potential claimants in areas where claims have

20 arisen or where potential claimants may now be located. The proposed mailing and

21 media notice program that the Debtor intends to use is described in Exhibit 4 (the

22 "***Mailing and Media Notice Program***"). The Mailing and Media Notice Program is

23 designed to ensure comprehensive notice to individuals and entities who could

24 potentially hold Claims. The Mailing and Media Notice Program provides for the

25

26     **Page 17 of 21** - DEBTOR'S AMENDED MOTION FOR AN ORDER (1) FIXING A
BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING A PROOF OF
CLAIM FORM, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
MAILING AND MEDIA NOTICE PROGRAM

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

Case 04-37154-tmb11   Doc 603   Filed 11/15/04

1     dissemination of the Claims Publication Notice by using (i) direct mailings; (ii)
2     newspapers, (iii) diocesan publications, (iv) church bulletins, (v) alumni publications,
3     (vi) a special website, and (vii) nationwide press releases and other media publicity.
4     The primary target of the Mailing and Media Notice Program will be persons who
5     attended or now attend Catholic churches and schools in western Oregon, these being
6     the locations where the alleged acts giving rise to the sexual misconduct Claims are
7     most likely to have occurred. The Debtor intends to mail a copy of the Claims Bar Date
8     Notice to each household on the mailing lists for the 124 parishes and 24 missions
9     within the Archdiocese. The Debtor also intends to accomplish nationwide notice by
10    publication in USA Today, and the Wall Street Journal, newspapers of general
11    circulation throughout the United States, and by nationwide dissemination of its press
12    releases. The Debtor will publish notice regionally in 19 newspapers throughout
13    Oregon, Washington, Idaho and California as more particularly set forth in the Mailing
14    and Media Notice Program. Of the more than 200 claims asserted against the Debtor
15    since 1999, almost 90% of the claimants live or reside in Oregon. Of the remaining
16    11%, approximately half live in Washington or California. The Debtor believes that any
17    presently unknown claimants are more likely than not to reside in these same states.
18    Furthermore, the nationwide notice process and general publicity about the case will
19    provide notice of the Claims Bar Date to potential claimants living both inside and
20    outside of the focused target area.

21         36.    It should be noted that the Publication Notice to be published in
22    connection with the Mailing and Media Notice Program includes a toll-free telephone
23    number that potential claimants may call to obtain more information, including a copy of
24    the Proof of Claim Form, Notice of the Claims Bar Date, information concerning the

25
26    **Page 18 of 21** - DEBTOR'S AMENDED MOTION FOR AN ORDER (1) FIXING A
     BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING A PROOF OF
     CLAIM FORM, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
     MAILING AND MEDIA NOTICE PROGRAM

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

Case 04-37154-tmb11    Doc 603    Filed 11/15/04

1 procedures for filing a proof of claim, and referral to an independent third party
2 counselor if a potential claimant wants to discuss his or her situation regarding the filing
3 of a claim. Any person referred to counseling will not be charged for the counseling
4 services. All discussions between that person and the counselor will be kept strictly
5 confidential unless that person fails to file a Proof of Claim by the Claims Bar Date and
6 later attempts to assert a Claim. In that event the counselor will be free to provide to the
7 Debtor the person's name, the dates such person conferred with the counselor, and the
8 information that was discussed which would have been required to be included in the
9 Proof of Claim Form. The notice also contains a special website address for the
10 Debtor's Claims Agent — www.bmccorp.net — from which a claimant can review
11 information about the history of the bankruptcy case and can download copies of the
12 Proof of Claim Form and the Claims Bar Date Notice.

13     37. The Debtor estimates that the proposed Mailing and Media Notice
14 Program will cost approximately $265,000. Mercer Declaration, ¶¶ 3, 4, and 6, Bunce
15 Declaration, ¶ 15.

16     38. The Debtor respectfully requests that the Court find the proposed Mailing
17 and Media Notice Program is adequate and satisfies due process and will provide
18 sufficient notice of the Claims Bar Date to potential claimants.

19 **X.    The Proposed Bar Date is Reasonable**

20     39. The Debtor's Claims Agent will be responsible for mailing the Claims Bar
21 Date Notices, the Claims Bar Date Order, and the Proof of Claim Form, and publishing
22 the Publication Notice described above. The Debtor's Claim Agent expects that it will
23 be able to complete the mailing of the Proof of Claim Form, the Claims Bar Date Order,
24 and the Claims Bar Date Notices within 30 days after the Court enters the proposed

25
26

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

Case 04-37154-tmb11     Doc 603     Filed 11/15/04

1    Claims Bar Date Order. By establishing April 29, 2005 as the Claims Bar Date, all
2    holders of Claims will have approximately three months' notice of the Claims Bar Date
3    for filing proofs of claim. This clearly is an adequate period of time within which to file
4    claims, particularly in view of the fact that Bankruptcy Rule 2002(a)(7) requires only
5    twenty (20) days' notice.

6    **XI.    The Proposed Notice Procedures Are Reasonable And Adequate**

7         40.    Principles of due process require "that a debtor give notice that is
8    reasonably calculated under the circumstances to apprise an interested party of the
9    pendency of the bankruptcy case." *In re Envirodyne Industries, Inc.*, 206 BR 468, 472
10   (Bankr ND Ill 1997), aff'd, 214 BR 338 (ND Ill 1997) (*citing Mullane v. Central Hanover
11   Bank & Trust Co.*, 339 US 306 (1950)). As set forth above, the Debtor has proposed an
12   extremely extensive and widespread program to provide all holders of Claims with more
13   than adequate notice of the Claims Bar Date and their obligation to file claims. Further,
14   the notice procedures the Debtor has proposed provide more than adequate time for all
15   such claimants to comply with the obligation to file an appropriate proof of claim. As
16   stated by Dr. McGovern in his Declaration, he believes the $37 million campaign
17   proposed by the Tort Claimants Committee is unnecessary and may cause serious
18   emotional issues for existing sex abuse victims and is irresponsible and unethical. Such
19   a campaign may also increase the probability for false claims. It may also cause some
20   unstable individuals to become more traumatized by their previous concerns regarding
21   the abuse. He believes that a basic, common, simple message such as the one
22   proposed by the Debtor in the Publication Notice is the best way, under all the
23   circumstances, to notify individuals that there is a specified period of time for them to file
24   a claim if that is the path they choose to take. McGovern Declaration, ¶¶ 22 - 26.

25
26   **Page 20 of 21** - DEBTOR'S AMENDED MOTION FOR AN ORDER (1) FIXING A
     BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING A PROOF OF
     CLAIM FORM, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
     MAILING AND MEDIA NOTICE PROGRAM

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

Case 04-37154-tmb11    Doc 603    Filed 11/15/04

1    Accordingly, the Debtor submits that the notice and procedures it proposes are

2    more than sufficient under the circumstances and fully comply with due process, and

3    respectfully requests that the Court make such a finding in the proposed order

4    submitted in connection herewith.

5        WHEREFORE the Debtor respectfully requests entry of an order in the form

6    attached hereto as Exhibit 1, *inter alia*: (i) fixing April 29, 2005, at 5:00 p.m., Prevailing

7    Pacific Time, as the Claims Bar Date, (ii) approving the proposed Proof of Claim Form,

8    the Claims Bar Date Notice, and the Publication Notice, (iii) approving the procedures

9    for providing actual notice to all known potential claimants and their attorneys,

10   (iv) approving the proposed Mailing and Media Notice Program, (v) finding that the

11   proposed notice program and procedures are adequate and sufficient and satisfy due

12   process, and (vi) granting the Debtor such other and further relief as is just.

13       Dated this 15th day of November, 2004.

14                         SUSSMAN SHANK LLP

15

16                         Thomas W. Stilley, OSB No. 88316
17                         Susan S. Ford, OSB No. 84220
                           Attorneys for Debtor and Debtor-In-Possession

18   F:\CLIENTS\14961\004\SPECIAL NOTICE TO TORT CLAIMANTS\P-AMENDED MOTION FOR TORT CLAIMS BAR DATE (11-15).DOC

19

20

21

22

23

24

25
     **Page 21 of 21** - DEBTOR'S AMENDED MOTION FOR AN ORDER (1) FIXING A
26   BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING A PROOF OF
     CLAIM FORM, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
     MAILING AND MEDIA NOTICE PROGRAM

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

Case 04-37154-tmb11    Doc 603    Filed 11/15/04

2

3     Below is an Order of the Court:

4

5     _____
      Honorable Elizabeth L. Perris
      United States Bankruptcy Judge
6

7

8

9

10                    IN THE UNITED STATES BANKRUPTCY COURT

11                              DISTRICT OF OREGON

12    In re:                              )    Case No. 04-37154-elp11
                                          )
13    **ROMAN CATHOLIC ARCHBISHOP OF**    )    ORDER (1) FIXING A BAR DATE FOR
      **PORTLAND IN OREGON, AND**         )    FILING PROOFS OF CLAIM AND (2)
14    **SUCCESSORS, A CORPORATION**       )    APPROVING A PROOF OF CLAIM
      **SOLE**, dba the **ARCHDIOCESE OF**)    FORM, BAR DATE NOTICES, ACTUAL
15    **PORTLAND IN OREGON,**             )    NOTICE PROCEDURE, AND MAILING
                                          )    AND MEDIA NOTICE PROGRAM
16                    Debtor.             )
                                          )
17    _____ )

18         This matter came before the Court upon the Amended Motion (the "***Motion***") of

19    Roman Catholic Archbishop of Portland in Oregon, and successors, a corporation sole,

20    dba the Archdiocese of Portland in Oregon (the "***Debtor***"), as Debtor and Debtor-in-

21    Possession, for an order pursuant to Rule 3003(c)(3) of the Federal Rules of

22    Bankruptcy Procedure (the "***Bankruptcy Rules***") (i) Fixing a Bar Date for Filing Proofs

23    of Claim and (ii) Approving a Proof of Claim Form, Bar Date Notices, Actual Notice

24    Procedure, and Mailing and Media Notice Program, all as more fully set forth in the

25    Motion; and the Court having jurisdiction over this matter; and it appearing that (a)

26    **Page 1 of 8** - ORDER (1) FIXING A BAR DATE FOR FILING PROOFS OF CLAIM
      AND (2) APPROVING A PROOF OF CLAIM FORM, BAR DATE NOTICES, ACTUAL
      NOTICE PROCEDURE, AND MAILING AND MEDIA NOTICE PROGRAM

Exhibit ___1___
Page _1_ of _8_

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

1 establishing a Claims Bar Date by which holders of all Claims must assert claims
2 against the Debtor or not be treated as a creditor for voting and distribution purposes
3 under any plan of reorganization in this case, and subjecting such claims to discharge in
4 accordance with the authority granted to this Court by title 11 of the United States Code
5 (the "*Bankruptcy Code*") and the Bankruptcy Rules is necessary for the prompt and
6 efficient administration of the Debtor's Chapter 11 case and to protect the interests of
7 the Debtor, its creditors and other parties in interest herein, and (b) notification of the
8 relief granted by this Order in the manner proposed by the Debtor, as set forth herein
9 and in the Motion, is fair and reasonable and will provide good, sufficient and proper
10 notice to all holders of Claims, including unknown potential claimants, of their rights and
11 obligations hereunder and in connection with Claims they may have against the Debtor
12 in the Debtor's Chapter 11 case; and due notice of the Motion having been provided to
13 the Official Committee of Tort Claimants, the Debtor's 20 largest unsecured trade
14 creditors, the Office of the United States Trustee, and all parties requesting special
15 notice, and it appearing that no other or further notice of the Motion need be provided;
16 and it appearing that it is appropriate to set the Claims Bar Date and to implement the
17 procedures more fully set forth in the Motion; and the Court having determined that the
18 relief sought in the Motion is in the best interests of the Debtor, its creditors and all
19 parties in interest; and a hearing (the "*Hearing*") having been held with respect to the
20 Motion on November 19, 2004; and the Court having determined that the notice
21 procedures described in the Motion, including, without limitation, the Mailing and Media
22 Notice Program, are reasonably calculated under the circumstances to apprise holders
23 of Claims of the Claims Bar Date and the procedures, deadlines and requirements
24 applicable thereto; and upon the record of the Hearing and all of the proceedings had
25 before the Court; and after due deliberation and sufficient cause appearing therefor, it is

26 **Page 2 of 8** - ORDER (1) FIXING A BAR DATE FOR FILING PROOFS OF CLAIM
AND (2) APPROVING A PROOF OF CLAIM FORM, BAR DATE NOTICES, ACTUAL
NOTICE PROCEDURE, AND MAILING AND MEDIA NOTICE PROGRAM


Exhibit /
Page 2 of 8

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

1　　　　ORDERED that, in accordance with Bankruptcy Rule 3003(c)(3), the last date by
2　　which holders of Claims must file proofs of claim against the Debtor is established as
3　　April 29, 2005 at 5:00 p.m. (Prevailing Pacific Time) (the "**Claims Bar Date**"); and it is
4　　further

5　　　　ORDERED that the previously established November 4, 2004 bar date for filing
6　　proofs of claim in this case shall not apply to any Claims; and it is further

7　　　　ORDERED that, pursuant to Bankruptcy Rule 3003(c)(3), and except as
8　　otherwise provided herein, each person or entity that asserts a "Tort Claim" (as defined
9　　in the Motion) against the Debtor shall file an original written proof of such claim in the
10　form of the Proof of Claim Form, annexed as Exhibit 1 to this Order, which form is
11　hereby approved and required for filing Tort Claims; and it is further

12　　　　ORDERED that any proof of claim filed with respect to a Claim shall be delivered
13　in person, by courier service, or by first-class mail so as to be *actually received* on or
14　before the Claims Bar Date by Bankruptcy Management Corporation (the "**Debtor's**
15　**Claims Agent**"); and it is further

16　　　　ORDERED that proofs of claim will be deemed timely filed only if *actually*
17　*received* by the Debtor's Claims Agent on or before the Claims Bar Date; and it is
18　further

19　　　　ORDERED that the Debtor's Claims Agent shall *not* be required to accept proofs
20　of claim sent by facsimile or telecopy transmission, and any such proofs of claim may
21　be rejected by the Debtor's Claims Agent for filing; and it is further

22　　　　ORDERED that only a person or entity (1) whose Claim has been paid in full, (2)
23　who is currently a minor and has not advised his or her parent or guardian of the facts
24　and circumstances which resulted in the Claim, or (3) who later establishes "repressed
25　memory" such that the person is unaware that any act of sexual contact or touching

26　**Page 3 of 8** - ORDER (1) FIXING A BAR DATE FOR FILING PROOFS OF CLAIM
AND (2) APPROVING A PROOF OF CLAIM FORM, BAR DATE NOTICES, ACTUAL
NOTICE PROCEDURE, AND MAILING AND MEDIA NOTICE PROGRAM

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111



Exhibit ___1___
Page ___3___ of ___8___

1    ever occurred, is *not* required to file a proof of claim on or before the Claims Bar Date;

2    and it is further

3          ORDERED that each proof of claim to be properly filed pursuant to this Order

4    shall (i) be written in the English language and (ii) if a Tort Claim be submitted on the

5    Proof of Claim Form and provide all of the information requested therein; and it is further

6          ORDERED that the failure of any holder of a Tort Claim to use the Proof of Claim

7    Form shall result in the claim of such claimant being deemed invalid as improperly filed

8    and of no force and effect, pursuant to Bankruptcy Rule 3003(c); and it is further

9          ORDERED that, if any Tort Claim is deemed invalid as improperly filed in

10    accordance with the immediately preceding paragraph, then the holder of such claim

11    shall be entitled to cure such failure by filing a properly completed proof of claim on the

12    Proof of Claim Form within the period of ten (10) business days from receipt of notice to

13    such holder by the Debtor's Claims Agent that such claim has been deemed an

14    improperly filed claim; and it is further

15          ORDERED that any Tort Claim that is filed on the Proof of Claim Form but fails to

16    provide the information requested therein is subject to disallowance upon further order

17    of the Court if such information is not provided within a period of ten (10) business days

18    after receipt of notice from the Debtor's Claims Agent of the missing information; and it

19    is further

20          ORDERED that any holder of a Claim who is required to but fails to file a proof of

21    claim for such Claim in accordance with this Order on or before the Claims Bar Date (as

22    such deadline may be extended only in accordance with the preceding decretal

23    paragraphs) such holder shall not be permitted to vote on any plan of reorganization or

24    participate in any distribution in the Debtor's Chapter 11 case on account of such Claim

25    or to receive further notices regarding such Claim, and such Claim shall be subject to

26    **Page 4 of 8** - ORDER (1) FIXING A BAR DATE FOR FILING PROOFS OF CLAIM
AND (2) APPROVING A PROOF OF CLAIM FORM, BAR DATE NOTICES, ACTUAL
NOTICE PROCEDURE, AND MAILING AND MEDIA NOTICE PROGRAM


Exhibit    1
Page   4   of 8

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

1    discharge pursuant to the provisions of Title 11 of the United States Code; and it is
2    further

3    ORDERED that nothing contained in this Order, nor the filing of a Proof of Claim
4    by the holder of a Claim, shall prejudice the Debtor's or any other party's right to seek
5    further information from the holder of a Claim through appropriate discovery; and it is
6    further

7    ORDERED that the Debtor's Claims Agent shall maintain the confidentiality of the
8    Proofs of Claim. The Debtor's Claims Agent shall work with the clerks office to develop
9    a procedure for keeping such proofs of claim confidential, and absent further court
10   order, only the Debtor, the Debtor's insurers, the claimant, and the claimant's attorney
11   will have access to the respective proofs of claim. If a claimant completes Section B of
12   the Proof of Claim Form, the Debtor's Claims Agent shall segregate such proof of claim
13   from those proofs of claim in which Section B is not completed, and shall keep the
14   Section B proofs of claim confidential pursuant to the procedures developed with the
15   clerk's office. Although the proofs of claim will be kept confidential, the Debtor's Claims
16   Agent may provide copies of the proofs of claim to the Debtor, the Debtor's insurers,
17   and their respective attorneys (with such entities being bound by the same duty of
18   confidentiality). Such parties and their attorneys shall, however, be authorized to utilize
19   the information contained in such proofs of claim, including the claimant's name, in
20   conducting their respective investigations into the facts and circumstances surrounding
21   the claim. Any other parties in interest seeking to review any of the Tort Proofs of Claim
22   or the information contained therein may file a motion requesting permission of the
23   Court to obtain such information. The parties may refer publicly to Tort Proofs of Claims
24   and the information contained therein by identifying claimants by their initials and last
25   four digits of the claimant's social security number, and it is further

26   **Page 5 of 8** - ORDER (1) FIXING A BAR DATE FOR FILING PROOFS OF CLAIM
     AND (2) APPROVING A PROOF OF CLAIM FORM, BAR DATE NOTICES, ACTUAL
     NOTICE PROCEDURE, AND MAILING AND MEDIA NOTICE PROGRAM



Exhibit _____1_____
Page __5__ of __8__

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

Case 04-37154-tmb11    Doc 603    Filed 11/15/04

1    ORDERED that notice of entry of this Order, the Claims Bar Date and of the
2    procedures and requirements in connection therewith, in a form substantially similar to
3    the notice attached hereto as Exhibit 2 (the "Claims Bar Date Notice"), which Claims Bar
4    Date Notice is hereby approved in all respects, shall be served, together with a copy of
5    this Order and a single copy of the Proof of Claim Form or, if served upon a law firm that
6    represents or represented claimant(s) in an action against the Debtor pending at any
7    time prior to the Petition Date, a number of copies of the Proof of Claim Form equal to
8    the estimated number of claimants represented by such law firm, by depositing same in
9    the United States mail, first-class postage prepaid, within thirty (30) days after the date
10   of entry of this Order upon the following:

11          (a)    all creditors listed in the Debtor's schedules and any amendments
12                 thereto,

13          (b)    the Office of the United States Trustee for the District of Oregon,
14

15          (c)    the attorneys for the Official Committee of Tort Claimants, and
16

17          (d)    the attorneys for all actually known holders of Tort Claims in actions
18                 pending against the Debtor at any time prior to the commencement
19                 of this case (collectively, the "**Attorneys**");

20   and it is further

21          ORDERED that, with respect to the holders of Tort Claims referred to in
22   subparagraph (d) in the immediately preceding decretal paragraph, the Debtor is
23   authorized to provide notice of the Claims Bar Date solely to the Attorneys as provided
24   herein; and it is further

25

26   **Page 6 of 8** - ORDER (1) FIXING A BAR DATE FOR FILING PROOFS OF CLAIM
     AND (2) APPROVING A PROOF OF CLAIM FORM, BAR DATE NOTICES, ACTUAL
     NOTICE PROCEDURE, AND MAILING AND MEDIA NOTICE PROGRAM



SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

Case 04-37154-tmb11    Doc 603    Filed 11/15/04

1    ORDERED that, in accordance with the Claims Bar Date Notice, if an Attorney
2    does not represent, or no longer represents, any of the claimants listed on Exhibit A to
3    the Claims Bar Date Notice furnished to such Attorney, such Attorney is required, within
4    ten (10) business days after his or her receipt of the Claims Bar Date Notice, to provide
5    the Debtor with the names (and addresses, if such Attorney has such information) of
6    such claimants so that actual notice of the Claims Bar Date may be provided to such
7    claimants if an address is provided therefor; and it is further

8    ORDERED that the Mailing and Media Notice Program described in Exhibit 3
9    attached hereto (the "**Mailing and Media Notice Program**") is approved; and it is
10   further

11   ORDERED that the Debtor and its professionals are authorized to take any and
12   all actions reasonable or necessary to the full implementation of the Mailing and Media
13   Notice Program, including, but not limited to, the making of expenditures necessary to
14   implement the Mailing and Media Notice Program, the placement of advertising
15   contemplated by the Mailing and Media Notice Program, and the payment for mailing
16   and advertisements, including compensation to the Debtor's Claims Agent, and
17   advertising agencies and media consultants; and it is further

18   ORDERED that, pursuant to Bankruptcy Rule 2002(l), the Debtor shall cause to
19   be published a Publication Notice in substantially the form attached hereto as Exhibit 4
20   (the "**Publication Notice**"), which Publication Notice is approved in all respects, in the
21   publications listed, and within the times listed, in the Mailing and Media Notice Program,
22   which publications are hereby approved in all respects; and it is further

23   ORDERED that the Publication Notice and the other notice mechanisms
24   described in the Mailing and Media Notice Program are, and shall be deemed to be,

25

26   **Page 7 of 8** - ORDER (1) FIXING A BAR DATE FOR FILING PROOFS OF CLAIM
     AND (2) APPROVING A PROOF OF CLAIM FORM, BAR DATE NOTICES, ACTUAL
     NOTICE PROCEDURE, AND MAILING AND MEDIA NOTICE PROGRAM


SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

Case 04-37154-tmb11     Doc 603     Filed 11/15/04

1    good, adequate, and sufficient publication notice of the Claims Bar Date and all of the
2    procedures and requirements in connection therewith; and it is further

3    ORDERED that the Debtor is authorized to take such steps and perform such
4    acts as may be reasonable or necessary to implement and effectuate the terms of this
5    Order; and it is further

6    ORDERED that notification of the relief granted in this Order and of the Claims
7    Bar Date and all procedures and requirements in connection therewith as provided
8    herein and in the Motion is fair and reasonable and will provide good, sufficient and
9    proper notice to all holders of Claims of their rights and obligations in connection with
10   the claims they may have against the Debtor in this Chapter 11 case; and it is further

11   ORDERED that all capitalized terms used but not defined in this Order shall have
12   the meaning ascribed to them in the Motion; and it is further

13   ORDERED that the Court retains jurisdiction over any dispute regarding this
14   Order.

15
     PRESENTED BY:
16
     SUSSMAN SHANK LLP
17

18   _____
     Thomas W. Stilley, OSB No. 88316
19   Susan S. Ford, OSB No. 84220
     Attorneys for Debtor and
20   Debtor-In-Possession

21   c: See attached list

22

23   F:\CLIENTS\14961\004\SPECIAL NOTICE TO TORT CLAIMANTS\P-BAR DATE ORDER (11-15).DOC

24

25

26   **Page 8 of 8** - ORDER (1) FIXING A BAR DATE FOR FILING PROOFS OF CLAIM
     AND (2) APPROVING A PROOF OF CLAIM FORM, BAR DATE NOTICES, ACTUAL
     NOTICE PROCEDURE, AND MAILING AND MEDIA NOTICE PROGRAM

Exhibit     1
Page   8   of  8

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

Case 04-37154-tmb11    Doc 603    Filed 11/15/04

| COURT APPROVED FORM | |
|---|---|
| **United States Bankruptcy Court District of Oregon** | **PROOF OF CLAIM** |

| Name of Debtor:<br>**Roman Catholic Archbishop of Portland in Oregon,<br>and successors, a corporation sole, dba the<br>Archdiocese of Portland in Oregon** | Case Number<br><br>**04-37154-elp11** | |
|---|---|---|

## SECTION A: EVERYONE MUST FILL OUT THIS SECTION.

| | | |
|---|---|---|
| Name of and Address of Creditor: (The person or other entity to whom the debtor owes money or property)<br><br><br><br>Creditor's Date of Birth: _____<br>Last four digits of Social Security Number: _____ | ☐ Check box If you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
| Name and Address Where Notices Should be Sent of Diferent than Above:<br><br><br><br><br>Telephone No._____ | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | **THIS SPACE FOR COURT USE ONLY** |
| Any other name or names by which you are known or have ever been known: | Check here if this claim<br>☐ amends ☐ replaces a previously filed claim dated: | |

## SECTION B: FILL OUT THIS SECTION ONLY IF, WHILE UNDER THE AGE OF 18, YOU HAD SEXUAL CONTACT WITH OR WERE SEXUALLY TOUCHED BY A CATHOLIC PRIEST, EMPLOYEE, VOLUNTEER, OR OTHER PERSON WORKING FOR THE ARCHDIOCESE OF PORTLAND IN OREGON OR FOR A CATHOLIC PARISH/SCHOOL SERVED BY THE ARCHDIOCESE.

| | |
|---|---|
| 1. Where did the sexual contact/touching take place? (Complete all relevant information. State none or n/a if not applicable)<br>City and State:_____<br>Parish:_____<br>School:_____<br>Other:_____ | 2. What is the name of the person with whom you had sexual contact/touching?<br><br>Name:_____<br><br>Position/Title:_____<br>(e.g., Parish Priest, Teacher, Coach, etc.) |
| 3. When did the sexual contact/touching occur? (Give approximate dates or your grade in school at the time.) | 4. Describe the sexual contact/touching. |
| 5. Nature and extent of injuries or damages? (How has the sexual contact/touching affected you? Attach a separate sheet if necessary.) | 6. Have you seen or contacted a lawyer about your claim? (If yes, provide the name, address, and telephone number of each such person and the date you first saw or contact that person about your claim) |

7. Have you been a party to any civil lawsuit or other proceeding involving your claim? (If yes, provide the name or title of the lawsuit or proceeding, the case number, the court, and the date when filed)

Exhibit _2_

Page _1_ of _3_

## SECTION C: FILL OUT THIS SECTION IF YOU DID NOT FILL OUT SECTION B.

**1. Basis for Claim**

☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)

Your SS#: _____ _____ _____

Unpaid compensation for services performed

from _____ to _____
       (date)            (date)

---

**2. Date debt was incurred:**

**3. If court judgment, date obtained:**

---

**4. Total Amount of Claim at Time Case Filed:** $ _____

   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

---

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate
☐ Motor Vehicle
☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges <u>at time case filed</u> included in secured claim, if any: $_____

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Wages, salaries, or commission (up to $4,650) - earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(3).
☐ Contribution to an employee benefit plan –11 U.S.C. § 507(a)(4).
☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

---

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. **DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

Exhibit **2**

Page **2** of **3**

## SECTION D: EVERYONE MUST FILL OUT THIS SECTION.

**1. Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

**2. Confidentiality:** If you completed Section B., your proof of claim will be kept confidential and will be made available only to the Debtor, the Debtor's insurers, you, and your attorney (if any). This will not, however, prevent the Debtor, the Debtor's insurers, and their attorneys from utilizing the information contained herein, including your name, in conducting their respective investigations into the facts and circumstances surrounding your claim.

**The original of this completed proof of claim form must be sent by mail or hand delivered (FAXES NOT ACCEPTED) so that it is received on or before 5:00 p.m., Prevailing Pacific Time on April 29, 2005.**

**BY MAIL TO:**

Bankruptcy Management Corporation
P.O. Box 927
El Segundo, CA 90245-0927

**BY HAND DELIVERY TO:**

Bankruptcy Management Corporation
1330 East Franklin Avenue
El Segundo, CA 90245

| Date: | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) | |
|---|---|---|
| | | **THIS SPACE FOR COURT USE ONLY** |

*Penalty for presenting fraudulent claim:* **Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.**

Exhibit _2_
Page _3_ of _3_

Page 3 of 3
pdx/000500/075366/MOC/1245080.3

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

In re:

**ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON, AND SUCCESSORS, A CORPORATION SOLE**, dba the **ARCHDIOCESE OF PORTLAND IN OREGON,**

Debtor.

Case No. 04-37154-elp11

NOTICE OF LAST DAY TO FILE CLAIMS, INCLUDING CLAIMS FOR CLERGY SEX ABUSE AND SEXUAL MISCONDUCT

# NOTICE

## THIS IS AN IMPORTANT NOTICE – YOUR RIGHTS MAY BE AFFECTED

### *NOTE*: April 29, 2005 AT 5:00 P.M. PREVAILING PACIFIC TIME

#### IS THE LAST DATE TO FILE PROOFS OF CLAIM

PLEASE TAKE NOTICE THAT on _____, 2004, the United States Bankruptcy Court for the District of Oregon entered an Order Setting Bar Date for Claims (the "*Claims Bar Date Order*").

#### DEADLINE AND WHO MUST FILE A CLAIM

Under the Claims Bar Date Order, anyone who has a *Claim* against the Roman Catholic Archbishop of Portland in Oregon, and successors, a corporation sole, dba the Archdiocese of Portland in Oregon (the "*Debtor*") must file such claim by April 29, 2005, at 5:00 p.m., Prevailing Pacific Time (the "*Claims Bar Date*"). You may have a *Claim*:

(a) If, while you were under the age of 18, you had sexual contact with or were sexually touched by a Catholic priest, employee, volunteer, or other person working for the Archdiocese of Portland in Oregon or for a Catholic Parish/School served by the Archdiocese; or

(b) If you believe the Archdiocese is responsible for anything that caused you injury or harm; or

(c) If the Archdiocese owes you any money; or

(d) If you assert a right to payment from the Archdiocese, whether or not the amount owed is known, and whether or not your asserted right to


Exhibit 3
Page 1 of 10

Case 04-37154-tmb11    Doc 603    Filed 11/15/04

payment is disputed, matured, secured, legal, equitable, or contingent upon the happening of some future event; or

(e)     If you assert a <u>right to an equitable remedy</u> (e.g., the right to require the Archdiocese to either do or not do something), whether or not such right is disputed, matured, secured, legal, equitable, or contingent upon the happening of some future event, which would result in the Archdiocese owing you money for its failure to do as required.

Included within the definition of a *"Claim"* are *"Tort Claims"* which are defined for the purposes of this notice as any claim, demand, suit, cause of action, proceeding, or any other rights or asserted right to payment against the Debtor, based upon or in any manner arising in or related to any tortious act or acts, including but not limited to personal injury, wrongful death, assault, negligence, intentional infliction of emotional distress, defamation, conversion, child abuse as defined in ORS 419B.005(1)(a)), or any sexual contact with a person which is, or is alleged to be, inappropriate or nonconsensual, including, without limitation, any of the offenses defined in ORS Chapter 163 (all such tortious acts being collectively referred to as "Tortious Misconduct"), including, without limitation, (a) the processing, adjustment, defense, settlement, payment, negotiation, or handling of any claims, demands, suits, proceedings or causes of action based upon or relating in any way to such act or acts of Tortious Misconduct; (b) the failure to warn, disclose, or provide information concerning the risk that any person or persons might, or have the propensity to, engage in Tortious Misconduct; (c) the failure to take remedial action with respect to alleged, suspected or known Tortious Misconduct; and (d) the actions or inactions of any person or entity involving Tortious Misconduct, including, without limitation, (i) claims for negligence, wrongful death, or personal injuries, including emotional distress; (ii) claims for vicarious liability; (iii) claims for damages, including but not limited to, punitive or exemplary damages; (iv) claims for attorneys' fees and other expenses, fees, or costs; (v) claims for any possible economic loss or loss of consortium; (vi) claims for damage to reputation; (vii) claims for any legal or equitable remedy; and (viii) claims of any person or entity against whom any claim, demand, proceeding, suit or cause of action based upon or in any manner arising from or relating to any of the matters enumerated or described in (a), (b), (c), or (d) above has been, is, or may be asserted.

Also included within the definition of a **"Claim"** are general commercial claims, including claims arising from the sale or lease of goods and services, breach of contract, loans, wages, and employee benefits.

**THE** *CLAIMS* **REFERRED IN THIS NOTICE SPECIFICALLY INCLUDE, BUT ARE NOT LIMITED TO:**

**1.     GENERAL COMMERCIAL CLAIMS ARISING OUT OF THE SALE OR LEASE OF GOODS OR SERVICES, BREACH OF CONTRACT, LOANS, WAGES, AND EMPLOYEE BENEFITS, AND**



**2. CLAIMS FOR CLERGY SEX ABUSE OR SEXUAL MISCONDUCT BY PRIESTS AND OTHERS WORKING FOR THE DEBTOR, OR FOR A CATHOLIC CHURCH OR SCHOOL LISTED BELOW:**

| NAME | CITY |
|---|---|
| All Saints Church & School | Portland |
| All Souls Church | Myrtle Creek |
| Archbishop Howard School | Portland |
| Ascension Church | Portland |
| Assumption Church & School | Portland |
| Blessed Sacrament Church & School | Portland |
| Cathedral of the Immaculate Conception (St Mary) & School | Portland |
| Central Catholic High School | Portland |
| Christ the King Church & School | Milwaukie |
| Church of the Korean Martyrs | Portland |
| Church of the Resurrection | Tualatin |
| Good Shepherd Church | Sheridan |
| Holy Cross Church & School | Portland |
| Holy Family Church | Glendale |
| Holy Family Church & School | Portland |
| Holy Name Church | Cocquille |
| Holy Redeemer Church | North Bend |
| Holy Redeemer Church & School | Portland |
| Holy Rosary Chapel | Scotts Mills/Crooked Finger |
| Holy Trinity Church | Bandon |
| Holy Trinity Church & School | Beaverton |
| Holy Trinity Church | Brownsville |
| Immaculate Conception Church and St. Mary School | Stayton |
| Immaculate Heart Church | Portland |
| John F. Kennedy High School (1954-1969) | Mt. Angel |
| Marist High School (1994 and after) | Eugene |
| Mission of the Atonement | Beaverton |
| Nativity of the Blessed Virgin Mary Church | Rainer |
| North Catholic High School | Portland |
| North Portland Catholic Community | Portland |
| O'Hara Catholic School | Eugene |
| Our Lady of Fatima Church | Shady Cove |
| Our Lady of Lourdes Church | Jordan |
| Our Lady of Perpetual Help Church & School | Cottage Grove |
| Our Lady of Perpetual Help Church & St. Mary School | Albany |
| Our Lady of Sorrows Church & School | Portland |
| Our Lady of the Lake Church & School | Lake Oswego |
| Our Lady of the Mountain Church | Ashland |
| Our Lady of Victory Church | Seaside |
| Pope John XIII School | Portland |
| Queen of Peace Church & School | Portland |
| Queen of Peace Church & School | Salem |


Exhibit 3
Page 3 of 10

| NAME | CITY |
|------|------|
| Regis High School | Stayton |
| Rogue River Catholic Community Church | Rogue River |
| Sacred Heart Church | Newport |
| Sacred Heart Church | Portland |
| Sacred Heart Church & School | Tillamook |
| Sacred Heart Church & School | Medford |
| Sacred Heart Church & School | Gervais |
| San Martin de Porres | Dayton |
| Shepherd of the Valley Church | Central Point |
| Southeast Asian Vicariate | Portland |
| St. Agatha Church & School | Portland |
| St. Agnes Church | Hubbard |
| St. Alexander Church | Cornelius |
| St. Alice Church & School | Springfield |
| St. Aloysius Church | Estacada |
| St. Andrew Church & School | Portland |
| St. Anne Church & School | Grants Pass |
| St. Anne Church & School | Portland |
| St. Anthony Church & School | Forest Grove |
| St. Anthony Church & School | Portland |
| St. Anthony Church | Waldport |
| St. Anthony Church & School | Tigard |
| St. Augustine Church | Lincoln City |
| St. Bernard Church | Scio |
| St. Birgitta Church | Portland |
| St. Boniface Church | Sublimity |
| St. Bridget Church | Powers |
| St. Catherine of Siena Church | Mill City |
| St. Catherine of Siena Church | Veneta |
| St. Cecilia Church & School | Beaverton |
| St. Cecilia Church & School | Portland |
| St. Charles Borromeo Church | Gold Beach |
| St. Charles Church & School | Portland |
| St. Christopher Church | Detroit |
| St. Clare Church & School | Portland |
| St. Cyril Church | Wilsonville |
| St. Edward Church & School | Lebanon |
| St. Edward Church | North Plains |
| St. Edward Church | Salem/Keizer |
| St. Elizabeth Anne Seton Church | Aloha |
| St. Elizabeth of Hungary Church | Portland |
| St. Francis Church & School | Sherwood |
| St. Francis de Sales Church | Hammond |
| St. Francis High School | Eugene |
| St. Francis of Assisi Church | Portland |
| St. Francis of Assisi Church & School | Banks/Roy |

-4-



Case 04-37154-tmb11    Doc 603    Filed 11/15/04

| | |
|---|---|
| St. Francis Xavier Church | Sutherlin |
| St. Frederic Church & School | St.. Helens |
| St. Helen Church | Junction City |
| St. Helen Church | Sweet Home |
| St. Henry Church | Dexter |
| St. Henry Church & School | Gresham |
| St. Ignatius Church & School | Portland |
| St. James Church | Molalla |
| St. James Church & School | McMinnville |
| St. John Church | Yamhill |
| St. John Fisher Church & School | Portland |
| St. John Church | Welches |
| St. John the Apostle Church | Drain |
| St. John the Apostle Church | Reedsport |
| St. John the Apostle Church & School | Oregon City |
| St. John the Baptist Church & School | Milwaukie |
| St. John the Baptist Church | Clatskanie |
| St. John the Baptist Church | Port Orford |
| St. Joseph Church | Cloverdale |
| St. Joseph Church | Jacksonville |
| St. Joseph Church & School | Roseburg |
| St. Joseph Church & School | Salem |
| St. Joseph the Worker Church & School | Portland |
| St. Juan Diego Church | Portland |
| St. Jude Church | Eugene |
| St. Lawrence Church & School | Portland |
| St. Louis Church | St. Louis |
| St. Luke Church & School | Woodburn |
| St. Mark Church | Eugene |
| St. Mary by the Sea Church | Rockaway |
| St. Mary Church | Corvallis |
| St. Mary Church & School | Eugene |
| St. Mary Church & School | Mount Angel |
| St. Mary Church | Shaw/Aumsville |
| St. Mary Church | Siletz |
| St. Mary Church | Vernonia |
| St. Mary Magdalene (The Madeleine) Church & School | Portland |
| St. Mary Our Lady of the Dunes Church | Florence |
| St. Mary School (before 1983) | Medford |
| St. Mary Star of the Sea Church, Elementary School & H.S. | Astoria |
| St. Matthew Church & School | Hillsboro |
| St. Michael Church & School | Grand Ronde |
| St. Michael Church | Oakridge |
| St. Michael Church | Sandy |
| St. Michael the Archangel Church | Portland |
| St. Monica Church & School | Coos Bay |

Exhibit 3

Page 5 of 10

| NAME | CITY |
|---|---|
| St. Patrick Church | Canby |
| St. Patrick of the Forest Church | Cave Junction |
| St. Patrick Church | Independence |
| St. Patrick Church | Lyons |
| St. Patrick Church & School | Portland |
| St. Patrick Church | Toledo |
| St. Paul Church & School | Silverton |
| St. Paul Church & School | Eugene |
| St. Paul Church & School | St. Paul |
| St. Peter the Fisherman Church | Arch Cape |
| St. Peter Church & School | Eugene |
| St. Peter Church & School | Newberg |
| St. Peter Church & School | Portland |
| St. Phillip Benizi Church | Creswell |
| St. Phillip Benizi Church | Redland |
| St. Phillip Church | Dallas |
| St. Phillip Neri Church & School | Portland |
| St. Pius X Church & School | Cedar Mills |
| St. Rita Church & School | Portland |
| St. Rose of Lima Church | Monroe |
| St. Rose of Lima Church & School | Portland |
| St. Sharbel Church | Portland |
| St. Stanislaus Church | Portland |
| St. Stephan Church & School | Portland |
| St. Therese Church & School | Portland |
| St. Thomas Church | Jefferson |
| St. Thomas More Church & School | Portland |
| St. Thomas More Church (University Parish) | Eugene |
| St. Vincent de Paul (Downtown Chapel) | Portland |
| St. Vincent de Paul Church & School | Salem |
| St. Wenceslaus Church | Scappoose |
| Sts Ann & Michael Church | Myrtle Point |
| Star of the Sea Church | Brookings |
| Tillamook Catholic High School | Tillamook |
| Visitation of the Blessed Virgin Mary Church & School | Verboort |

If you have questions about the above list or a location not listed, please call the Debtor's Claims Agent, Bankruptcy Management Corporation at 1-800-_____.

If someone settled a Claim with the Debtor before July 6, 2004, but he or she has not yet been paid or been fully paid, he or she must still file a claim.


Exhibit 3
Page 6 of 10

Case 04-37154-tmb11   Doc 603   Filed 11/15/04

### PROCEDURES FOR FILING A CLAIM

To file a claim, do the following:

- File the claim on the Court-ordered **Proof of Claim Form**. IF YOU ARE
  ASSERTING A TORT CLAIM, INCLUDING CLAIMS FOR CLERGY SEX
  ABUSE, YOU MUST USE THE Court-ordered **Proof of Claim Form**. YOU MAY
  NOT USE ANY OTHER PROOF OF CLAIM FORM. FAILURE TO USE THE
  COURT-ORDERED PROOF OF CLAIM FORM COULD RESULT IN THE CLAIM
  BEING DEEMED INVALID AND OF NO FORCE AND EFFECT.
  ADDITIONALLY, FAILURE TO PROVIDE THE INFORMATION REQUESTED IN
  THE PROOF OF CLAIM FORM WILL SUBJECT THE CLAIM TO
  DISALLOWANCE.

- For additional copies of the proof of claim form (a) contact Bankruptcy
  Management Corporation at 800-_____, 9:00 a.m. – 5:00 p.m., Prevailing
  Pacific Time, Monday through Friday. Claimants will not be charged for this call,
  or (b) visit Bankruptcy Management Corporation's website at www.bmccorp.net
  or the Archdiocese's website at www.archdpdx.org to download the proof of
  claim form and instructions for completing the form.

- Return the completed proof of claim form to the Debtor's Claims Agent,
  Bankruptcy Management Corporation, at the address shown below **no later than
  April 29, 2005 at 5:00 p.m., Prevailing Pacific Time**. Proof of claim forms will
  be deemed filed only when **actually received** by the Debtor's Claims Agent.
  Proof of claim forms submitted by facsimile will **not** be accepted and will not be
  deemed filed. If you are returning the proof of claim form by mail, allow sufficient
  mailing time so that the proof of claim form is received on or before April 29,
  2005, at 5:00 p.m., Prevailing Pacific Time. Proof of claim forms that are
  postmarked before that date but are received after that date will be considered
  late.

  - If a claimant files in person or by courier service, the proof of claim
    form should be delivered to the following address, between the hours
    of 9:00 a.m. and 5:00 p.m., Prevailing Pacific Time, on business days:

    **Bankruptcy Management Corporation**
    1330 East Franklin Avenue
    El Segundo, CA 90245


Exhibit 3
Page 7 of 10

-7-

- If a claimant files by mail, the proof of claim form should be mailed with sufficient lead time so that the proof of claim form(s) will be received at the following address between the hours of 9:00 a.m. and 5:00 p.m., Prevailing Pacific Time, on business days:

**Bankruptcy Management Corporation**
P.O. Box 927
El Segundo, CA 90245-0927

#### COUNSELING

If you would like to discuss your situation with an independent counselor who is not affiliated with the Archdiocese or anyone associated with this case, you may do so by calling Bankruptcy Management Corporation at 800-_____, and asking for referral to a counselor for the Archdiocese of Portland case. You will not be charged for any counseling services you receive and any discussions between you and the counselor will be kept strictly confidential. Nothing you say will be provided to the Archdiocese or anyone else without your consent, unless you fail to file a Proof of Claim Form by the Claims Bar Date and you later attempt to assert a Claim. In that event the counselor will be required to provide to the Archdiocese your name, the dates you conferred with the counselor, and the information you discussed which you would have been required to provide in the Proof of Claim Form.

#### CONFIDENTIALITY

The Bankruptcy Court has determined that Proofs of Claim filed by anyone who alleges that while under 18 years of age, he or she had sexual contact with or was sexually touched by a member of the clergy, an employee, a volunteer, or other person working for the Archdiocese will remain confidential. Therefore, the Proof of Claim Form you file will not be available to the general public but will be kept confidential, except that the Proof of Claim Form and the information contained therein will be provided to the Archdiocese, its insurers, and such other persons as the Bankruptcy Court determines should have the information to evaluate your claim. Also, the Archdiocese and its insures will be free to use the information contained in the Proof of Claim Form to conduct their respective investigations into the facts and circumstances surrounding your claim.

#### SPECIAL COURT ORDERED PROCEDURES FOR ATTORNEYS FOR TORT CLAIMANTS

#### THE COURT HAS ORDERED THAT YOU *MUST* TAKE CERTAIN ACTIONS. PLEASE READ THE FOLLOWING INFORMATION CAREFULLY.

Pursuant to the *Claims Bar Date Order*, notice of the *Claims Bar Date* is to be given to plaintiffs in any pending tort claims actions against the Debtor solely by providing notice thereof to the attorneys of record for such plaintiffs based upon the attorney information in such pending actions.


Exhibit _____3_____
Page ___8___ of _10_

-8-

Such information indicates that you are the attorney of record for the individuals listed on Exhibit A to this notice. **Please review Exhibit A carefully.** If you do not (or no longer) represent any of the individuals listed on Exhibit A, you are required by the *Claims Bar Date Order*, **within ten (10) business days after your receipt of this notice**, to provide the Debtor's attorneys with the names (and addresses, if you have such information) of such individuals you do not or no longer represent.

Unless you direct otherwise, the Debtor will **not** send notice of the *Claims Bar Date* to the individuals listed on Exhibit A. If you would like the Debtor to send notice of the Claims Bar Date and a *Proof of Claim Form* directly to any of the individuals on Exhibit A, you must, **within ten (10) business days of your receipt of this notice**, provide the Debtor's Claims Agent with the names and addresses of such individuals.

If you would like the Debtor's Claims Agent to provide you with stamped envelopes so that you may send *Proof of Claim Forms* to any of your clients, please notify the Debtor's Claims Agent and specify the quantity of envelopes you need.

If you need any other assistance in completing the *Proof of Claim Form* or in forwarding any information to the claimants you represent, please call the Debtor's Claims Agent, toll-free at 1-800-_____ between the hours of 9:00 a.m. and 5:00 p.m. (Prevailing Pacific Time), Monday through Friday.

### EFFECT OF NOT FILING A CLAIM

*The deadline for filing Proofs of Claim is April 29, 2005, at 5:00 p.m., Prevailing Pacific Time. Any person who has a Claim and does not file a Proof of Claim by that date will not be treated as a creditor for voting or distribution purposes under any plan of reorganization and such Claim will be subject to discharge. Failure to file a Claim will prevent such person from voting on any plan of reorganization in this case. Furthermore, if such Claim is discharged, the claimant will be forever prevented from asserting his or her Claim against the Debtor or its property, and will not receive any payment or distribution on such Claim.*

### QUESTIONS OR ADDITIONAL INFORMATION

If you have any questions about the Debtor, this Chapter 11 case, or about the *Proof of Claim Form* or any part of the filing process, call the Debtor's Claims Agent toll-free at 800-_____, between the hours of 9:00 a.m. and 5:00 p.m., Prevailing Pacific Time, Monday through Friday, or visit the Debtor's Claims Agent's website at www.bmccorp.net or the Archdiocese's website at www.archdpdx.org. You may also wish to contact your attorney.

Dated this _____ day of _____, 2004.

_____
The Honorable Elizabeth L. Perris
United States Bankruptcy Judge


Exhibit 3
Page 7 of 10

# EXHIBIT A TO NOTICE

Exhibit $\underline{3}$

Page $\underline{/0}$ of $\underline{/0}$

-10-

### ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON,
### and successors, a corporation sole,
### dba the Archdiocese of Portland in Oregon

### MEDIA NOTICE PROGRAM

1.     The Debtor will publish the notice attached hereto as Exhibit "A" (the "Publication Notice") in the following newspapers once each week for three consecutive weeks, one of which will be in the Sunday edition, commencing the week of January 3, 2005.  Such Notices shall consist of no smaller than an 1/8 page advertisement in each newspaper:

> *Oregonian* (Portland)
> *Statesman-Journal* (Salem)
> *Albany Democrat-Herald*
> *The Register-Guard* (Eugene)
> *Gazette-Times (Corvallis)*
> *Mail Tribune* (Medford)
> *The Bulletin* (Bend)
> *Herald & News* (Klamath Falls)
> *Daily Astorian* (Astoria)
> *Newport News* (Newport)
> *Coos Bay World* (Coos Bay)
> *East Oregonian* (Pendleton)
> *Idaho Statesman* (Boise, ID)
> *Columbian* (Vancouver, WA)
> *Seattle Times-Intelligencer*
> *Seattle Post*
> *Spokane Spokesman-Review*
> *Los Angeles Times*
> *San Francisco Chronicle*

2.     The Debtor will publish the Publication Notice in three consecutive issues of the following Catholic diocesan publications (diocese noted in brackets), commencing no later than the week of January 3, 2005.  Such notices shall consist of no smaller than an 1/8 page notice or advertisement in each publication:

> *Catholic Sentinel* [Archdiocese of Portland; Diocese of Baker]
> *Catholic Progress* [Archdiocese of Seattle (Western Washington)]
> *Inland Register* [Diocese of Spokane]
> *Catholic San Francisco* [Archdiocese of San Francisco]
> *The Tidings* [Archdiocese of Los Angeles; Diocese of Orange]

3.     The Debtor will post the Publication Notice at each of the 124 parishes and 24 missions in the Archdiocese commencing no later than the week of January 10,

1 – MEDIA NOTICE PROGRAM

Exhibit __4__
Page __1__ of __3__

Case 04-37154-tmb11    Doc 603    Filed 11/15/04

2005 and will mail such notice to each household on Debtor's mailing list for each parish and mission no later than January 17, 2005.

4. The Debtor will post the Publication Notice on the following websites beginning no later than the week of January 3, 2005:

Bankruptcy Management Corporation - www.bmccorp.net
Archdiocese of Portland - www.archdpdx.org

5. The Debtor will attempt to post the Publication Notice on the following websites beginning no later than the week of January 3, 2005:

Survivors Network of those Abused by Priests – www.snapnetwork.org

The Linkup – Survivors of Clergy Abuse – www.thelinkup.org

6. The Debtor will publish the Publication Notice once in the alumni newsletters for Central Catholic High School, Marist High School, and Regis High School, as early as possible after January 3, 2005, depending on each newsletter's publication schedule.

7. The Debtor will accomplish nationwide notice of the Claims Bar Date in *USA Today* and the *Wall Street Journal*, publications of general circulation throughout the United States, and will distribute a nationwide press release through BusinessWire, or some other service, no later than the week of January 3, 2005 for distribution to individual journalists, disclosure destinations, web portals, search engines and databases, describing the Media Notice Program and the Claims Bar Date and encouraging those persons with claims to contact the Debtor's Claims Agent, or to access the Debtor's website, to obtain information necessary to file a claim. Information on BusinessWire's services is available at www.businesswire.com.

*F:\CLIENTS\14961\004\SPECIAL NOTICE TO TORT CLAIMANTS\MEDIA NOTICE PROGRAM (11-15).DOC*

2 – MEDIA NOTICE PROGRAM

Exhibit 4
Page 2 of 3

**– ARCHDIOCESE OF PORTLAND IN OREGON BANKRUPTCY –**

# YOU MAY HAVE A CLAIM AGAINST THE ARCHDIOCESE OF PORTLAND

- **If, while you were under the age of 18, you had sexual contact with or were sexually touched by a Catholic priest, employee, volunteer, or other person working for the Archdiocese of Portland in Oregon or for a Catholic Parish/School served by the Archdiocese[1]; or**

- **If you believe the Archdiocese is responsible for anything that caused you injury or harm <u>at any age;</u> or**

- **If the Archdiocese owes you any money; or**

- **If you assert a <u>right to payment</u> from the Archdiocese, whether or not you know the amount owed, and whether or not the right to payment is disputed, matured, secured, legal, equitable, or contingent on the happening of some future event; or**

- **If you assert a <u>right to an equitable remedy</u> (e.g., the right to require the Archdiocese to either do or not do something), whether or not the right is disputed, matured, secured, legal, equitable, or contingent upon the happening of some future event, which would result in the Archdiocese owing you money for its failure to do as required.**

## YOU MUST ACT NOW TO PRESERVE YOUR RIGHTS

The Archdiocese of Portland in Oregon filed for protection under Chapter 11 of the United States Bankruptcy Code. As part of the bankruptcy process, the Archdiocese must alert those who have claims against the Archdiocese. You must file these claims by April 29, 2005 (the "*Claims Bar Date*"). If you do not file a claim, you will lose your right to bring such a claim against the Archdiocese in the future. Filing a claim does not necessarily entitle you to compensation.

In addition to regular business debts, certain priests and others serving in Catholic churches, schools, and other organizations in the area served by the Archdiocese are alleged to have sexually abused children or committed other negligent or intentional acts, resulting in injuries or damages to persons affected, and resulting in a potential claim against the Archdiocese. For more information, or to receive a long form Notice of Claims Bar Date and Proof of Claim Form, call the toll-free number listed below, or write to: Bankruptcy Management Corporation, Re: Archdiocese of Portland in Oregon, PO Box 927, El Segundo, CA 90245-0927, or visit the website at www.bmccorp.net.

[1] Each parish, school, and organization served by the Archdiocese is listed on the long form Notice of Claims Bar Date described above. You should obtain a copy of that form for additional information.

---

**If you previously settled a Claim with the Archdiocese before the bankruptcy, but have not yet been paid everything you are owed, you must still file a claim. Please obtain a long form notice for more information.**

There are several types of claims subject to the Bar Date. Complete descriptions of these claims as well as more details about the bankruptcy may be found in the long form notice that is available at the website listed below or by calling the number below. The foregoing and following is only a summary.

Tort Claims are generally those claims resulting from negligent or intentional actions that result in an injury or damages to a person or that person's property, including but not limited to claims for personal injury, wrongful death, assault, battery, intentional infliction of emotional distress, child abuse, rape, defamation, and conversion.

Tort Claims specifically include any claims against the Archdiocese arising out of clergy sex abuse or sexual misconduct. Tort Claims must be filed on the court authorized Proof of Claim form.

General (non-tort) claims include, but are not limited to, claims for the sale or lease of goods or services, breach of contract, loans, wages, and employee benefits. General claims may also be filed on the court authorized proof of claim form.

The court authorized Proof of Claim Form may be obtained by calling the number below, or by accessing the website set forth below.

**1-800-_____**

**www.bmccorp.net**

1 <u>CERTIFICATE OF SERVICE</u>

2    I certify that on November 15, 2004, I served, **by first class mail**, a full and

3 correct copy of the foregoing **DEBTOR'S AMENDED MOTION FOR AN ORDER (1)**

4 **FIXING A BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING A**

5 **PROOF OF CLAIM FORM, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE,**

6 **AND MAILING AND MEDIA NOTICE PROGRAM,** to the interested parties of record,

7 addressed as follows:

8

9       Roman Catholic Archbishop of Portland in Oregon, and
            successors, a corporation sole, dba the Archdiocese of

10           Portland in Oregon
        Attn:  Paulette Furness, Director of Business Affairs

11     2838 East Burnside
        Portland, OR  97214

12           Debtor

13         **SEE ATTACHED LIST OF INTERESTED PARTIES**

14

15

16    Dated:      November 15, 2004

17

18

19 _____
        Thomas W. Stilley, OSB No. 88316

20     Howard M. Levine, OSB No. 80073
        Susan S. Ford, OSB No. 84220

21

22

23

24

25

26

Page 1 - CERTIFICATE OF SERVICE

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

Case 04-37154-tmb11    Doc 603    Filed 11/15/04

Pamela Griffith
U.S. Trustee's Office
620 SW Main Street, Rm. 213
Portland, OR 97205

Albert Kennedy
Tonkon Torp LLP
Suite 1600, 888 SW 5th Ave.
Portland, OR 97204

Mr. Donn Christiansen
c/o Michael Morey P.C.
8 N. State Street, Suite 301
Lake Oswego, OR 97034

Catherine Travis
Lane Powell Spears Lubersky LLP
Suite 2100, 601 SW Second Ave
Portland, OR 97204-3158

Steven M. Hedberg
Douglas R. Pahl
Perkins Coie
1120 NW Couch Street, 10th Floor
Portland, OR 97209

Thomas W. Stilley
Sussman Shank LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205

Holy Family Catholic Church
3732 SE Knapp
Portland, OR 97202

Cameo Garrett
4875 Harnden Road
Cashmere, WA 98815

Oregon Education Technology
Consortium
8995 SW Miley Rd., #101
Wilsonville, OR 97070

Thomas Sand
Jerry B. Hodson
Miller Nash LLP
Suite 3500, 111 SW 5th Ave.
Portland, OR 97204

Tom Dulcich
Margaret Hoffman
Schwabe Williamson & Wyatt PC
1211 SW 5th Ave.
Portland, OR 97204

Jeffrey Werstler
IRS1220 SW Third Avenue
MS-0240
Portland, OR 97204

Phoebe Joan O'Neill
1500 SW Fifth Avenue
Unit 703
Portland, OR 97201

Charles R. Markley
Greene & Markley, PC
Suite 600, 1515 SW 5th Ave.
Portland, OR 97201

Michael S. Morey
8 N. State Street
Suite 301
Lake Oswego, OR 97034

Peter C. McKittrick
Farleigh Wada & Witt PC
Suite 600
121 SW Morrison St.
Portland, OR 97204

Linda Boyle
Time Warner Telecom, Inc.
10475 Park Meadows Drive, #400
Littleton, CO 80124

Jonathan E. Cohen
1450 American Bank Building
621 SW Morrison Street
Portland, OR 97205

Steven C. Berman
Stoll Stoll Berne Lokting & Shlachter
209 SW Oak Street, Suite 500
Portland, OR 97204

Robert J. Vanden Bos
Vanden Bos & Chapman
Suite 520
319 SW Washington St.
Portland, OR 97204

Jame A. Hayes Jr.
Cummins & White LLP
2424 SE Bristol Street, Suite 300
Newport Beach, CA 92660

Joseph A. Field
Field & Associates
610 SW Alder Street
Suite 910
Portland, OR 97204

Robert Millner
Kevin P. Kamraczewski
Sonnenschein, Nath & Rosenthal
8000 Sears Tower
Chicago, IL 60606

Paul E. DuFresne
5135 SW 85th Avenue
Portland, OR 97225

Russell D. Garrett
Bullivant Houser Bailey PC
805 Broadway Street., Suite 400
Vancouver, WA 98660

L. Martin Nussbaum
Rothgerber Johnson & Lyons LLP
Wells Fargo Tower, Suite 1100
90 South Cascade Avenue
Colorado Springs, CO 80903

Kelly W.G. Clark
Attorney at Law
1706 NW Glisan, Suite 6
Portland, OR 97209

Neil T. Jorgenson
Attorney at Law
520 SW Sixth Avenue, Suite 820
Portland, OR 97204

Karl Mullen
Mullen Law Firm, P.C.
8225 SW Fairway Drive, Suite 100
Portland, OR 97225

Eric J. Neiman
Heather J. Van Meter
Williams Kastner & Gibbs, PLLC
333 SW Taylor Street
Portland, OR 97204

Margaret M. Anderson
Patrick M. Jones
Lord, Bissell & Brook LLP
115 South LaSalle Street
Chicago, IL  60603


Marilyn Podemski
2477 SW Arden Road
Portland, OR  97201


Gary Bisaccio
2125 SW 4th Avenue
Portland, OR  97201


Dana Shelton, Recovery Specialist
Recovery Department
NOVA Information Systems, Inc.
7300 Chapman Highway
Knoxville, TN  37920


David Slader
David Slader Trial Lawyers P.C.
806 SW Broadway, Suite 400
Portland, OR  97205


Thomas W. Brown
Cosgrave Vergeer Kester LLP
805 SW Broadway, 8th Floor
Portland, OR  97205


Richard C. Josephson
Stephen A. Redshaw
Stoel Rives LLP
Suite 2600, 900 SW 5th Ave.
Portland, OR 97204


Richard Anderson
Anderson & Monson
Park Plaza West, Suite 460
10700 SW Beaverton-Hillsdale Hwy.
Beaverton, OR  97005


Hardy Myers
Fred C. Ruby
Department of Justice
1162 Court Street NE
Salem, OR  97301


Brad T. Summers
Daniel R. Webert
Ball Janik LLP
Suite 1100, 101 SW Main St.
Portland, OR 97204


Scott L. Jensen
Brownstein Rask et al.
1200 SW Main Building
Portland, OR  97205


David B. Levant
Stoel Rives, LLP
600 University Street, Suite 3600
Seattle, WA  98101


Karen Belair
Law Department
Union Pacific Railroad
1400 Douglas Street, MC 1580
Omaha, NE  68179-1580


Erin K. Olson
806 SW Broadway
Suite 800
Portland, OR  97205


James B. Davidson
Daniel P. Larsen
Ater Wynne  LLP
Suite 1800, 222 SW Columbia St.
Portland, OR 97201