**Albert N. Kennedy**, OSB No. 82142
   Direct Dial: (503) 802-2013
   Facsimile: (503) 972-3713
   E-Mail: al@tonkon.com
**Timothy J. Conway**, OSB No. 85175
   Direct Dial: (503) 802-2027
   Facsimile: (503) 972-3727
   E-Mail: tim@tonkon.com
**Michael W. Fletcher**, OSB No. 01044
   Direct Dial: (503) 802-2169
   Facsimile: (503) 972-3869
   E-Mail: michaelf@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204

Attorneys for Tort Claimants Committee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 04-37154-elp11 |
| ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON, AND SUCCESSORS, A CORPORATION SOLE, dba the ARCHDIOCESE OF PORTLAND IN OREGON, | **TORT CLAIMANTS COMMITTEE'S OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER (1) FIXING A BAR DATE AND (2) APPROVING A PROOF OF CLAIM, BAR DATE NOTICE, NOTICE PROCEDURE, AND MEDIA NOTICE PROGRAM** |
| Debtor. | |

## I. INTRODUCTION

The Roman Catholic Archbishop of Portland in Oregon, and Successors, a corporation sole, dba the Archdiocese of Portland in Oregon ("Debtor") has proposed fixing a bar date for tort claimants to file proofs of claim, a notice and claim form to be sent to known claimants, and a media program to provide constructive notice to unknown claimants. Debtor's approach to these issues raises serious due process concerns. To the extent Debtor seeks certainty and finality, its current approach will not achieve those goals.

First, Debtor must satisfy its obligations to ascertain its known claimants.

Page 1 of 13 - TORT CLAIMANTS COMMITTEE'S OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER (1) FIXING A BAR DATE AND (2) APPROVING A PROOF OF CLAIM, BAR DATE NOTICE, NOTICE PROCEDURE, AND MEDIA NOTICE PROGRAM

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 04-37154-tmb11    Doc 612    Filed 11/15/04

Second, it must give actual formal notice to reasonably ascertainable claimants. Third, Debtor must undertake efforts to provide unknown claimants reasonable constructive notice and a reasonable opportunity to present claims. To the extent it is unwilling or unable to do so—and the Tort Claimants Committee (the "Committee") acknowledges the difficulties presented in giving meaningful notice to those who were sexually abused as children—future claimants will not be barred. The Committee suggests an alternate approach.

## II. DUE PROCESS MANDATES NOTICE REASONABLY CALCULATED TO INFORM POTENTIAL CLAIMANTS

The Fifth Amendment provides that no persons shall be deprived of property without due process of law. U.S. Const. amend. V. An elementary and fundamental requirement of due process in any proceeding accorded finality is notice reasonably calculated, **under all the circumstances**, to apprise interested parties of the pendency of the action and afford them an opportunity to present objections. *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 314 (1950) (emphasis added). Although *Mullane* is not a bankruptcy case, it sets the standard for the notice required under the Due Process Clause in Chapter 11 bar date cases. *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 n.1 (3rd Cir. 1995), *cert. denied* 517 U.S. 1137 (1996).

Bankruptcy law divides creditors into two categories for the purpose of determining what constitutes proper notice of an upcoming bar date: known and unknown. Due process requires that the debtor's known creditors be given actual notice of the bar date. *See City of New York v. New York, New Haven & Hartford R.R.*, 344 U.S. 293 (1953). Unknown creditors are entitled to something less. In the ordinary case, constructive notification by publication will often suffice. *Chemetron*, 72 F.3d at 346.

### A. DEBTOR HAS AN OBLIGATION TO REASONABLY ASCERTAIN CLAIMANTS.

A "known" creditor includes both claimants whose identities are actually

Page 2 of 13 -  TORT CLAIMANTS COMMITTEE'S OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER
(1) FIXING A BAR DATE AND (2) APPROVING A PROOF OF CLAIM, BAR DATE NOTICE,
NOTICE PROCEDURE, AND MEDIA NOTICE PROGRAM

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 04-37154-tmb11   Doc 612   Filed 11/15/04

known to the debtor and those claimants whose identities are "reasonably ascertainable." *See Tulsa Professional Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988). A creditor's identity is "reasonably ascertainable" if the creditor can be identified through "reasonably diligent efforts." *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983). Reasonable diligence does not require "impracticable and extended searches . . . in the name of due process." *Mullane*, 339 U.S. at 317. A debtor need not search out each conceivable or possible creditor and urge the person to file a claim. *In re Charter Co.*, 125 B.R. 650, 654 (M.D. Fla. 1991). Instead, the requisite search focuses on the debtor's own books and records. At a minimum, a debtor needs to make a careful examination of its own documents to ascertain its creditors. *Chemetron*, 72 F.3d at 347. Claimants identifiable through a diligent search are reasonably ascertainable and, therefore, "known."

   Reasonable diligence in ferreting out known creditors is an inherently fact-based inquiry. In some situations, creditors may be reasonably ascertainable even though not identifiable through the debtor's own books and records. *Id.* at 347 n.2. What is certain in this case is that this Debtor has not yet done enough. To date it has identified in its filings and schedules only those creditors who had pending lawsuits when Debtor filed this case. At the same time, Debtor has freely acknowledged that it knows of potential claimants that it has not yet listed in its schedules. Privately, Debtor says that it is compiling some sort of confidential list.[1] Debtor's limited approach to date is clearly insufficient.

   Debtor has speculated that many potential claimants have chosen not to come forward and do not want to be identified. Regardless, they must be given formal notice if Debtor wants finality. The Ninth Circuit applied these principles in *In re Maya Construction Co.*, 78 F.3d 1395 (9th Cir.), *cert. denied* 519 U.S. 862 (1996). Maya Construction placed

---

[1] Susan Ford letter to Albert Kennedy dated November 2, 2004 noting "Debtor currently has an initial list, and will continue to amend that list until Debtor's review of its records is complete.

Page 3 of 13 - TORT CLAIMANTS COMMITTEE'S OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER (1) FIXING A BAR DATE AND (2) APPROVING A PROOF OF CLAIM, BAR DATE NOTICE, NOTICE PROCEDURE, AND MEDIA NOTICE PROGRAM

contaminated fill dirt on Levin's land, and Levin's lawyer subsequently demanded that Maya hold Levin harmless from all consequences. Levin apparently indicated that he did not intend to sue; when Maya Construction filed for reorganization on Chapter 11, it did not list Levin as a creditor. In a subsequent dispute, the Ninth Circuit held that Levin was a known contingent creditor. He had been denied formal notice and opportunity to object. Therefore, he was not bound by the debtor's reorganization plan.

*Maya Construction* illustrates that it is the debtor's knowledge of the creditor and not the creditor's state of mind concerning his claim, that controls whether the debtor has a duty to list the creditor on its schedules. *Id.* at 1398. The debtor's duty is not obviated by the fact that a contingent creditor does not presently intend to sue. The creditor could learn more or change his mind and, accordingly, is a known claimant entitled to actual formal notice.

A wide variety of circumstances can make a creditor ascertainable and, therefore, "known." Contingent claimants are known when they have written the debtor suggesting debtor's responsibility for damages. *Solow Building Co. v. A.T.C. Associates, Inc.*, 175 F. Supp. 2d 465 (E.D.N.Y. 2001) (CEO wrote project manager it would hold debtor responsible for any damages caused by failure to properly control asbestos). *In re Feldman*, 261 B.R. 568 (E.D.N.Y. 2001) (reasonable diligence revealing debtor's own records would have revealed prior correspondence indicating assignment of judgment). Telephone inquiry can make a claimant known. *See Matter of Crystal Oil Co.*, 158 F.3d 291 (5th Cir. 1998) (telephone call from state regulator concerning contaminated property created question of fact whether claimant was reasonably ascertainable when the debtor mistakenly concluded it was not the property owner). Debtors may be required to review public records to determine reasonably ascertainable creditors. *In re Argonaut Financial Services, Inc.*, 164 B.R. 107 (N.D. Cal. 1994) (Argonaut could have easily learned of assignment from county deed records and obtained list of assignees from third party or its own predecessor in interest.)

Page 4 of 13 - TORT CLAIMANTS COMMITTEE'S OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER (1) FIXING A BAR DATE AND (2) APPROVING A PROOF OF CLAIM, BAR DATE NOTICE, NOTICE PROCEDURE, AND MEDIA NOTICE PROGRAM

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 04-37154-tmb11    Doc 612    Filed 11/15/04

This Debtor may be able to identify contingent claimants from the testimony given by the survivors it has previously deposed or the lists of altar boys, students and youth who were exposed to known pedophile priests.

At a minimum, all individuals who have lodged informal complaints over the years (oral or written) and all individuals who have been identified as victims through Debtor's own internal investigations or as a result of defending prior lawsuits, should be given actual formal notice of the proposed claims bar date.

### B. DEBTOR MUST GIVE MEANINGFUL CONSTRUCTIVE NOTICE TO UNKNOWN CREDITORS

Debtor also has unknown creditors. An "unknown" creditor is one whose interests are either conjectural or future, or although they could be discovered upon investigation, they do not in the due course of business come to debtor's knowledge. *Mullane*, 339 U.S. at 317. Unknown creditors cannot be given actual formal notice, but Debtor is still required to provide meaningful constructive notice reasonably calculated under these circumstances to reach these contingent creditors and permit a reasonable time for them to respond. *Chemetron Corp. v. Jones*, 72 F.3d at 346.

### C. DEBTOR'S OWN CONDUCT HAS CREATED AN IMPAIRED GROUP OF INTENDED RECIPIENTS THAT REQUIRE SPECIAL EFFORTS TO NOTIFY

Actual formal notice has often been construed as notice by direct mail. *See Mennonite Board of Missions v. Adams*, 462 U.S. 791, 800 (1983); *Tulsa Professional Collections Serv. Inc. v. Pope*, 45 U.S. 478, 490 (1988). But a direct mail notice to a claimant's last known address does not necessarily comport with the requirements of due process. Adequacy of notice must always be evaluated by reference to the surrounding circumstances. As *Mullane* teaches:

> [P]rocess, which is a mere gesture, is not due process. The means employed must be such as one **desirous of actually**

Page 5 of 13 - TORT CLAIMANTS COMMITTEE'S OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER (1) FIXING A BAR DATE AND (2) APPROVING A PROOF OF CLAIM, BAR DATE NOTICE, NOTICE PROCEDURE, AND MEDIA NOTICE PROGRAM

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 04-37154-tmb11    Doc 612    Filed 11/15/04

|   |   |
|---|---|
| 1 | **informing** the absentee might reasonably adopt to accomplish it. |
| 2 |   |

3  *Mullane*, 339 U.S. at 315 (emphasis added).

4       Particularly extensive efforts to provide notice may often be required when
5 the intended recipient is inexperienced or incompetent. *Mennonite Board of Missions. See*
6 *also Covey v. Town of Somers*, 351 U.S. 141, 146-47 (1956) (written notice sent to an
7 incompetent taxpayer was inadequate); *United States v. 1 Toshiba Color Television*, 213 F.3d
8 147 (3rd Cir. 2000) (notice to incarcerated prisoner requires more than simply proof of
9 mailing.); *In re Grand Union Co.*, 204 B.R. 864 (Bankr. D. Del. 1997) (mailing of bar date
10 notice to a personal injury claimant whose exclusive representation by counsel is specifically
11 known by the debtor is inadequate). Here, the contingent claimants are victims who have
12 been disabled by Debtor's own conduct. It is that disability—for which Debtor is
13 responsible—that makes it difficult to provide the type of notice and opportunity mandated
14 by the Fifth Amendment.

15 **III. DEBTOR'S PROPOSED NOTICE AND CLAIMS PROCESS**

16       Debtor has proposed a locally focused and accelerated notice process. In the
17 90-day period leading up to the bar date, Debtor would undertake a mailing and publication
18 procedure to provide actual and potential claimants with notice. It would place a "plain
19 English" notice in newspapers, diocesan publications, the alumni newsletters of three
20 Catholic high schools, church bulletins, special websites, press releases and other media
21 venues. Debtor would also post the notice in its parishes and missions, and it would attempt
22 to list the notice on the websites of two cleric abuse victim advocacy groups. Because almost
23 all current tort claimants live in Washington and Oregon, Debtor plans to target these states.
24 It will make some effort elsewhere by printing the notice as a one-eighth page advertisement
25 in West Coast newspapers once a week for four consecutive weeks and taking unspecified
26 steps to provide nationwide publicity of the bar date and claims procedure. Debtor's Mot. of

Page 6 of 13 - TORT CLAIMANTS COMMITTEE'S OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER
(1) FIXING A BAR DATE AND (2) APPROVING A PROOF OF CLAIM, BAR DATE NOTICE,
NOTICE PROCEDURE, AND MEDIA NOTICE PROGRAM

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 04-37154-tmb11    Doc 612    Filed 11/15/04

8/14/04 at 16-17; Debtor's Mot., Ex. 4, at 1-2 ("Media Notice Program").

The notice would inform potential claimants that "[i]f you were abused or suffered any injury by a priest or other person working in ministry for the Archdiocese of Portland in Oregon or for a Catholic parish/school of the Archdiocese, you must act now to preserve your rights." Claimants would be required to complete the proposed claim form, which reads like a series of interrogatories and requests information about the persons involved, the timing and nature of the activities for which the claimant is asserting a claim, information about the injuries, the date claimant first realized that he or she had sustained an injury, information about the extent of damages and losses sustained, and information about any professionals or others that the claimant has consulted regarding the injury and claim. Debtor's Mot. Ex. 2 (proposed claim form) and Ex. 4, at 3 (proposed Legal Notice).[2]

### A. DEBTOR'S PROPOSAL WILL NOT COMPLY WITH DUE PROCESS

Based on his experience in evaluating hundreds of clerical abuse victims, Committee expert Dr. Jon R. Conte has concluded that Debtor's proposal fails to recognize well-established facts about the nature of childhood sexual abuse, its impact on victims when they become adults, and the complexity of the processes by which victims connect abuse and injury. Declaration of Jon R. Conte, Ph.D. (hereafter "Conte Decl.") at 4.

First, victims of childhood abuse experience a wide range of psychological symptoms, including cognitive distortions, inability to maintain healthy relationships, intimacy disorders, depression and anxiety. However, many victims do not recognize the origins of their symptoms. Others have pushed their abuse from conscious memory and do not become symptomatic until middle age.[3] Some victims do not become symptomatic until

---

[2] The Committee has developed a simple form of notice and claim form we think more appropriate. We have provided these to Debtor's counsel for discussion.

[3] In Dr. Conte's experience, clerical abuse victims are particularly likely to "dissociate" from their experience. Some perpetrators instructed their victims to make confession to them for the abuse, as if the children were the persons who sinned. Some victims reported the abuse

Page 7 of 13 - TORT CLAIMANTS COMMITTEE'S OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER (1) FIXING A BAR DATE AND (2) APPROVING A PROOF OF CLAIM, BAR DATE NOTICE, NOTICE PROCEDURE, AND MEDIA NOTICE PROGRAM

Tonkon Torp LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440
Case 04-37154-tmb11    Doc 612    Filed 11/15/04

they are directly confronted with the fact of their abuse, such as when their abuser is publicly exposed.[4] *Id.* at 5-7.

Moreover, many victims do not readily connect their symptoms with the abuse they experienced as children. Instead, they attribute causality to factors that are unrelated to their abuse, or they may even deny that they are suffering an injury. As Dr. Conte notes:

> [u]nderstanding the connection between an event and an injury . . . . requires some level of insight or appreciation that behavior and other psychological processes are causally associated with events that may not have been thought about for years. It requires a degree of openness or willingness to forgo cognitive processes such as defenses (e.g., denial) that serve to protect the individual from acknowledging the thoughts that cause anxiety (e.g., "my drinking really is a problem and I am causing my wife and children worry when I drink.").

*Id.* at 9.

Finally, the scholarly literature on sexual abuse shows that social and cultural barriers prevent many victims from stepping forward. Some victims are embarrassed or conflicted about their childhood abuse and are reluctant to disclose it. Some do not understand what has happened to them to be "abuse" or its consequences to be "injury." A boy who was genitally fondled, for example, might believe that "abuse" only involves oral-genital contact. Another victim might understand that he is an angry person but not realize that anger is a form of injury. *Id.* at 9-10. As a consequence, many victims do not disclose their abuse unless they are asked "behaviorally specific" questions that avoid abstract labels. *Id.* at 11-12 (summarizing research on strategies for interviewing sexual abuse victims who

---

to an adult who disbelieved or even punished the child for saying bad things about a cleric. In these situations, "denial, minimization, avoidance and rationalization become ways that the child victim pushes the sexual abuse from conscious memory." Conte Decl. at 7.

[4] For these reasons, Oregon law provides that the statute of limitations for child abuse claims does not begin to run until the plaintiff discovers, or reasonably should have discovered, the injury or the causal connection between the injury and the abuse. *See Jasmin v. Ross*, 177 Or. App. 210, 213-14 (2001), *discussing* O.R.S. § 12.117.

**Page 8 of 13** - TORT CLAIMANTS COMMITTEE'S OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER (1) FIXING A BAR DATE AND (2) APPROVING A PROOF OF CLAIM, BAR DATE NOTICE, NOTICE PROCEDURE, AND MEDIA NOTICE PROGRAM

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 04-37154-tmb11    Doc 612    Filed 11/15/04

initially fail to acknowledge their abuse).

The Supreme Court cautioned in *Mullane* that due process requires the use of means "such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." 339 U.S. at 315. Debtor's proposed notice process will not satisfy due process. It does not recognize, let alone accommodate, the difficulties of reaching its target audience, many of whose members are ambivalent about disclosing their abuse, or perhaps even unaware that they are qualified to file a claim. The accelerated nature of the notice process and the imposition of an early bar date will not give conflicted or reluctant victims sufficient time to decide whether or not to file a claim. Conte Decl. at 13. Indeed, for some victims, Debtor's publicity may be a trauma-inducing event that makes it even more difficult to step forward. *Id.* at 18-19. Debtor's proposal to place the notice in western newspapers and church publications will not reach victims who have left this region of the country, distanced themselves from the Catholic church or religion altogether, or simply do not read the newspaper. *Id.* at 15. In addition, the language of the proposed notice is so general, and it will appear so briefly, that it is unlikely to reach victims who are avoidant, unaware or dissociative. *Id.* at 14.

B. **DUE PROCESS REQUIRES A LENGTHY AND GEOGRAPHICALLY EXTENSIVE MEDIA CAMPAIGN THAT ACCOMMODATES THE PSYCHOLOGY OF SEXUAL ABUSE VICTIMS**

It is possible to target the diverse—and dispersed—population of potential claimants in a manner that conforms with due process. However, any plan that takes into account the unique challenges of reaching sexual abuse victims will require considerable time, effort and expense. As Dr. Conte explains, reaching potential claimants will require the development of factually specific notices and their dissemination through a lengthy, sophisticated media campaign involving printed advertisements, widespread mailings and public service announcements ("PSAs"). *Id.* at 14-16.

In the first place, the campaign would require notices that can resonate with

Page 9 of 13 - TORT CLAIMANTS COMMITTEE'S OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER (1) FIXING A BAR DATE AND (2) APPROVING A PROOF OF CLAIM, BAR DATE NOTICE, NOTICE PROCEDURE, AND MEDIA NOTICE PROGRAM

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 04-37154-tmb11    Doc 612    Filed 11/15/04

victims who do not regard what happened to them as "abuse" or "injury," as well as stimulate recall in victims who have pushed their abuse from conscious memory. The notices must contain behaviorally specific language so that abuse victims "understand that . . . what happened to them in childhood . . . is being addressed in the Notice." *Id.* at 14. The notices should contain pictures of known pedophiles as they looked at the time of the abuse. They should reference specific parishes, schools and institutions where the abuse took place, as well as the timeframe when the offender was engaging in the abuse. *Id.*

The notices and other aspects of the campaign would also need to address—and help potential claimants overcome—the feelings of responsibility, confusion, embarrassment and shame that prevent many clerical abuse victims from ever stepping forward. An advertising campaign in which clerical abuse victims reflected on their life experiences and the social and emotional consequences of disclosing abuse would be helpful in this regard. It would also be advisable to find a prominent and trusted spokesperson for the entire campaign. In addition to printed notices, it will be necessary to spread the campaign's message through PSAs, which may be the only means of reaching abuse victims who do not read the newspaper and do not receive direct notice from Debtor. *Id.* at 16.

In addition, the campaign must address the needs of potential claimants who experience trauma as a result of receiving notice. At a minimum, the notices would need to offer information about victim advocate and support groups that can provide assistance. It would also be necessary to create a website that directs traumatized claimants to the appropriate institutions and organizations. *Id.* at 19.

Once Debtor develops appropriate notices, advertisements, web resources and PSAs, it will be necessary to devise a dissemination strategy that is both "wide" and "deep." Although Debtor has proposed a notice campaign that focuses on Washington and Oregon, Dr. Conte has found that many abuse victims leave their home communities to avoid being reminded of their childhood experiences. Perversely, a notice campaign that focuses almost

Page 10 of 13 - TORT CLAIMANTS COMMITTEE'S OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER (1) FIXING A BAR DATE AND (2) APPROVING A PROOF OF CLAIM, BAR DATE NOTICE, NOTICE PROCEDURE, AND MEDIA NOTICE PROGRAM

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 04-37154-tmb11    Doc 612    Filed 11/15/04

exclusively on the Pacific Northwest may fail to reach highly damaged victims who have moved the furthest away. Debtor will therefore need to ensure that the campaign's scope is national rather than merely regional. *Id.* at 15.

Along with broad nationwide publicity, a reasonably effective campaign must attempt to reach abuse victims directly. Parish, school and camp records will contain the names and childhood addresses of potential claimants, but this information is likely to be outdated. Because most potential claimants have established their own households, notices sent to their former residences would only reach their elderly parents, who may be unwilling to entertain the notion that their child was abused by a cleric.[5] *Id.* at 18.

Finally, the campaign will not be effective unless the notices and PSAs run frequently and for a lengthy period of time. Media experts have found that only 50 percent of a typical audience recognizes and complies with the message of a PSA after hearing it 10 times. It is thus likely that the notice campaign will require even more frequent messages because many members of its target audience are dissociative, ambivalent about disclosing their abuse, or currently unable to connect their abuse to their injuries. *Id.* at 16.

### C. THE COMMITTEE'S PROPOSED MEDIA CAMPAIGN

The Committee has taken steps to develop a proposed media campaign. Dr. Conte has reviewed these initial efforts and concluded that as a general strategy, the Committee's campaign is consistent with his initial Declaration. *See* Supplemental Declaration of Jon R. Conte, Ph.D., dated November ____, 2004. The general content of the campaign and associated printed materials prepared for distribution should be reviewed by focus groups of survivors, their families and researchers to ensure effectiveness. The media campaign should also be supplemented by a direct mailing to the general public or a targeted mailing to Catholic families possibly exposed to priest sexual abuse.

---

[5] In any event, our society is so mobile that a large percentage of abuse victims' parents are probably no longer at the addresses found in old parish, school and camp records.

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

It would be extremely expensive to implement the necessary media campaign in the geographic regions identified by Debtor.[6] A narrower effort over a one-year period focused on Oregon media markets could be accomplished at a cost of approximately $4-5 million. *See* Committee's Victim Outreach Plan at 15.

### IV. COMPLYING WITH THE REQUIREMENTS OF DUE PROCESS MAY NOT BE POSSIBLE ABSENT APPOINTMENT OF A FUTURE CLAIMS REPRESENTATIVE

The Committee recognizes the expense and difficulty of providing meaningful notice that would satisfy due process. As we noted in out Memorandum of July 30, 2004, the Debtor itself has identified 37 priests accused of sexual misconduct, yet only six priests are associated with the currently listed tort claimants. The Committee believes that there are a significant number of potential future claimants, victims of prepetition conduct who have not yet discovered (due to psychological repression of the abuse) the causal connection between the abuse and their injuries. *See* O.R.S. § 12.117. The Court should appoint a Future Claims Representative, preferably as soon as possible. As one bankruptcy judge noted in an early asbestos case, appointment of such a representative "is the only means available to provide at least minimum representation" to potential claimants who cannot be notified and perhaps have not yet manifested injury. *In re Forty-Eight Insulations, Inc.*, 58 B.R. 476, 478 (Bankr. N.D. Ill. 1986); *see also In re Eagle-Picher Indus., Inc.*, 203 B.R. 256, 261 (Bankr. S.D. Ohio 1996).

Debtor is far from insolvent, and the Committee has no reason at this juncture to doubt Debtor's long-term ability to satisfy any tort claims that come to light in the future. A Future Claims Representative can protect the interests of these contingent claimants by participating in the selection of a bar date, constructive notice procedures, the estimation of Debtor's future liability, and the development of a process for the disposition of such claims

---

[6] The Committee's advisers estimate that an effective media campaign in the western United States over a one-year period would likely cost over $37 million.

Page 12 of 13 - TORT CLAIMANTS COMMITTEE'S OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER (1) FIXING A BAR DATE AND (2) APPROVING A PROOF OF CLAIM, BAR DATE NOTICE, NOTICE PROCEDURE, AND MEDIA NOTICE PROGRAM

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 04-37154-tmb11    Doc 612    Filed 11/15/04

when they do come to light.

## V. CONCLUSION

For the foregoing reasons, the Court should reject Debtor's proposed claim form and notice program. A Future Claims Representative should be appointed and effective notice procedures adopted.

DATED this 15th day of November, 2004.

TONKON TORP LLP

By /s/ Albert N. Kennedy
ALBERT N. KENNEDY, OSB No. 82142
Attorneys for Tort Claimants Committee

032545\00001\599684 V001

Page 13 of 13 - TORT CLAIMANTS COMMITTEE'S OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER (1) FIXING A BAR DATE AND (2) APPROVING A PROOF OF CLAIM, BAR DATE NOTICE, NOTICE PROCEDURE, AND MEDIA NOTICE PROGRAM

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 04-37154-tmb11    Doc 612    Filed 11/15/04

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **TORT CLAIMANTS COMMITTEE'S OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER (1) FIXING A BAR DATE AND (2) APPROVING A PROOF OF CLAIM, BAR DATE NOTICE, NOTICE PROCEDURE, AND MEDIA NOTICE PROGRAM** on the parties on the attached List of Interested Parties by:

☒ mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to each party's last-known address and depositing in the U.S. mail at Portland, Oregon on the date set forth below;

☐ causing a copy thereof to be hand-delivered to each party at each party's last-known address on the date set forth below;

☐ sending a copy thereof via overnight courier in a sealed, prepaid envelope, addressed to each party's last-known address on the date set forth below;

☐ faxing a copy thereof to each party at such party's last-known facsimile number on the date set forth below; or

☐ e-mailing a copy thereof to each party at such party's last-known e-mail address on the date set forth below.

DATED this 15th day of November, 2004.

TONKON TORP LLP

By _____
ALBERT N. KENNEDY, OSB No. 82142
Attorney for Tort Claimants Committee

032545\00001\599684 V001

Page 1 of 1 - CERTIFICATE OF SERVICE

# LIST OF INTERESTED PARTIES

<u>In re Roman Catholic Archbishop of Portland in Oregon, and Successors, a corporation sole</u>
U.S. Bankruptcy Court Case No. 04-37154-elp11

Thomas W. Stilley
William N. Stiles
**Sussman Shank LLP**
1000 S.W. Broadway, Suite 1400
Portland, OR 97205-3089
    Attorneys for Debtor **Roman Catholic Archbishop of Portland in Oregon**

Pamela J. Griffith
**U.S. Trustee's Office**
620 S.W. Main Street, Room 213
Portland, OR 97205

**Donn Christiansen**
c/o Michael S. Morey
Michael S. Morey P.C.
8 N. State Street, Suite 301
Lake Oswego, OR 97034
    Chairman, Tort Claimants Official Committee

Scott Beckstead
Attorney at Law
P. O. Box 700
Waldport, OR 97394
    Attorneys for Tort Claimant **Peter F. Carlich**

**John Pincetich**
P. O. Box 2023
Gearhart, OR 97138
    Interested Party

**REQUESTS FOR NOTICE:**

Joseph A. Field
Field & Associates
610 S.W. Alder Street, Suite 910
Portland, OR 97205
    Attorneys for **ACE Group and ACE Property & Casualty Company**

Kevin P. Kamraczewski
Robert Millner
Sonnenschein, Nath & Rosenthal, LLP
8000 Sears Tower
Chicago, IL 60606
    Attorneys for **ACE Group and ACE Property & Casualty Company**

Richard T. Anderson, Jr.
**Anderson & Monson, P.C.**
Park Plaza West - Suite 460
10700 SW Beaverton-Hillsdale Hwy.
Beaverton, OR 97005
    Interested Party

Peter C. McKittrick
Tara J. Schleicher
Farleigh, Wada & Witt, P.C.
600 Bank of America Financial Center
121 S.W. Morrison Street
Portland, OR 97204-3192
    Attorneys for Tort Claimants **C.B., John Doe 104, John Doe 105 and John V. Doe**

Kevin K. Strever
William A. Barton
Barton & Strever P.C.
214 S.W. Coast Highway
P. O. Box 870
Newport, OR 97365
    Attorneys for Tort Claimant **C.B**

Richard C. Josephson
Stephen A. Redshaw
Stoel Rives LLP
900 S.W. Fifth Avenue, Suite 2600
Portland, OR 97204-1268
    Attorneys for **Catholic Charities of Oregon, Inc. and Catholic Youth Organization/Camp Howard**

David B. Levant
Stoel Rives LLP
Suite 3600, One Union Square
600 University Street
Seattle, WA 98101-3197
    Attorneys for **Catholic Charities of Oregon, Inc. and Catholic Youth Organization/Camp Howard**

Gary A. Bisaccio
Attorney at Law
2125 S.W. Fourth Avenue, Suite 600
Portland, OR 97201
    Attorneys for **Matthew J. Clemens**

Karl I. Mullen
Attorney at Law
8225 S.W. Fairway Drive, Suite 100
Portland, OR 97225
    Attorneys for Creditors **Nathan and Deborah DuFresne**

**Paul E. DuFresne**
5135 S.W. 85th Avenue
Portland, OR 97225

**G.G., RWF, DC and David Coombs**
c/o Michael S. Morey
Michael S. Morey P.C.
8 N. State Street, Suite 301
Lake Oswego, OR 97034

**Cameo L. Garrett**
4875 Harnden Road
Cashmere, WA 98815
    Creditor Pro Se

Russell D. Garrett
John A. Bennett
Bullivant, Houser, Bailey, P.C.
805 Broadway Street, Suite 400
Vancouver, WA 98660-2962
    Attorneys for **General Insurance Co. of America**

Debra A. Dandeneau
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153
    Attorneys for **General Insurance Co. of America**

Charles R. Markley
**Greene & Markley, P.C.**
1515 S. W. Fifth Avenue, Suite 600
Portland, Oregon 97201
    Interested Party

**Gary W. Hahn**
Hahn and Associates, Inc.
Environmental Consultants
434 N. W. Sixth Avenue, Suite 203
Portland, OR 97209-3651
    Unsecured Creditor

**Holy Family Catholic Church**
3732 S.E. Knapp Street
Portland, OR 97202

Kelly W.G. Clark
O'Donnell & Clark, LLP
1706 N.W. Glisan Street, Suite 6
Portland, OR 97209
    Attorneys for Priest Abuse Claimants SNB, **JC**, AGY and REC, JCM, **John Doe 1**, John Smith, LD, DM, FM, HS and MM, GM, RM, CM, BG and MJ

Neil T. Jorgenson
Attorney at Law
520 SW Sixth Avenue, Suite 820
Portland, OR 97204-1514
    Attorneys for **Priest Abuse Claimants** SNB, JC, AGY and REC, JCM, **John Doe 1**, John Smith, LD, DM, FM, HS and MM, GM, RM, CM, BG and MJ

Catherine S. Travis
Lane Powell Spears Lubersky LLP
601 S.W. Second Avenue, Suite 2100
Portland, OR 97204-3158
    Attorneys for **KeyBank N.A.**

Margaret M. Anderson
Patrick M. Jones
Lord, Bissell & Brook LLP
115 South LaSalle Street
Chicago, IL 60603
    Attorneys for Certain Underwriters at **Lloyd's London**

Thomas W. Brown
Cosgrave Vergeer Kester LLP
805 S.W. Broadway, 8th Floor
Portland, OR 97205
    Attorneys for Certain Underwriters at **Lloyd's London**

**Craig McMillin**
Mills & McMillin, P.C.
715 Commercial Street, N.E.
Salem, OR 97301

Thomas C. Sand
Jerry B. Hodson
Teresa H. Pearson
**Miller Nash LLP**
111 S.W. Fifth Avenue, Suite 3400
Portland, OR 97204
    Special Counsel for Debtor

Robert J. Vanden Bos
Vanden Bos & Chapman, LLP
Suite 520, The Spalding Building
319 S.W. Washington Street
Portland, OR 97204-2690
    Attorneys for **Michael S. Morey**

Dana Shelton
Recovery Specialist - Recovery Dept.
**NOVA Information Systems, Inc.**
7300 Chapman Highway
Knoxville, TN 37920

**Phoebe Joan O'Neill**
1500 S.W. Fifth Avenue, Unit 703
Portland, OR 97201

Aaron Munter, Executive Director
**Oregon Educational Technology Consortium (OETC)**
8995 S.W. Miley Road, Suite 101
Wilsonville, OR 97070-5485

John L. Langslet
Scott A. Kamin
Martin, Bischoff, Templeton,
  Langslet & Hoffman
900 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204
    Attorneys for **Oregon Insurance Guaranty Association**

Steven M. Hedberg
Douglas R. Pahl
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128
    Attorneys for **Parishes and Parishioners Committee**

**Marilyn Podemski**
Attorney at Law
2477 S.W. Arden Road
Portland, OR 97201

James A. Hayes, Jr.
Cummins & White, LLP
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660
    Attorneys for **Roman Catholic Bishop of Orange (California)**

L. Martin Nussbaum
Eric Hall
**Rothgerber Johnson & Lyons LLP**
Wells Fargo Tower, Suite 1100
90 South Cascade Avenue
Colorado Springs, CO 80903
    Special Counsel for Debtor

Jonathan E. Cohen
Jonathan E. Cohen, P.C.
1450 American Bank Building
621 S.W. Morrison Street
Portland, OR 97205
    Attorneys for **St. Mary's Home**

Steven C. Berman
Stoll Stoll Berne
  Lokting & Shlachter, P.C.
209 S.W. Oak Street, Suite 500
Portland, OR 97204-2798
    Attorneys for **St. Mary's Home**

Eric J. Neiman
Heather J. Van Meter
Williams, Kastner & Gibbs PLLC
333 S.W. Taylor Street
Portland, OR 97204-2496
    Attorneys for **Saint Paul Mercury Indemnity Company and St. Paul Fire and Marine Insurance Company**

Scott L. Jensen
Brownstein, Rask, Sweeney, Kerr, Grim, DeSylvia & Hay, LLP
1200 S.W. Main Street
Portland, OR 97205-2040
    Attorneys for **St. Therese Parish and Reimers & Jolivette, Inc.**

Thomas V. Dulcich
Margaret Hoffman
**Schwabe Williamson & Wyatt PC**
1600-1800 Pacwest Center
1211 SW Fifth Avenue
Portland, OR 97204
    Special Counsel for Debtor

Linda Boyle
**Time Warner Telecom Inc.**
10475 Park Meadows Dr., #400
Littleton, CO 80124

Mary Ann Kilgore
General Attorney
**Union Pacific Railroad Company**
1400 Douglas Street, MC 1580
Omaha, NE 68179

Fred C. Ruby
Assistant Attorney General
Department of Justice
1162 Court Street, N.E.
Salem, OR 97301-4096
    Attorneys for **State of Oregon, Department of Human Resources, Oregon Youth Authority and MacLaren School for Boys**

Erin K. Olson
Law Office of Erin Olson, P.C.
806 SW Broadway, Suite 800
Portland, OR 97205-3310
    Attorneys for Tort Claimants **Gary Mitts, Kenneth Nail, Stephen Walsh, MJD, CS, GP, James Devereaux, MY and SL**

Brad T. Summers
Daniel R. Webert
Ball Janik LLP
1100 One Main Place
101 S.W. Main Street
Portland, OR 97204-3219
    Attorneys for **Central Catholic High School**

David L. Slader
David Slader Trial Lawyers P.C.
Jackson Tower - Suite 400
806 SW Broadway
Portland, OR 97205
    Attorneys for **Tort Claimants S.L., G.P., H.S.2, J.C.1, J.D., S.W., M.J.D. and M.Y.**

032545\00001\582996 V001