CLERK U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

JUN 1 6 2005

LODGED_____REC'D___
PAID_____DOCKETED_____
AFTER 4:30 P.M.

David A. Foraker, OSB # 81228
Greene & Markley, P.C.
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile:   (503) 224-8434
E-mail: david.foraker@greenemarkley.com

Attorneys for Future Claimants Representative

Howard M. Levine, OSB # 80073
Sussman Shank LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205
Facsimile: (503) 248-0130
E-mail: tom@sussmanshank.com

Attorneys for Debtor in Possession

Albert N. Kennedy, OSB # 82142
Tonkon Torp LLP
Suite 1600
888 SW Fifth Avenue
Portland, OR 97204
Facsimile: (503) 972-3713
E-mail: al@tonkon.com

Attorneys for Tort Claimants Committee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| In re | ) Case No. 04-37154-elp11 |
|-------|---------------------------|
| Roman Catholic Archbishop of Portland in Oregon, and successors, a corporation sole, | ) Chapter 11 |
| Debtor. | ) JOINT MOTION FOR ORDER APPROVING AGREEMENT REGARDING CLASS ACTION STRUCTURE |

David A. Foraker, the Future Claimants Representative in this case (the "FCR"),

Roman Catholic Archbishop of Portland in Oregon, and successors, a corporation sole

(the "Debtor"), and the Tort Claimants Committee (the "Committee," and together with

**Page 1 of 8 -**  JOINT MOTION FOR ORDER APPROVING AGREEMENT REGARDING
CLASS ACTION STRUCTURE

\5753\p Joint Mtn for Order re Class Action.wpd
GREENE & MARKLEY, P.C.
Attorneys at Law
1515 S.W. Fifth Avenue, Suite 600
Portland, Oregon 97201
Telephone (503) 295-2668

the FCR and the Debtor, "Movants") jointly move for an order approving the Agreement Regarding Class Action Structure, dated as of June 15 , 2005, substantially in the form of the attached Exhibit A (the "Agreement"). In support of this motion, Movants represent:

**Relevant Case Background**

1.     On July 6, 2004, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to manage its affairs as debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

2.     On July 14, 2004, the United States trustee filed a statement appointing the Committee as a statutory committee under section 1102 of the Bankruptcy Code to represent the interests of holders of tort claims against the Debtor.

3.     On December 20, 2004, pursuant to this Court's December 20, 2004, Order Appointing Future Claimants Representative (the "FCR Appointment Order"), the FCR was appointed by this Court to represent the interests of "Future Claimants" (as defined in the FCR Appointment Order).

4.     On August 11, 2004, the Committee commenced Adversary Proceeding No. 04-3292-elp (the "TCC Proceeding"), seeking a judgment determining that "Disputed Property," as identified in the Complaint filed in the TCC Proceeding, is part of the Debtor's bankruptcy estate free of the interests of any other entity. The Committee has sought leave from the Court to file an amended complaint in the TCC Proceeding to, among other things, (i) obtain certification pursuant to Rule 7023 of the Federal Rules of Bankruptcy Procedure of a class consisting of "all parishioners, donors, students, alumni, parents and interested parties who contend that they have an equitable or beneficial interest in the Disputed Property [as such term is redefined in the proposed amended complaint]" and (ii) join additional defendants. The Debtor and the Committee of Catholic Parishes, Parishioners and Interested Parties in the Archdiocese of Portland in

**Page 2of 8 -**   JOINT MOTION FOR ORDER APPROVING AGREEMENT REGARDING
CLASS ACTION STRUCTURE          \5753\p Joint Mtn for Order re Class Action.wpd

Oregon (the "Committee of Parishioners") objected to the Committee's proposed class structure and, at the Court's direction, jointly submitted a proposed class structure for the organization and representation of parishes and parishioners in relation to matters at issue in the TCC Proceeding.

5. On April 4, 2005, in accordance with this Court's directive, the Committee of Parishioners filed a Precautionary Motion Regarding Use of Parish Donations (Dkt #998) (the "Committee of Parishioners' Payment Motion"). By that motion, the Committee of Parishioners seek authority, if necessary, to use funds collected from parishes that are members of the Committee of Parishioners for the purpose of paying to Perkins Coie LLP amounts owing and to be owing to it for legal services rendered to or in connection with the formation of the Committee of Parishioners. As of June 13, 2005, the total amount collected by the Committee of Parishioners from such parishes was $227,742.88 (inclusive of $208.88 in interest earnings).

6. On May 10, 2005, in accordance with this Court's directive, the Central Catholic High School Alumni Association and the Central Catholic High School Parents Association (together with the Central Catholic High School Alumni Association, the "Central Catholic Associations") filed a Precautionary Motion Regarding Use of Donations (Dkt #1099) (the "Central Catholic Associations' Payment Motion"). By that motion, the Central Catholic Associations seek authority, if necessary, to use funds held by Central Catholic High School for the purpose of paying Ball Janik LLP amounts owing and to be owed to it for its representation of the Central Catholic Associations in connection with the TCC Proceeding.

## Relief Requested

7. By this motion, Movants seek an order under sections 105(a), 363(b) and 503(b) of the Bankruptcy Code approving the Agreement and, to the extent necessary, authorizing the parties thereto to perform their respective obligations under the

**Page 3of 8 -** JOINT MOTION FOR ORDER APPROVING AGREEMENT REGARDING
CLASS ACTION STRUCTURE

\5753\p Joint Mtn for Order re Class Action.wpd
GREENE & MARKLEY, P.C.
Attorneys at Law
1515 S.W. Fifth Avenue, Suite 600
Portland, Oregon 97201
Telephone (503) 295-2668

Agreement.

**Points and Authorities**

8.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § § 157 and 1334 and LR 2100-1. This motion is a core matter under 28 U.S.C. § 157(b)(2)(A) and (M). Venue is proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409. The statutory predicates for the relief sought by this motion are 11 U.S.C. § § 105(a), 363(b) and 503(b).

9.    Bankruptcy courts have "considerable discretion in deciding whether to approve or disapprove the use of estate property by a debtor in possession, in the light of sound business justification." *In re Walter*, 83 BR 14, 17 (9th Cir BAP 1988). It appears that the legal standard for approval of the Agreement is whether the Debtor properly exercised its business judgment in deciding to enter into the Agreement, giving primary consideration to what is in the best interest of the estate. Compare *In re Knight*, 211 BR 747, 749 (Bankr D OR 1997) (Higdon, J.) (discussing standard for assumption or rejection of unexpired lease under section 365(a)) with 3 *Collier on Bankruptcy* (15th Ed Rev) ¶ 363.02[1][f] (discussing the standards for approval of sales of estate property outside the ordinary course of business under section 363(b)).

10.    Each of the Movants has determined, in the reasonable exercise of his or its business judgment, that implementation of the Agreement is in the best interest of the estate and beneficial to that party or to the constituency represented by that party, as the case may be. By the Agreement, Movants, along with the Committee of Parishioners, the Central Catholic Associations, Friends of Regis High School and the Marist High School Parent and Alumni Service Club, seek to (i) resolve among themselves issues and disputes concerning the persons to be joined as defendants in the TCC Proceeding and with regard to a class of defendants to be certified in the TCC Proceeding and (ii) provide the means for maintaining the TCC Proceeding as a class action. Under the

\5753\p Joint Mtn for Order re Class Action.wpd

GREENE & MARKLEY, P.C.
Attorneys at Law
1515 S.W. Fifth Avenue, Suite 600
Portland, Oregon 97201
Telephone (503) 295-2668

terms of the Agreement, the parties agree, among other things, to: (a) the composition of a class of defendants (the "Class") consisting generally of all parishes located in the territory of the Debtor and of all persons and entities (including parishioners) that have made or hereafter make contributions to or for the benefit of any parish or "Parish Property" (as defined therein); (b) the appointment of Perkins Coie LLP as class counsel to the Class; (c) the rights and protections to be granted the representatives for the Class (the "Class Representatives"); and (d) the means and manner for the funding of the costs and legal expenses of the Class Representatives and of the various defendants in the TCC Proceeding.

11.    An issue of central importance to this case is whether or not the property of the parishes and high schools located in the territory of the Debtor is property of the estate that is available to satisfy the Debtor's prepetition claims. That key issue is the subject of the TCC Proceeding. The Debtor, the Central Catholic Associations and the Committee of Parishioners have asserted variously that not all parties who need to be joined as defendants in the TCC Proceeding have been joined. The Committee disputes the assertions that the parishes and schools are necessary parties to the TCC Proceeding and has filed a motion for partial summary judgment seeking, among other things, a determination that the parishes and schools do not have any legal existence under civil law separate from the Debtor and, for that reason, are not necessary parties to the TCC Proceeding. Movants believe that the most practical and efficient way for the parties to proceed with that litigation is for the Court to certify the Class and for the claims for relief that relate to the Disputed Property of the high schools to be defended by the Central Catholic Associations, Friends of Regis High School and the Marist High School Parent and Alumni Service Club, as applicable. Certification of the Class will benefit the estate by (i) allowing the TCC Proceeding to move forward in an expeditious and economical manner and (ii) ensuring that a final resolution, binding on the members of

**Page 5of 8 -**    JOINT MOTION FOR ORDER APPROVING AGREEMENT REGARDING
CLASS ACTION STRUCTURE                          \5753\p Joint Mtn for Order re Class Action.wpd

GREENE & MARKLEY, P.C.
Attorneys at Law
1515 S.W. Fifth Avenue, Suite 600
Portland, Oregon 97201
Telephone (503) 295-2668

the Class, can be had with regard to Parish Property. Similarly, providing the means for the funding of the litigation expenses of the Central Catholic Associations and Friends of Regis High School is necessary for them to defend the claims for relief that relate to the Disputed Property of Central Catholic High School or Regis High School. [1]

12.   The Agreement, if approved by this Court, would, among other things:

(a)   Obligate the Debtor and its estate to indemnify and hold harmless each of the Class Representatives from and against any and all demands, claims, losses, damages, liabilities, costs and expenses, including reasonable attorney's fees, incurred by reason of or arising out of or in connection with actions taken or omitted to be taken by them in serving as Class Representatives except for those that result from willful misconduct or gross negligence; provided, however, that the maximum amount of the liability of the Debtor and its estate for indemnification to all Class Representatives will be One Million Dollars ($1,000,000.00) in the aggregate.

(b)   Resolve the Committee of Parishioners' Payment Motion by authorizing the Committee of Parishioners to use funds collected from parishes to pay its legal expenses and by obligating the Debtor and its estate to pay, as administrative expenses allowable under section 503(b) of the Bankruptcy Code, all costs and expenses (including legal expenses) that are reasonably and necessarily incurred by (i) the Committee of Parishioners through the date on which the Class is certified and (ii) the Class Representatives in representing the Class in the TCC Proceeding, to the extent that the funds that have been or are hereafter collected from parishes by the Committee of Parishioners are insufficient in amount to pay them.

(c)   Resolve the Central Catholic Associations' Payment Motion by

---

[1]Marist High School Parent and Alumni Service Club is funding its litigation expenses from sources other than funds held by Marist High School.

**Page 6of 8 -**   JOINT MOTION FOR ORDER APPROVING AGREEMENT REGARDING CLASS ACTION STRUCTURE

\5753\p Joint Mtn for Order re Class Action.wpd

GREENE & MARKLEY, P.C.
Attorneys at Law
1515 S.W. Fifth Avenue, Suite 600
Portland, Oregon 97201
Telephone (503) 295-2668

authorizing Central Catholic High School to pay, from funds held by it, all costs and expenses (including legal expenses) that are reasonably and necessarily incurred by the Central Catholic Associations in connection with the TCC Proceeding.

(d)   Authorize Regis High School to pay, from funds held by it, all costs and expenses (including legal expenses) that are reasonably and necessarily incurred by the Friends of Regis High School in connection with the TCC Proceeding.

(e)   Authorize the Debtor to purchase liability insurance for the Class Representatives.

(f)   Grant the Tort Claimants Committee derivative standing to assert, with regard to the Disputed Property in the TCC Proceeding, the Debtor's rights and powers, as debtor in possession, under section 544(a)(3) of the Bankruptcy Code.

(g)   Require the parties to the Agreement to make best efforts to obtain an order in the TCC Proceeding that would relieve each of the Class Representatives of any liability to any member of the Class for any action taken or omitted to be taken in serving as a Class Representative except for liability for claims, losses and damages resulting from willful misconduct or gross negligence. [2]

///

///

///

///

///

///

_____

[2]The summary in paragraph 12 of this motion is provided for purposes of highlighting for the Court and parties the principal provisions that are deemed material to the Debtor's estate. That summary is qualified in its entirety by reference to the full text of the Agreement. If any inconsistency exists between the summary and the Agreement, the terms of the Agreement control.

**Page 7of 8 -**   JOINT MOTION FOR ORDER APPROVING AGREEMENT REGARDING
CLASS ACTION STRUCTURE                \5753\p Joint Mtn for Order re Class Action.wpd

GREENE & MARKLEY, P.C.
Attorneys at Law
1515 S.W. Fifth Avenue, Suite 600
Portland, Oregon 97201
Telephone (503) 295-2668

13.   For the foregoing reasons, the Agreement should be approved and, to the extent necessary, the parties thereto should be authorized to perform their respective obligations under the Agreement.

WHEREFORE, Movants request that this Court enter an order granting the relief requested herein and such other and further relief as is just and proper.

Dated: June 16, 2005.

Greene & Markley, P.C.


By_____
David A. Foraker, OSB #81228
Attorneys for Future Claimants
Representative


Sussman Shank LLP


By_____
Howard M. Levine, OSB #80073
Attorneys for Debtor in Possession


Tonkon Torp LLP


By_____
Albert N. Kennedy, OSB #82142
Attorneys for Tort Claimants Committee

**Page 8 of 8 -**   JOINT MOTION FOR ORDER APPROVING AGREEMENT REGARDING
CLASS ACTION STRUCTURE

\5753\p Joint Mtn for Order re Class Action.wpd

GREENE & MARKLEY, P.C.
Attorneys at Law
1515 S.W. Fifth Avenue, Suite 600
Portland, Oregon 97201
Telephone (503) 295-2668

## AGREEMENT REGARDING CLASS ACTION STRUCTURE

This Agreement Regarding Class Action Structure (this "Agreement"), dated as of June 15, 2005, is made by and among the Roman Catholic Archbishop of Portland in Oregon, and successors, a corporation sole (the "Debtor"); the Tort Claimants Committee in the Chapter 11 case concerning the Debtor (the "Tort Claimants Committee"); David A. Foraker, the Future Claimants Representative in the Chapter 11 case concerning the Debtor (the "FCR"); the Committee of Catholic Parishes, Parishioners and Interested Parties in the Archdiocese of Portland in Oregon (the "Committee of Parishioners"); the Central Catholic High School Alumni Association; the Central Catholic High School Parents Association (together with the Central Catholic High School Alumni Association, the "Central Catholic Associations"); Friends of Regis High School (the "Regis Association"); and the Marist High School Parent and Alumni Service Club (the "Marist Association").

## RECITALS

A.    On July 6, 2004, the Debtor filed its petition under Chapter 11 of the United States Bankruptcy Code, 11 USC §§ 101 et. seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Oregon (the "Bankruptcy Court"). The Debtor continues to manage its affairs as debtor in possession in the Chapter 11 case pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 case. The Tort Claimants Committee was appointed by the United States trustee as a statutory committee under section 1102 of the Bankruptcy Code to represent the interests of holders of tort claims against the Debtor. The FCR was appointed by the Bankruptcy Court to represent the interests of "Future Claimants" (as defined in Bankruptcy Court's December 20, 2004, Order Appointing Future Claimants Representative).

B.    On August 11, 2004, the Tort Claimants Committee commenced Adversary Proceeding No. 04-3292-elp (the "TCC Proceeding"), seeking a judgment determining that "Disputed Property," as identified in the Complaint filed in the TCC Proceeding, is part of the Debtor's bankruptcy estate free of the interests of any other entity. The Tort Claimants Committee has sought leave from the Bankruptcy Court to file an amended complaint in the TCC Proceeding to, among other things, (i) obtain certification pursuant to Rule 7023 of the Federal Rules of Bankruptcy Procedure of a class consisting of "all parishioners, donors, students, alumni, parents and interested parties who contend that they have an equitable or beneficial interest in the Disputed Property [as such term is defined therein]" and (ii) join additional defendants. The Debtor and the Committee of Parishioners objected to the Tort Claimants Committee's proposed class structure and, at the Bankruptcy Court's direction, jointly submitted a proposed class structure for the organization and representation of the Parishes (as defined in Section 1.01(a) below) and

Page 1 - Agreement                                                    \5753\PA051600.080.DOC

parishioners in relation to matters at issue in the TCC Proceeding.

C.     The parties hereto desire to (i) resolve among themselves, in a manner satisfactory to the Bankruptcy Court, issues and disputes concerning the persons to be joined as defendants in the TCC Proceeding and with regard to a class of defendants to be certified in the TCC Proceeding and (ii) provide the means for maintaining the TCC Proceeding as a class action.

## AGREEMENT

In consideration of the foregoing premises and the mutual covenants and agreements contained herein, the parties hereto agree as follows:

**1.     Structure for Representation of Parishes, Parishioners, Schools and Others.**

**1.01     Generally.** Upon the terms and subject to the conditions of this Agreement, the parties hereto will make best efforts to:

(a)     Obtain an order in the TCC Proceeding certifying as one class of defendants (the "Class") two subclasses as follows:

(i) "Subclass One" consisting of all parishes, including without limitation, their schools and missions now or hereafter located in the territory of the Debtor (collectively, the "Parishes") other than Parishes that from time to time are specifically named as defendants or intervenors; and

(ii) "Subclass Two" consisting of: (A) each person who is, or at any time has been or hereafter is a Roman Catholic parishioner in the territory of the Debtor (each a "Parishioner"); (B) each person or entity that has at any time made, or hereafter makes, gifts, donations, tithes or other contributions of money or other property (whether in the form of general offerings as part of Mass, special offerings, endowments, contributions or otherwise) to or for the benefit of any Parish or any "Disputed Property" (as such property is defined in the June 2, 2005 draft of the proposed First Amended Complaint) in which any Parish claims any interest ("Parish Property"); and (C) each person or entity alleging an interest in respect of Parish Property (including, without limitation, an interest as a settlor, administrator or beneficiary of trusts in respect of Parish Property). Subclass Two specifically does not include: (aa) any person or entity to the extent they allege claims or interests in or to Disputed Property of Central Catholic High School, Regis High School or Marist High School; (bb) any person or entity that from time to time is specifically named as a defendant or intervenor; or (cc) any person or entity holding a specific lien of record in relation to Disputed Property. Nothing in this Agreement prohibits the Class Representatives from asserting defenses or claims on behalf of the Class or Subclasses in

Page 2 - Agreement

the TCC Proceeding.

(b)    Obtain an order in the TCC Proceeding appointing Perkins Coie LLP as class counsel to the Class.

(c)    Obtain an order in the Debtor's main bankruptcy approving this Agreement.

**1.02    Class Representatives.**

(a)    **Appointment.** The Committee of Parishioners will, from time to time as necessary, use best efforts to find entities that, in each case, are qualified and willing to serve as representatives (each a "Class Representative" and collectively the "Class Representatives") for Subclass One and Subclass Two, as each of them may be altered or amended from time to time by the Bankruptcy Court. The Committee of Parishioners represents that, to the best of its knowledge, and contingent upon the satisfactory resolution of the conditions and provisions set forth in this Agreement, (i) **[redacted]** Church, as represented by its pastor, **[redacted]**, **[redacted]** Church, represented by its pastor, **[redacted]**, and **[redacted]** Church as represented by its pastor, **[redacted]** are qualified and willing to be appointed as Class Representatives for Subclass One and (ii) **[redacted]**, **[redacted]**, and **[redacted]**, each of whom is a parishioner and donor, are qualified and willing to be appointed as Class Representatives for Subclass Two. The identification of the individuals listed above and their willingness to serve is contingent upon, and is not to be regarded as an undertaking absent, the entry of a final, nonappealable order granting the Class Representatives the rights and protections set forth in this Agreement, particularly those material rights and protections set forth in this Section 1.

(b)    **Limitation of Liability.** The parties hereto will, to the extent permissible under applicable law and consistent with public policy, make best efforts to obtain an order in the TCC Proceeding that would grant the rights and protections set forth in clauses (i) and (ii) below to each of the Class Representatives:

(i) No Class Representative shall have or incur any liability to any member of the Class for any action taken or omitted to be taken in serving as a Class Representative except for liability for claims, losses and damages resulting from willful misconduct or gross negligence and, in all respects, each Class Representative shall be entitled to rely upon the advice of counsel with respect to such person's duties and responsibilities with respect to the Class or Subclass represented by such person.

(ii)    No Class Representative shall have or incur any liability with regard to expenses, legal or otherwise, arising out of or relating to the Class representation in the TCC Proceeding.

Page 3 - Agreement                                          \5753\PA051600.080.DOC

**(c)     Indemnification by Debtor.** In accordance with separately executed Indemnification Agreements, the Debtor and its estate shall indemnify and hold harmless each Class Representative from and against, and reimburse each Class Representative with respect to, any and all demands, claims, losses, damages, liabilities, costs and expenses, including reasonable attorney's fees, incurred by reason of or arising out of or in connection with actions taken or omitted to be taken in serving as a Class Representative (collectively, the "Class Representatives' Liability"); provided, however, that neither the Debtor nor the estate shall be liable or responsible for any Class Representatives' Liability that results from willful misconduct or gross negligence; provided, further, that the maximum amount of the liability of the Debtor and its estate for indemnification to all Class Representatives is One Million Dollars ($1,000,000.00) in the aggregate. The form of the Indemnification Agreements shall be acceptable to the Debtor, the Tort Claimants Committee, the FCR, and the Class Representatives.

**(d)     Insurance.** The Debtor may purchase liability insurance providing coverage for the Class Representatives' Liability; provided, however, that absent further order of the Bankruptcy Court, the maximum amount of the liability of the Debtor and its estate for funding premiums for such insurance shall be Twenty-Five Thousand Dollars ($25,000.00) or such greater amount as may be agreed to by the Debtor, the Tort Claimants Committee and the FCR.

**(e)     Funding of Expenses.** All costs and expenses (including, but not limited to, fees and expenses of attorneys and experts) reasonably and necessarily incurred by (i) the Committee of Parishioners through the date on which the Class is certified and (ii) the Class Representatives in representing the Class shall be paid by the Debtor as administrative expenses allowable under section 503(b) of the Bankruptcy Code. By way of clarification, among the expenses of the Committee of Parishioners that are eligible for payment under this Section 1.02(e) are the legal expenses incurred to date by the Committee of Parishioners to Perkins Coie LLP (including those relating to the formation of the Committee of Parishioners and for representation of the Committee of Parishioners in the Debtor's main bankruptcy case) after giving effect to all discounts and write-offs agreed to to date by Perkins Coie LLP. Upon entry of an order certifying the Class and approving this Agreement, the Committee of Parishioners may use all funds collected from Parishes pursuant to the Amended and Restated Formation Agreement of the Committee of Catholic Parishes, Parishioners and Interested Parties in the Archdiocese of Portland in Oregon (the "Formation Agreement") to pay legal expenses incurred to such date by it to Perkins Coie LLP. Such payments made to Perkins Coie LLP will be subject to subsequent Bankruptcy Court approval and adjustment, if appropriate. All other such costs and expenses shall be subject to the Bankruptcy Court's approval in accordance with the procedures that would apply if the Committee of Parishioners and the Class Representatives were official committees appointed under section 1102 of the Bankruptcy Code. Similarly, Perkins Coie LLP, and all other professionals that are retained by the Class Representatives with Bankruptcy Court approval, shall file fee applications with the Bankruptcy Court and be entitled to receive payment on a monthly

Page 4 - Agreement

\5753\PA051600.080.DOC

basis in the same manner as other professionals that are employed at the expense of the Debtor's estate.

**(f)  Reimbursement of Expenses.** The Committee of Parishioners agrees to reimburse the Debtor for all amounts that are paid by the Debtor or its estate in respect of costs and expenses incurred by it or the Class Representatives, including expenses of professionals for the Class, to the extent the Committee of Parishioners (directly or through its affiliates) receives contributions from Parishes pursuant to the Formation Agreement. The Committee of Parishioners will use reasonable efforts to collect from its member Parishes contributions totaling no less than Fifty Thousand Dollars ($50,000.00) per month consistent with the Formation Agreement.

**1.03  Funding of Central Catholic Associations' Expenses.** The parties hereto agree that all costs and expenses (including, but not limited to, fees and expenses of attorneys and experts) that are reasonably and necessarily incurred by the Central Catholic Associations in connection with the TCC Proceeding may be paid from funds held by Central Catholic High School. All such costs and expenses shall be subject to the Bankruptcy Court's approval in accordance with the procedures that would apply if the Central Catholic Associations were official committees appointed under section 1102 of the Bankruptcy Code. Similarly, Ball Janik LLP, and all other professionals that are retained by the Central Catholic Associations with Bankruptcy Court approval, shall file fee applications with the Bankruptcy Court. The Central Catholic Associations agree to comply with such procedures without prejudice to their position that Central Catholic High School funds are not property of the Debtor.

**1.04  Funding of Regis Association's Expenses.** The parties hereto agree that all costs and expenses (including, but not limited to, fees and expenses of attorneys and experts) that are reasonably and necessarily incurred by the Regis Association in connection with the TCC Proceeding may be paid from funds held by Regis High School. All such costs and expenses shall be subject to the Bankruptcy Court's approval in accordance with the procedures that would apply if the Regis Association were an official committee appointed under section 1102 of the Bankruptcy Code. Similarly, Ball Janik LLP, and all other professionals that are retained by the Regis Association with Bankruptcy Court approval, shall file fee applications with the Bankruptcy Court. The Regis Association agrees to comply with such procedures without prejudice to its position that Regis High School funds are not property of the Debtor.

**1.05  Necessary Parties.** The parties to the Agreement stipulate and agree that they will not assert that the Amended Complaint filed by the Tort Claimants Committee fails to name necessary parties.

**2.  Funding of Class Action Expenses.** Except as otherwise provided in Section 1

Page 5 - Agreement

\5753\PA051600.080.DOC

above, or as otherwise provided by law, each of the defendants and intervenors in the TCC Proceeding shall bear his, her or its own costs and expenses incurred in connection therewith or otherwise.

**3.** **Grant of Avoiding Powers to Tort Claimants Committee.** The Debtor hereby grants to the Tort Claimants Committee derivative standing to assert with regard to the Disputed Property, the Debtor's rights and powers, as debtor in possession, under section 544(a)(3) of the Bankruptcy Code.

**4.** **Authority of the Parties.** Each party hereto represents and warrants to the others that: (a) such party has been properly authorized to execute and deliver this Agreement; (b) subject to Bankruptcy Court approval, this Agreement is a valid and binding obligation of such party, enforceable according to its terms; and (c) neither the execution and delivery of this Agreement, nor the taking of any action in compliance with it, will violate or breach any law, regulation, rule, order or judicial action binding on such party, or any agreement to which such party is bound.

**5.** **No Admissions.** If this Agreement is not approved by the Bankruptcy Court, the rights, positions, claims and defenses of all parties hereto are and will be reserved in full. All concessions reflected herein are made for purposes of this Agreement only, and no party shall otherwise be bound or deemed prejudiced by any such concession.

**6.** **Reservation of Rights.** References in this Agreement to parishes, schools or missions are made solely for purposes of convenience and clarity in description, and no such reference or anything else in this Agreement is intended to or shall be deemed to limit the right of any party to make any argument, assert any claim, or interpose any defense with regard to the legal, civil, canonical, or other structure, identity, composition, or component, or the rights of or affecting the Debtor, a Parish or any other public juridic person, or all of them, or any and all schools or missions.

**7.** **Governing Law.** Except to the extent that federal law applies, this Agreement will be governed by, and construed and enforced with accordance with, the laws of the state of Oregon without regard to choice of law rules.

**8.** **Venue.** Any legal action or proceeding relating to this Agreement shall be brought in the Bankruptcy Court, which shall have exclusive jurisdiction over all such matters; provided, however, that if the Bankruptcy Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising out of this Agreement, such abstention, refusal or failure of exercise shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

\5753\PA051600.080.DOC

**9.    Amendment and Waiver.** No amendment or waiver of any provision of this Agreement shall be effective unless in writing signed by the party against whom enforcement is sought.

**10.    Successors and Assigns.** This Agreement shall be binding on and inure to the benefit of the parties and their respective successors.

**11.    Further Assurances.** Each party hereto shall, from time to time and at any time, take and forbear from any and all actions as another party may reasonably require to fully effectuate the purposes and intent of this Agreement.

**12.    Severability.** If any immaterial term or provision of this Agreement is held invalid, illegal or unenforceable, the validity of all other terms and provisions shall in no way be affected. If feasible, any such offending provision shall be deemed to be modified within the limits of enforceability or validity.

**13.    Construction.** No provision of this Agreement shall be construed more strongly for or against any party based upon the source of the draftsmanship.

**14.    Counterparts.** This Agreement may be executed in multiple counterpart copies, each of which shall be deemed an original and all of which taken together shall constitute one and the same document, with the same effect as if all parties hereto had signed the same original document. Facsimile transmission of a signed signature page of this Agreement shall be the same as delivery of a signed counterpart.

**15.    Entire Agreement.** This Agreement (i) embodies the entire agreement of the parties with respect to the subject matter, (ii) supersedes all prior communications, representations, understandings, negotiations or agreements (oral or written) relating to the subject matter and (iii) may not be contradicted, amended, modified or supplemented by parol evidence.

**16.    Effectiveness.** This Agreement will become effective if and only if it is approved by the Bankruptcy Court pursuant to an order that is not stayed and subject to appeal.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the date indicated in the Preamble.

Roman Catholic Archbishop of Portland in Oregon, and successors, a corporation sole

By_____
    Paulette Furness
    Its Director of Business Affairs

Tort Claimants Committee

By_____
    Donn Christiansen
    Its Chair

Future Claims Representative

_____
David A. Foraker, as
Future Claimants Representative

Committee of Catholic Parishes, Parishioners and Interested Parties in the Archdiocese of Portland in Oregon

By_____
    Its Designated Representative

Page 8 - Agreement

\5753\PA051600.080.DOC

Central Catholic High School Alumni
Association


By_____
    Its Duly Authorized Representative


Central Catholic High School Parents
Association


By_____
    Its Duly Authorized Representative


Friends of Regis High School


By_____
    Its Duly Authorized Representative


Marist High School Parent and Alumni
Service Club


By_____
    Its Duly Authorized Representative


Page 9 - Agreement

\5753\PA051600.080.DOC

<u>CERTIFICATE OF SERVICE</u>

I certify that on June 16, 2005, I served **by first class mail,** a full and correct copy of the foregoing **JOINT MOTION FOR ORDER APPROVING AGREEMENT REGARDING CLASS ACTION STRUCTURE,** and proposed order thereon to the interested parties of record, addressed as follows:

**SEE ATTACHED LIST OF INTERESTED PARTIES**

Dated:        June 16, 2005

Thomas W. Stilley, OSB No. 88316
Howard M. Levine, OSB No. 80073
Susan S. Ford, OSB No. 84220
William N. Stiles, OSB No. 65123

Page 1 - CERTIFICATE OF SERVICE

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

Pamela Griffith
U.S. Trustee's Office
620 SW Main Street, Rm. 213
Portland, OR 97205

Tort Claimants Committee
Albert N. Kennedy
Tonkon Torp LLP
Suite 1600, 888 SW 5th Ave.
Portland, OR 97204

Mr. Donn Christiansen
c/o Michael Morey P.C.
8 N. State Street, Suite 301
Lake Oswego, OR 97034

Catherine Travis
Lane Powell Spears Lubersky LLP
Suite 2100, 601 SW Second Ave
Portland, OR 97204-3158

Steven M. Hedberg
Douglas R. Pahl
Perkins Coie
1120 NW Couch Street, 10th Floor
Portland, OR 97209

Thomas W. Stilley
Sussman Shank LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205

Holy Family Catholic Church
3732 SE Knapp
Portland, OR 97202

Cameo Garrett
4875 Harnden Road
Cashmere, WA 98815

Oregon Education Technology
Consortium
8995 SW Miley Rd., #101
Wilsonville, OR 97070

Thomas Sand
Jerry B. Hodson
Miller Nash LLP
Suite 3500, 111 SW 5th Ave.
Portland, OR 97204

Tom Dulcich
Margaret Hoffman
Schwabe Williamson & Wyatt PC
1211 SW 5th Ave.
Portland, OR 97204

Jeffrey Werstler
IRS1220 SW Third Avenue
MS-0240
Portland, OR 97204

Phoebe Joan O'Neill
1500 SW Fifth Avenue
Unit 703
Portland, OR 97201

ACE Property & Casualty Insurance Company
c/o Joseph A. Field
Field & Associates
610 SW Alder St, Suite 910
Portland, OR 97205

Michael S. Morey
8 N. State Street
Suite 301
Lake Oswego, OR 97034

Peter C. McKittrick
Farleigh Wada & Witt PC
Suite 600
121 SW Morrison St.
Portland, OR 97204

Linda Boyle
Time Warner Telecom, Inc.
10475 Park Meadows Drive, #400
Littleton, CO 80124

Jonathan E. Cohen
PMB 315
6663 SW Beaverton Hillsdale Highway
Portland, OR 97225-1403

Steven C. Berman
Stoll Stoll Berne Lokting & Shlachter
209 SW Oak Street, Suite 500
Portland, OR 97204

Robert J. Vanden Bos
Vanden Bos & Chapman
Suite 520
319 SW Washington St.
Portland, OR 97204

Jame A. Hayes Jr.
Cummins & White LLP
2424 SE Bristol Street, Suite 300
Newport Beach, CA 92660

General Insurance Company
John A. Bennett
Bullivant Houser Bailey, A Professional
Corporation
Suite 300, 888 SW 5th Ave.
Portland, OR 97204

Robert Millner
Kevin P. Kamraczewski
Sonnenschein, Nath & Rosenthal
8000 Sears Tower
Chicago, IL 60606

Paul E. DuFresne
5135 SW 85th Avenue
Portland, OR 97225

David A Foraker, Future Claimants
Representative
Greene & Markley, PC
Suite 600, 1515 SW 5th Ave.
Portland, OR 97201

L. Martin Nussbaum
Rothgerber Johnson & Lyons LLP
Wells Fargo Tower, Suite 1100
90 South Cascade Avenue
Colorado Springs, CO 80903

Kelly W.G. Clark
Attorney at Law
1706 NW Glisan, Suite 6
Portland, OR 97209

Neil T. Jorgenson
Attorney at Law
520 SW Sixth Avenue, Suite 820
Portland, OR 97204

Karl Mullen
Mullen Law Firm, P.C.
8225 SW Fairway Drive, Suite 100
Portland, OR 97225

Eric J. Neiman
Heather J. Van Meter
Williams Kastner & Gibbs, PLLC
888 SW Fifth Avenue, Suite 600
Portland, OR 97204

Margaret M. Anderson
Patrick M. Jones
Lord, Bissell & Brook LLP
115 South LaSalle Street
Chicago, IL 60603

Marilyn Podemski
2477 SW Arden Road
Portland, OR 97201

Gary Bisaccio
2125 SW 4th Avenue
Portland, OR 97201

Dana Shelton, Recovery Specialist
Recovery Department
NOVA Information Systems, Inc.
7300 Chapman Highway
Knoxville, TN 37920

David Slader
David Slader Trial Lawyers P.C.
806 SW Broadway, Suite 400
Portland, OR 97205

Timothy J. McNamara
Craig A. Ryan
OneBane Law Firm
1200 Camellia Boulevard, Suite 300
PO Box 3507
Lafayette, LA 70502-3507

Wilson C. Muhlheim
Muhlheim Boyd & Carroll
88 East Broadway
Eugene, OR 97401

Thomas W. Brown
Cosgrave Vergeer Kester LLP
805 SW Broadway, 8th Floor
Portland, OR 97205

Richard C. Josephson
Stephen A. Redshaw
Stoel Rives LLP
Suite 2600, 900 SW 5th Ave.
Portland, OR 97204

Richard Anderson
Anderson & Monson
Park Plaza West, Suite 460
10700 SW Beaverton-Hillsdale Hwy.
Beaverton, OR 97005

William Tharp
Fred C. Ruby
Department of Justice
1162 Court Street NE
Salem, OR 97301

Brad T. Summers
Daniel R. Webert
Ball Janik LLP
Suite 1100, 101 SW Main St.
Portland, OR 97204

James M. Altieri, William T. Corbett Jr.
Robert K. Malone, Michael P. Pompeo
Drinker Biddle & Reath LLP
500 Campus Drive
Florham Park, NJ 07932-1047

Bradley S. Copeland
Loren S. Scott
Arnold Gallagher, et al.
PO Box 1758
Eugene, OR 97440-1758

Scott L. Jensen
Brownstein Rask et al.
1200 SW Main Building
Portland, OR 97205

David B. Levant
Stoel Rives, LLP
600 University Street, Suite 3600
Seattle, WA 98101

Karen Belair
Law Department
Union Pacific Railroad
1400 Douglas Street, MC 1580
Omaha, NE 68179-1580

Erin K. Olson
806 SW Broadway
Suite 800
Portland, OR 97205

James B. Davidson
Daniel P. Larsen
Ater Wynne LLP
Suite 1800, 222 SW Columbia St.
Portland, OR 97201

Michael J. Farrell
Martin Bischoff, et al.
888 SW Fifth Avenue, Suite 900
Portland, OR 97204

Paulette Furness
Director of Business Affairs
Archdiocese of Portland in Oregon
2838 East Burnside
Portland, OR 97214