**Below is an Opinion of the Court.**

_____
ELIZABETH PERRIS
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>ROMAN CATHOLIC ARCHBISHOP OF<br>PORTLAND IN OREGON, AND SUCCESSORS,<br>A CORPORATION SOLE, dba the<br>ARCHDIOCESE OF PORTLAND IN OREGON,<br><br>Debtor. | Bankruptcy Case<br>No. 04-37154-elp11<br><br>MEMORANDUM OPINION<br>(Motions for Relief from Stay,<br>Remand, and Abstention) |

The issue before the court is whether to allow more than 100 tort claimants in this Chapter 11 case to proceed in state court to liquidate their claims for distribution purposes. The claimants have filed motions for relief from stay in the main bankruptcy case and motions to remand and/or abstain in the tort claim adversary proceedings. For the reasons set forth below, the motions for relief from stay and to remand/abstain of the claimants who seek only compensatory damages[1] (or who agree to

---

[1] Relief from stay, if granted, will be limited to prosecuting claims for compensatory damages. Any claimant who wants to amend his or her state court action to add a claim for punitive damages will be included in the group of claims retained for trial in the United States District Court.

Page 1 - MEMORANDUM OPINION

limit their damages claim to compensatory damages) will be granted. Subject to relief from stay to allow debtor to be added to lawsuits commenced postpetition so that debtor can remove the lawsuits to federal court, the motions of the claimants who seek punitive as well as compensatory damages will be denied. This will allow all punitive damage claims to be handled in a single forum, the United States District Court for the District of Oregon, and will provide consistency in the handling of the issues of debtor's net worth and financial condition, which are pertinent to the amount of punitive damages, if any.

## BACKGROUND

Debtor filed this Chapter 11 case on July 6, 2004 because, according to Archbishop Vlazny, "[f]iling for bankruptcy offers the best possibility for the Archdiocese to resolve fairly *all* pending [tort] claims, to manage a difficult financial situation and to preserve the ability of the Archdiocese to fulfill its mission." Disclosure Statement Regarding Debtor's Plan of Reorganization at 8, filed November 15, 2005 (emphasis in original).

In the approximately 18 months since this case was filed, a number of steps have been taken to accomplish that objective. A claims bar date was established and resulted in approximately 200[2] sex abuse claims being filed. A future claimants representative was appointed. Debtor removed approximately 60 sex abuse claims from state court to federal court. Many of the claimants responded by filing motions to remand and/or abstain. At the request of debtor, and with the cooperation of many of

---

[2] This number is based on the representation in Debtor's Disclosure Statement at 9.

Page 2 - MEMORANDUM OPINION

the tort claimants, processing of the remand/abstention motions was held in abeyance and the discovery and litigation efforts were focused on a large scale mediation of claims, which occurred in August and September, 2005.

Relatively few of the mediated claims settled, and the tort claimants requested that their remand/abstention motions be decided. Many of the tort claimants filed motions for relief from stay so that they could proceed to liquidate their claims in state court. The motions before the court have been filed by 111[3] of the tort claims and fall into four factual patterns:

    (1) Claimants with pending state court claims that were removed by debtor.

    (2) Claimants with pending state court claims that were removed by the claimants.

    (3) Claimants who have filed proofs of claim and who, postpetition, filed state court claims against third parties arising from the same conduct that is the subject of the proof of claim.

    (4) Claimants who have filed proofs of claim and who have never filed a state court action against debtor or any third party for the conduct giving rise to their claim.

According to debtor's analysis, after eliminating claims that have been disallowed or settled, there are 58 tort claims in which the claimants do not seek remand, abstention or relief from stay.

All parties acknowledge that the claims at issue are "personal injury tort" claims as that term is used in 28 U.S.C. 11 U.S.C. § 157. Thus, this court cannot liquidate the claims at issue for purposes of distribution, and the claimants' rights to jury trial are preserved in

---

[3] This number comes from Debtor's Opposition to Motions for Remand, Abstention and Relief from Automatic Stay at 1:19, filed November 30, 2005.

Page 3 - MEMORANDUM OPINION

connection with the liquidation of their claims for distribution purposes. 28 U.S.C. § 157(b)(2), (5).

The moving parties contend that the motions should be granted because (1) the claims need to be resolved through jury trials, (2) the claims at issue arise under state law and many involve non-debtor defendants, (3) the filing of this bankruptcy case was an effort by debtor to engage in forum shopping, and (4) it will be quicker and less expensive to conduct the trials in state court than in the federal district court, which is the only alternative forum.

Debtor explains its position as follows:

> Notwithstanding that these claims involve many state law issues, there are "core" issues regarding the property of the estate, i.e. the "net worth" of this Debtor, that are within the original and exclusive jurisdiction of this Court and cannot, as a matter of law, be litigated in state courts via claims for punitive damages as Movants request. Only this Court can determine that question, and until that question is finally answered, no one can know whether any amount is available to pay any claims for punitive damages.
>
> Again, 58 claims are not subject to these Motions and will remain in federal court for resolution. Splitting jurisdiction will result only in inefficiency, a substantial risk of inconsistent and uncoordinated trial court decisions, multiple appeal routes and a gross waste of the resources that may ultimately be necessary to pay these claims. Consistent pre-trial management of the claims will be impossible if the claims are tried in multiple forums. All pending claims against the Debtor <u>can</u> be liquidated in a single federal forum, whereas all cannot be liquidated in a single state forum. Granting the requested relief would undermine the federal statutory scheme, the purpose of which is to provide for the orderly and efficient administration of the estate under 28 U.S.C. § 157 with respect to "personal injury tort claims."

Debtor's Opposition to Motions for Remand, Abstention and Relief from Automatic Stay at 2:13 - 3:9 (emphasis in original).

### DISCUSSION

This case has been a tug-of-war between extreme positions. Despite

Page 4 - MEMORANDUM OPINION

its claims that it wants to fairly compensate the victims of child sex abuse by priests, debtor has been adamant that canon law controls ownership of assets, so that the pool of assets may be as limited as $19 million and the claimants should be willing to accept amounts that reflect the limited fund. On the other side are some of the claimants who assert individual claims for punitive damages in excess of $100 million in addition to multi-million dollar compensatory damage claims. Caught in the middle are the parishioners whose churches and schools are at risk in the battle, the recipients of debtor's charitable activities that may be curtailed if the battle is lost or by the cost of the battle itself, and the tort claimants with legitimate claims who seek an opportunity to establish what is just compensation and to be paid that amount, but whose trials and compensation are being delayed by the protracted battle.

Debtor filed this case in order to deal with the tort claims. All of the parties, at various times, have suggested that debtor has adequate resources to pay compensatory damages awarded to tort claimants whose claims are ultimately allowed, but there are numerous disputes with respect to the individual claims about liability, whether the claims are barred by the statute of limitations, and the amount of compensatory damages properly awardable to individual claimants.

In Chapter 11, claimants must receive at least as much as they would receive in a Chapter 7 bankruptcy, unless the creditor agrees to accept less. 11 U.S.C. § 1129(a)(7)(A). In Chapter 7 cases, nothing is paid on punitive damages claims unless other claims, including claims for compensatory damages, are paid in full. 11 U.S.C. § 726(a)(2) and (4).

Page 5 - MEMORANDUM OPINION

At my request, the parties briefed whether it would be possible to bifurcate the compensatory damage claims and have a separate collective trial on punitive damages. The parties have convinced me that this approach may not be legally possible.

Debtor argues that no claims should proceed to trial until the court resolves whether debtor's pending Plan of Reorganization will be confirmed. Although normally I would be tempted to accede to that request, the facts and history in this case compel a different outcome. The plan does nothing to establish the amount of the individual claims; under the plan, each claimant is entitled to have his or her claim liquidated in a jury trial in the United States District Court. Given that fact and given that, during the 18 months that this case has been pending, settlement efforts with respect to individual claims have been tried and have largely failed, it is time to move forward with the liquidation of the claims for distribution purposes. The lack of data about how much juries will actually award on the tort claims may be impeding the negotiation of a plan of reorganization. Trying a few of the claims will help solve that problem, and may cause some of the parties to reevaluate their positions.

The claimants must be given a jury trial in either state or federal district court if their claims are to be tried. All of the claims are based on state law. The liability and compensatory damages aspects of the individual claims are claimant-specific.

There are two aspects of the punitive damages claims that convince me that all claims involving punitive damages against debtor should be

Page 6 - MEMORANDUM OPINION

tried in one forum.[4]  First, there is a meaningful risk that, unless a single forum handles all the claims involving punitive damages in a coordinated manner, there may be multiple awards of such damages that total more than is necessary to accomplish the purposes of punitive damages.

> Punitive damages are allowed in Oregon to punish a willful, wanton or malicious wrongdoer and to deter that wrongdoer and others similarly situated from like conduct in the future.

State ex rel. Young v. Crookham, 290 Or. 61, 65, 618 P.2d 1268 (1980). Federal court is the only forum where all of the claims involving punitive damages can be tried, because no remand/abstention motions have been filed with respect to 58 of the claims and therefore those claims will remain in federal court.  Furthermore, if all the motions were granted, adversary proceedings would be remanded to the state circuit court in three different counties.

Second, one factor that is pertinent to the award and the amount of punitive damages is the defendant's net worth.  As debtor pointed out, factual information regarding its net worth involves an analysis of what is property of its bankruptcy estate which, in turn, involves federal law.[5]  I must note, however, that debtor has taken the position in its filed Plan of Reorganization that no punitive damages will be paid as

---

[4] The fact that claims with a punitive damages component are being retained in federal court does not mean that those claims should languish.  It simply means that they will be tried in a different forum.

[5] This court does not agree with debtor that the juries making punitive damage determinations would effectively determine what is property of the estate.  Nonetheless, in ruling upon evidentiary issues and possibly formulating pertinent jury instructions, the court will need to consider federal bankruptcy law.

Page 7 - MEMORANDUM OPINION

part of the plan.  If debtor prevails in that position, this court would reconsider its holding on these motions.

As to the claims that assert only compensatory damages, the advantages of the state court outweigh the debtor's arguments in favor of the federal forum.  While the parties debate whether state or the federal forum will provide faster trials, sending all the claims to one forum will result in a very substantial burden on the selected forum.  Dividing the burden between the two is likely to increase the speed of disposition in each forum, because there will be fewer claims.  I conclude that sending the claims asserting only compensatory damages to state court is likely to result in quicker trials or settlements of those claims than keeping them in federal court.  To the extent that the claims that are sent to state court involve pending lawsuits where there have already been pretrial rulings, or raise pretrial issues that have already been resolved by the state court in similar cases, the claims can be resolved more quickly and inexpensively.  State law and procedure does not afford the same expert discovery as does the federal system, which should reduce the cost and speed to trial.  At bottom, the resolution of most of these claims will be fact-driven.  Consequently, I am not convinced that there will be either a substantial savings or a risk of inconsistent decisions and extra appeals by not retaining all the claims in federal court.

Having now explained the background, arguments and the reasons for my decision in narrative form, I turn to the applicable law and cases with respect to abstention and remand.  The pertinent abstention statute, which is part of 28 U.S.C. § 1334(c), provides:

> (1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts

Page 8 - MEMORANDUM OPINION

> or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

The standard for determining when to remand a removed claim is found in 28 U.S.C. § 1452(b), which provides in part:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.

Because the analysis of discretionary abstention and remand are essentially the same, I will discuss them together after considering whether mandatory abstention has any application.

Counsel for some of the tort claimants argued that mandatory abstention applies to claims where lawsuits were filed postpetition against third parties, proofs of claim were filed against debtor in this court, and the claims and the lawsuits involve the same conduct. Mandatory abstention applies only if the claim is "related to a case under title 11 but [does] not aris[e] under title 11 or aris[e] in a case under title 11 . . . ." 28 U.S.C. § 1334(c)(2). Allowance and disallowance of claims is a proceeding arising in title 11. See 1 Lawrence P. King, Collier on Bankruptcy ¶ 3.01[4][c][iv] (15th ed. Rev. 2005). The fact that state law provides the basis for determining how much the claim is does not make the determination of a claim a "related to" proceeding. Claims allowance is an integral part of the bankruptcy

Page 9 - MEMORANDUM OPINION

process because it is central to determining who is entitled to share in distribution of the bankruptcy estate.

Turning now to discretionary abstention and remand, as the parties recognize, in the Ninth Circuit, abstention is not applicable once a proceeding is removed to federal court, because there is no pending state court proceeding. In re Lazar, 237 F.3d 967, 981 (9th Cir. 2001). The equitable factors that the court considers in determining whether to abstain on a discretionary basis are used in determining remand motions. In re Enron Corp., 296 B.R. 505, 508-509 (Bankr. C.D. Cal. 2003) (identifies 14 factors considered in deciding remand motion, 12 of which are the factors identified in In re Tucson Estates, Inc., 912 F.2d 1162, 1167 (9th Cir. 1990), as relevant to deciding discretionary abstention motions).

> The factors are (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

296 B.R. at 508 n.2.

I have already discussed factors 1, 2, 6 and 11. As to the other factors:

(3) Although claimants allude to difficult or unsettled law

Page 10 - MEMORANDUM OPINION

applicable to the claims, they do not identify any specific legal issues. Having presided over several hearings on the numerous claim objections filed by debtor, most issues appear to be factual rather than legal. This factor does not weigh in favor of remand/abstention.

(4) With respect to a number of the claims where litigation was not commenced prepetition, the claimant filed suit in state court against nondebtor parties postpetition but did not join the debtor as a party because of the automatic stay. As to those claims, this factor weighs in favor of remand/abstention.

(5) There is no federal jurisdictional basis other than 28 U.S.C. § 1334, but that is often true in claims disputes in bankruptcy cases. Liquidating these claims for purposes of distribution, although non-core, is central to the completion of administration of this case.

(7) Because these claims are personal injury tort claims, they are non-core when being liquidated for distribution purposes. This factor does not apply.

(8) It is feasible to segregate the liquidation and the enforcement of the claims, leaving the latter to the bankruptcy court.

(9) Retaining some of the claims in federal court will create a burden on the bankruptcy court's docket, because this court is handling the pretrial matters before the claims are sent to the district court for trial. But the burden is manageable. This factor does not weigh in favor of remand/abstention.

(10) Although claimants have provided evidence that debtor has a definite preference for federal court, this court is not prepared to conclude that debtor took the extreme step of filing Chapter 11 in order

Page 11 - MEMORANDUM OPINION

to forum shop.  The number and amount of the tort claims faced by debtor at the time it filed, coupled with the refusal of many of debtor's insurers to defend and/or indemnify, provide an ample basis for seeking relief in a forum where debtor could deal globally with all claims, rather than on a "race to the courthouse" basis.  This factor does not weigh in favor of remand/abstention.

(12) and (14)  Some of these claims involve third-party defendants. Several of the defendants have filed briefs in connection with these motions that indicate agreement with the position of debtor that the claims should remain in federal court.  The State of Oregon, which has 11th Amendment sovereign immunity rights, has agreed to waive those rights so long as the adversary proceedings involving claims against it are tried as to all parties and all claims in one jury trial.  The Franciscan Friars indicate that they are willing to have the claims against them remain in federal court or be remanded, as long as the claims against multiple defendants are prosecuted and tried in the same forum.  Given the positions of the non-debtor parties with regard to federal jurisdiction, it does not appear that retaining the removed proceedings involving punitive damages in federal court will prejudice third parties, and the existence of non-debtor parties should not be dispositive.[6]  Nonetheless, the fact that there are such parties weighs

---

[6] As discussed at oral argument, there are some claims with punitive damages where lawsuits were filed against third parties after debtor filed this bankruptcy case that involve the same conduct giving rise to claims in this bankruptcy.  Debtor suggested that such lawsuits could be removed to federal court if relief from stay was granted, debtor was added as a party defendant, and debtor then removed the lawsuit. Relief from stay will be granted for this limited purpose.

Page 12 - MEMORANDUM OPINION

in favor of remand with respect to the pertinent claims.

(13) Comity weighs in favor of remand, because these claims turn largely on state law. As I explained above, some of the factual issues pertinent to punitive damages will involve consideration of federal law.

## CONCLUSION

The motions of the claimants who seek only compensatory damages (or who agree to limit their damages claim to compensatory damages) for relief from stay and for remand will be granted. Relief from stay will be limited to liquidating the claims for distribution purposes. No judgment liens may be created on the estate's real property.

The motions of the claimants who also seek, or wish to amend to add, punitive damages will be denied with the following limited exception. Relief from stay will be granted to the claimants who filed postpetition state court lawsuits against third parties arising from the same conduct as gives rise to their claims in this bankruptcy case, for the limited purpose of allowing debtor to be added as a defendant in the state court lawsuit so that the debtor can remove the lawsuit. Counsel for the parties in the C.B. and J.D. adversary proceedings are directed to prepare pretrial orders. A status conference will be set to discuss what else needs to be done before this court recommends withdrawal of the reference by the district court for the purpose of trying those proceedings.

////
////
////
////

Counsel for the tort claimants shall submit appropriate orders. Orders granting or denying relief from stay shall be submitted in the main bankruptcy case. Orders granting or denying remand shall be submitted in the adversary proceedings. The orders submitted for the adversary proceedings should indicate that the reasons for the ruling are set out in this Memorandum Opinion, entered in the main bankruptcy case.

###

cc: Thomas W. Stilley
David L. Slater
Kelly Clark
Erin Olson
Peter C. McKittrick
Daniel J. Gatti
Michal S. Morey
Neil T. Jorgenson

Page 14 - MEMORANDUM OPINION