1   Thomas V. Dulcich, OSB #80210
    Margaret Hoffmann, OSB #90145
2   SCHWABE, WILLIAMSON & WYATT, P.C.
    Pacwest Center
3   1211 SW 5th Ave., Suite 1900
    Portland, OR  97204
4   Telephone 503.222.9981
    Fax 503.796.2900
5
        Special Counsel for Debtor and Debtor-In-Possession
6

7

8            IN THE UNITED STATES BANKRUPTCY COURT

9                 FOR THE DISTRICT OF OREGON

10  In re                                      Chapter 11

11  ROMAN CATHOLIC ARCHBISHOP OF              No. 04-37154-elp11
    PORTLAND IN OREGON, AND
12  SUCCESSORS, A CORPORATION
    SOLE, dba the ARCHDIOCESE OF              DEBTOR'S OPPOSITION TO
13  PORTLAND IN OREGON,                       OREGONIAN PUBLISHING
                                              COMPANY'S MOTION TO INTERVENE
14            Debtor.                          AND FOR ORDER ALLOWING PUBLIC
                                              ACCESS TO DOCUMENTS FILED
15                                            UNDER SEAL

16

17
    _____

18          The Roman Catholic Archbishop of Portland in Oregon, and successors, a

19  corporation sole, dba the Archdiocese of Portland in Oregon, the Debtor and Debtor-in-

20  Possession ("Debtor") submits this memorandum in response to the motion filed by non-

21  parties Oregonian Publishing Company and reporter Ashbel Green ("the Oregonian") to

22  intervene and obtain access to documents filed under seal.  (Docket Nos. 4848 and 4849.)

23          The Oregonian's motion constitutes an "end run" around a Protective Order

24  adopted by U.S. Bankruptcy Court Judge Elizabeth L. Perris on January 14, 2005.

25  (Docket No. 799, "Protective Order," attached as Ex AA.)  Judge Perris already has set a

26  briefing schedule and a hearing date on a motion with respect to that Protective Order.

Page 1 -     OPPOSITION TO OREGONIAN'S MOTION TO
             INTERVENE AND FOR ORDER ALLOWING PUBLIC
             ACCESS TO DOCUMENTS FILED UNDER SEAL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
503.222.9981

PDX/000500/075366/SK/1530824.1

1   (Docket No. 4912, "Amended Order Setting Schedule for Briefing and Hearing on

2   Debtor's Motion re Protective Order Dated January 14, 2005, attached as Exhibit BB).  In

3   view of that fact, the District Court should defer ruling on the pending motion until Judge

4   Perris has ruled, or simply deny the motion and allow Judge Perris to make a fully-

5   informed ruling on her own Protective Order.  If the pending motion is not deferred to

6   Judge Perris, good grounds exist to deny it.

7   **I.    The "Facts" Asserted in the Underlying Papers and the Documents
8   Sought Are Subject to Protective Order of Bankruptcy Court.**

9       As an initial matter, this Court should defer or deny the Oregonian's motion

10  because it seeks documents and papers with arguments based upon materials subject to an

11  existing Protective Order of Judge Perris dated January 14, 2005.  The Oregonian should

12  not ask this Court to interfere with a valid, pre-existing Protective Order of Judge Perris

13  in the Bankruptcy Court.  The issues raised should be resolved in the hearing already

14  scheduled before the Bankruptcy Court about that order.  A brief history of the protective

15  order and its current procedural posture is described below.

16      On January 14, 2005, following lengthy litigation in the Bankruptcy Court about

17  the scope of documents sought by various tort claimants, Judge Perris issued a Protective

18  Order governing confidential personnel documents produced by Debtor.  (Docket No.

19  799, Exhibit AA.)  That order prohibited disclosure of those documents and also allowed

20  Debtor to redact the names of any third-parties in documents relating to sexual abuse

21  allegations.  (*Id.* at p. 2.)  The order also established a procedure for parties seeking relief

22  from the order to ensure that notice and the opportunity for objection would be available

23  for both Debtor <u>and</u> any counsel representing individual clergy members.  (*Id.*)

24      Two years later, in 2007, certain tort claimants gave notice that they were

25  interested in removing documents from the protection of the order.  In response, Judge

26  Perris set a briefing schedule and hearing date to decide whether to remove some or all of

Page 2 -   OPPOSITION TO OREGONIAN'S MOTION TO
           INTERVENE AND FOR ORDER ALLOWING PUBLIC
           ACCESS TO DOCUMENTS FILED UNDER SEAL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
503.222.9981

1    the restrictions imposed by her January 14, 2005 protective order.  (Docket No. 4912,

2    "Amended Order Setting Schedule for Briefing and Hearing on Debtor's Motion re

3    Protective Order Dated January 14, 2005," attached as Ex BB.)  The briefing schedule

4    and hearing date set by Judge Perris of the Bankruptcy Court reflect an agreement of the

5    interested parties, and allow all interested parties—including tort claimants, Debtor, and

6    counsel for individual clergy—to participate in deciding the issues.  (*Id.*)

7         Many of sealed documents filed with this Court in relation to the estimation

8    proceeding are subject to the Protective Order that Judge Perris issued in the Bankruptcy

9    Court and will be evaluated in the upcoming hearing before Judge Perris after briefing by

10   all interested parties.  Certain "factual" arguments made in the papers filed in this Court

11   are purportedly based upon those documents under the Protective Order of Judge Perris.

12   The Oregonian should not be permitted to circumvent the Bankruptcy Court's order by

13   asking this District Court to release documents which are subject to that order,

14   particularly when a briefing schedule and hearing date already have been scheduled by

15   the Bankruptcy Court.

16        In addition to that fact, it also must be noted that the Oregonian's request affects

17   many parties, not just Debtor.  Most of those parties are not part of this estimation

18   proceeding and, indeed, do not even know if the sealed documents filed with this Court

19   involve them.  Many tort claimants asked to proceed with anonymity in filing claims by

20   identifying themselves only by initials, and procedures were adopted in the Bankruptcy

21   Court to ensure the confidentiality of those claimants.  The Protective Order of the

22   Bankruptcy Court also set up a procedure to ensure that all parties would have an

23   opportunity to make argument before any modification to the Protective Order would be

24   made.  This Court should ensure that all of those interested parties have the opportunity

25   to participate in the briefing and hearing on the Protective Order by deferring ruling, or

26

Page 3 -    OPPOSITION TO OREGONIAN'S MOTION TO
INTERVENE AND FOR ORDER ALLOWING PUBLIC
ACCESS TO DOCUMENTS FILED UNDER SEAL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
503.222.9981

PDX/000500/075366/SK/1530824.1

1    by denying the motion altogether, to allow Judge Perris to proceed with the briefing

2    schedule and hearing date that she already has scheduled on the Protective Order.

3    **II.    The Oregonian's Motion Is Moot.**

4        In addition to those considerations, this Court also should deny the Oregonian's

5    motion on the ground that it is moot. The Oregonian's motion seeks "an order allowing

6    public access to all documents on which the Court will make the estimation required by

7    Section 502(c) of the Bankruptcy Code, specifically including the written submissions on

8    punitive damages." (Docket 4848.) The premise of that motion is that this Court relied

9    on sealed documents in making its estimations. In fact, this Court estimated liability and

10   compensatory damages by written papers filed in open court or, for three of the claims,

11   by advisory proceedings conducted in open court. Although written submissions on

12   punitive damages were filed under seal, this Court ultimately made <u>no</u> punitive damages

13   estimations because it determined that no punitive damages were available on any of the

14   unresolved claims. In view of the fact that it seeks <u>only</u> documents on which this Court

15   made its estimations, and this Court made <u>no</u> punitive damages estimations, the

16   Oregonian's motion is moot and should be denied.

17       A brief review of the procedural history of the estimations proceedings provides

18   helpful background. In order to assess the adequacy of the cap for unresolved known tort

19   claims proposed in the Second Amended Joint Plan of Reorganization, the Bankruptcy

20   Court referred all unresolved tort claims to this Court for estimation. Pursuant to that

21   referral, and after receiving input from all interested parties, this Court established several

22   different estimation procedures to assess the value of the unresolved claims.

23       For claims which already had been disallowed or dismissed, this Court based its

24   estimation on written submissions. (Docket No. 4906, Order at p. 2.) For unresolved tort

25   claimants with potentially viable claims, this Court established an estimation procedure

26   (1) using advisory hearings to assist in estimating liability and compensatory damages,

OPPOSITION TO OREGONIAN'S MOTION TO
INTERVENE AND FOR ORDER ALLOWING PUBLIC
ACCESS TO DOCUMENTS FILED UNDER SEAL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
503.222.9981

PDX/000500/075366/SK/1530824.1

1  and (2) using written submissions to estimate punitive damages. (Docket No. 4721.) The

2  advisory estimation hearings were open to the public. (*Id.* at p. 1.) The written

3  submissions relating to punitive damages claims were filed under seal. (*Id.*)

4      Ultimately, this Court made three estimations using advisory hearings, with the

5  remainder of the estimations made on written submissions. This Court, however, made

6  <u>no</u> estimation for punitive damages for any claim. For those claims seeking punitive

7  damages which already were dismissed or denied, this Court did not reach the question of

8  punitive damages because it declined to disturb the prior court determinations which

9  found that the claims were not cognizable. (Docket No. 4906, Order at pp. 4-5.) For the

10  three claims estimated by the advisory jury proceeding, the Court did not reach the

11  question of punitive damages because it determined that two of the claims were not

12  legally viable, and that punitive damages were unavailable for the remaining claim. (*Id.*

13  at p. 14.) Thus, because this Court made no punitive damages estimation, and the

14  Oregonian seeks only documents on which this Court will make its estimations, the

15  Oregonian's motion is moot and should be denied.

16      **III.    Compelling Interests Weigh Against Release of Documents.**

17      In addition to the fact that the Oregonian's motion is moot and seeks materials

18  which will decided by an already-scheduled hearing before Judge Perris on her Protective

19  Order, good grounds exist to deny the Oregonian's motion. The Oregonian argues that a

20  presumption exists "in favor of public access to court records filed in bankruptcy cases."

21  (Docket No. 4849, "Memorandum in Support of Oregonian Publishing Company's

22  Motion to Intervene and for Order Allowing Public Access to Documents Filed Under

23  Seal," at p. 6 (quoting *In re Muma Services,* 279 B.R. 478, 484 (Bankr. D. Del. 2002)).)

24  As the Oregonian acknowledges, however, an exception to that presumption exists when

25  necessary to protect parties from the circulation of libelous and defamatory materials.

26  (*Id.*) That exception applies in this case.

OPPOSITION TO OREGONIAN'S MOTION TO
             INTERVENE AND FOR ORDER ALLOWING PUBLIC
             ACCESS TO DOCUMENTS FILED UNDER SEAL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
503.222.9981

PDX/000500/075366/SK/1530824.1

1    Section 107(a) of the Bankruptcy Code authorizes the sealing of materials filed in

2    bankruptcy cases in order to "protect a person with respect to scandalous or defamatory

3    matter contained in a paper filed in a case under this title." (*Id.* (quoting section 107(a)).)

4    The Ninth Circuit Court of Appeals also has identified "compelling reasons" to exist for

5    the sealing of court records when "court files might have become a vehicle for improper

6    purposes, such as the use of records to gratify private spite, promote public scandal,

7    circulate libelous statements, or release trade secrets." *Kamakana v. City and County of*

8    *Honolulu,* 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotation marks and citation

9    omitted). Those compelling interests weigh against the Oregonian's motion.

10    Many of the materials submitted to this Court for estimation purposes relate to

11    unsubstantiated accusations of clergy sexual abuse. No question exists that those

12    materials are defamatory and libelous. Indeed, the Oregonian itself recognizes the

13    extremely sensitive nature of sexual abuse allegations, as evidenced by its policy not to

14    publish the names of sexual abuse victims. (Ex. CC.) Although the Oregonian does not

15    apply that same policy to those accused of committing sexual abuse, the same

16    considerations apply. Being accused of sexual abuse—even if it is not proved—is

17    enough to ruin a reputation forever. Scandalous and defamatory material should continue

18    to be held under seal.

19    Other considerations also strongly weigh against disclosure. The tort claims

20    against Debtor have been highly publicized, and that publicity already has resulted in the

21    criminal assertion of fraudulent claims. For example, in *U.S. v. Thomas Edward Smolka,*

22    CR 04-323-BR (D. Or. 2004), the defendant used public materials to create a false claim

23    of child sex abuse by a deceased priest, and was able to convince noted plaintiffs'

24    attorney David L. Slader to take his case against the Archdiocese of Portland. (*See*

25    Exhibit DD.) In fact, if the United States Marshals had not arrested Smolka on an

26    unrelated charge, he very well could have successfully asserted a false claim to obtain

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
503.222.9981

1    money from the Archdiocese. (Ex DD.) The Oregonian itself is aware of this risk, as it

2    published several articles about the *Smolka* case. (Exs EE, FF, and GG.) The

3    Oregonian's motion should not be a vehicle to allow further false claims to be advanced.

4         This District Court also is aware from its estimation proceedings of numerous

5    claims filed by prisoners, most of which are of questionable validity. This Court is

6    further aware of the unfortunate predilection for litigation by persons incarcerated by

7    criminal activity, with time on their hands and knowledge of the court system. This

8    Court is familiar with the lack of concern about perjury or contempt charges by persons

9    already incarcerated for criminal misconduct. Making public the documents filed under

10   seal will only increase the burden on the court system of dealing with claims filed by

11   prisoners. Circulation of material about accused persons will only make it easier to assert

12   a fraudulent, invalid claim by providing more information on which to fabricate a claim.

13   That consideration strongly supports denial of the motion under Section 107(a).

14        Finally, many of the documents submitted to this Court for estimation purposes

15   also involve confidential information about individuals and their personal histories,

16   including individuals who have nothing to do with any abuse claims. Although many

17   documents have been redacted to protect the names of persons making abuse allegations,

18   many other documents have not been redacted or nevertheless contain identifying

19   information. The privacy considerations of these individuals is another strong reason

20   supporting the denial of the Oregonian's motion or, at minimum, supporting deferral of

21   any ruling on the motion until all affected and interested parties have the opportunity to

22   present argument to the U.S. Bankruptcy Court on the Protective Order.

23        **IV.    Conclusion**

24        This Court should defer ruling on the Oregonian's motion, or deny it altogether to

25   avoid disturbing the briefing schedule and hearing date scheduled by Judge Perris after

26   input from the interested parties. That briefing schedule and hearing date will allow all

Page 7 -        OPPOSITION TO OREGONIAN'S MOTION TO
                INTERVENE AND FOR ORDER ALLOWING PUBLIC
                ACCESS TO DOCUMENTS FILED UNDER SEAL
PDX/000500/075366/SK/1530824.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
503.222.9981

1    interested parties, many of whom are unable to participate in this proceeding, to have

2    their opportunity to be heard.  Alternatively, this Court should deny the Oregonian's

3    motion on the ground that it is moot or not well-taken.

4

5        Dated this 4th day of April, 2007.

6                                    Respectfully submitted,

7                                    SCHWABE, WILLIAMSON & WYATT, P.C.

8

9                        By:    /s/ Thomas V. Dulcich

10                               Thomas V. Dulcich, OSB #80210
                                 tdulcich@schwabe.com
11                               Margaret Hoffmann, OSB #90145
                                 mhoffmann@schwabe.com
12                               Facsimile: 503.796.2900
                                 Special Counsel for Debtor and Debtor-
13                               In-Possession

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 8 -     OPPOSITION TO OREGONIAN'S MOTION TO
             INTERVENE AND FOR ORDER ALLOWING PUBLIC
             ACCESS TO DOCUMENTS FILED UNDER SEAL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
503.222.9981

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 4th day of April, 2007, I served a true copy of the
foregoing DEBTOR'S OPPOSITION TO OREGONIAN PUBLISHING COMPANY'S
MOTION TO INTERVENE AND FOR ORDER ALLOWING PUBLIC ACCESS TO
DOCUMENTS FILED UNDER SEAL to the attached list of interested parties by
prepaid first-class mail or by ECF.

/s/ Thomas V. Dulcich
Thomas V. Dulcich

Karen Belair
Law Department
Union Pacific Railroad
1400 Douglas Street, MC 1580
Omaha, NE 68179-1580

Michael J. Farrell
John L. Langslet
Martin, Bishoff, Templeton,
Langslet & Hoffman, LLP
888 SW Fifth Ave., Ste. 900
Portland, Or 97204

Aaron Munter, Executive Director
Oregon Educational
Technology Consortium
8995 SW Miley Road, #101
Wilsonville, OR 97070

David Foraker
Greene & Markley, P.C.
1515 SW Fifth Ave., Ste. 600
Portland, OR 97201-5492

James B. Davidson
David P. Larsen
Ater Wynne, LLP
222 SW Columbia St., Ste. 1800
Portland, OR 97201

Steven M. Hedberg
Douglas R. Pahl
Perkins Coie
1120 NW Couch St., 10th Fl.
Portland, OR 97209

Thomas E. Cooney, Sr
Cooney & Crew LLP
4949 Meadows Road, Ste. 460
Lake Oswego, OR 97035

Brian Brosnahan, Esq.
Heller Ehrman
333 Bush St.
San Francisco, CA 94104-2878

Brad T. Summers
Daniel R. Webert
Ball Janik, LLP
101 SW Main St., Ste. 1100
Portland, OR 97204

Joseph D. McDonald
Smith & McDonald LLP
110 SW Sixth Ave., #1504
Portland, OR 97204

Fred C. Ruby
Department of Justice
1162 Court Street, NE
Salem, OR 97301-4096

Bradley S. Copeland
Loren S. Scott
Arnold Gallagher Saydack Percell
Roberts & Potter, P.C.
P.O. Box 1758
Eugene, OR 97440-1758

Paulette Furness
Director of Business Affairs
Archdiocese of Portland in Oregon
2838 East Burnside
Portland, OR 97214

Holy Family Catholic Church
3732 SE Knapp
Portland, OR 97202

William Tharp
Greener Banducci Shoemaker,
P.A.
815 W. Washington St.
Boise, ID 93702

William Savage, Esq.
Savage Bowersox Supperstein
620 SW Fifth Ave., #1125
Portland, OR 97204

James Altieri, William Corbett, Jr.
Robert K. Malone, Michael P. Pompeo
Drinker Biddle & Reath, LLP
500 Campus Dr.
Florham Park, NJ 07932-1047

Phoebe Joan O'Neill
1500 SW Fifth Ave., Unit 703
Portland, OR 97201

Timothy J. McNamara
Craig A. Ryan
Onebane Law Firm
102 Versailles Blvd., Ste. 600
Lafayette, LA 70502

General Insurance Company
c/o John Spencer Stewart, Esq.
Stewart Sokol & Gray, LLC
2300 SW 1st Ave., Ste. 200
Portland, OR 97201

Wilson C. Muhlheim
Muhlheim Boyd
88 East Broadway
Eugene, OR 97401

ACE Property & Casualty
c/o Joseph A. Field
Field & Associates
610 SW Alder St., Ste. 910
Portland, OR 97205

Kevin J. Kiely, Esq.
Cable Huston Benedict et al
1001 SW 5th Ave., #2000
Portland, OR 97204

Tim Smith, Esq.
Garvey Schubert Barer
121 SW Morrison St., #1100
Portland, OR 97204-3141

- CERTIFICATE OF SERVICE

SCHWABE WILLIAMSON WYATT
1211 SW FIFTH AVE
SUITES 1500-1900
PORTLAND, OR 97204

Services for All Generations, Inc.
Trinity Court, LLC
c/o Fr. M. Maslowsky, Member
3825 SE 80th Ave., #104
Portland, OR 97206

Daniel J. Gatti, Esq.
Gatti, Gatti, et al
1781 Liberty St., SE
Salem, OR 97302

N.C.C., *in pro per*
668 McVey Ave., #210
Lake Oswego, OR 97034

Michael Dwyer
215 SW Washington, Ste. 200
Portland, OR 97204

James E. Jacobson, Jr.
Stafford Partners
40 Lake Bellevue, #100
Bellevue, WA 98005

Ron Baskin, Esq.
Morgan, Lewis & Bockius LLP
101 Park Ave.
New York, NY 10178

Marilyn Podemski
2477 SW Arden Road
Portland, OR 97201

Bradley O. Baker, Esq.
15545 Village Park Court
Lake Oswego, OR 97034

James N. Westwood, Esq.
Stoel Rives LLP
900 SW 5th Ave., Ste. 2600
Portland, OR 97204

Jeffrey S. Lena
Law Office of Jeffrey S. Lena
1152 Keith Ave.
Berkeley, CA 94708-1607

Erin K. Olson
2905 NE Broadway St.
Portland, OR 97232-1760

Michael D. Prough
Brian E. Sims
Morison-Knox Holden, et al
500 Ygnacio Valley Rd., Ste. 450
Walnut Creek, CA 94596

David E. Prange, Esq.
111 SW 5th Ave., Ste. 2120
Portland, OR 97204

Albert N. Kennedy
Tonkon Torp LLP
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204-2099

Catherine Travis
Lane Powell Spears Lubersky LLP
601 SW 2nd Avenue, Suite 2100
Portland, OR 97204-3158

Thomas W. Stilley
Sussman Shank LLP
1000 S.W. Broadway, Suite 1400
Portland, OR 97205

Thomas C. Sand
James B. Hodson
Miller Nash LLP
111 SW 5th Avenue, Suite 3500
Portland, OR 97204

Jeffrey Werstler
Internal Revenue Service
Special Procedures Unit
1220 SW Third Avenue
Portland, OR 97204

Dana Shelton, Recovery Specialist
Recovery Department
NOVA Information Systems, Inc.
7300 Chapman Hwy
Knoxville, TN 37920

Scott Beckstead
P.O. Box 700
Waldport, OR 97394

Michael S. Morey
Lakeside Plaza
8 North State Street
Lake Oswego, OR 97034

Peter C. McKittrick
Farleigh, Wada & Witt, P.C.
121 SW Morrison St, Ste 600
Portland, OR 97204-3192

Linda Boyle
Time Warner Telecom, Inc.
10475 Park Meadows Drive, #400
Littleton, CO 80124

Steven C. Berman
Stoll Stoll Berne Lokting & Shlachter P
209 S.W. Oak Street, Fifth Floor
Portland, OR 97204

- CERTIFICATE OF SERVICE

**SCHWABE** WILLIAMSON WYATT
**1211** SW FIFTH AVE
**SUITES** 1500-1900
**PORTLAND,** OR 97204

Robert J. Vanden Bos
Vanden Bos & Chapman
319 S.W. Washington St, Suite 520
Portland, OR 97204

James A. Hayes Jr.
Cummins & White LLP
2424 SE Bristol St, Ste 300
Newport Beach, CA 92660

Kevin K. Strever
William A. Barton
Barton & Strever, PC
P.O. Box 870
Newport, OR 97365

Robert Millner
Kevin P. Kamraczewski
Sonnenschein, Nath & Rosenthal
8000 Sears Tower
Chicago, IL 60606

Paul E. DuFresne
5135 SW 85th Avenue
Beaverton, OR 97225

Pamela Griffith
U.S. Trustee's Office
620 SW Main Street, Rm. 213
Portland, OR 97205

L. Martin Nussbaum
Rothgerber Johnson & Lyons LLP
Wells Fargo Tower, Suite 1100
90 South Cascade Avenue
Colorado Springs, CO 80903

Neil T. Jorgenson
Attorney at Law
520 SW 6th Ave, Suite 820
Portland, OR 97204

Karl I. Mullen
Law Firm of Karl I. Mullen
8225 SW Fairway Drive, #100
Portland, OR 97225

Eric J. Neiman
Heather Van Meter
Williams Kastner & Gibbs, PLCC
888 SW 5th Ave, Ste 600
Portland, OR 97204-2025

Margaret M. Anderson
Patrick M. Jones
Lord, Bissell & Brock, LLP
115 South LaSalle Street
Chicago, IL 60603

Thomas w. Brown
Cosgrave Vergeer Kester, LLP
805 SW Broadway, 8th Floor
Portland, OR 97205

Scott L. Jensen
Brownstein Rask, et al
1200 S.W. Main Street
Portland, OR 97205-2040

Katherine K. Freberg, Esq.
Freberg & Associates
8001 Irvine Center Dr. #1070
Irvine, CA 92618

Richard C. Josephson
Stephen A. Redshaw
Stoel Rives LLP
900 SW 5th Ave, Ste 2600
Portland, OR 97204-1268

David Levant
Stoel Rives, LLP
One Union Square, Ste 3600
600 University Street
Seattle, WA 98101-3197

Gary A. Bisaccio
2125 SW 4th Ave, Ste 600
Portland, OR 97201

Richard Anderson
Anderson & Monson
Park Plaza West, Suite 460
10700 SW Beaverton-Hillsdale
Beaverton, OR 97005

Edwin A. Harnden
Todd A. Hanchett
Barren Liebman LLP
601 SW Second Avenue, Suite 2300
Portland, Oregon 97204

- CERTIFICATE OF SERVICE

SCHWABE WILLIAMSON WYATT
1211 SW FIFTH AVE
SUITES 1500-1900
PORTLAND, OR 97204